E. Evans Wohlforth, Jr., Esq.
Caroline E. Oks, Esq.
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102-5310
973-596-4500
*Attorneys for Defendant*
*Cigna Health and Life Insurance Company*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MARCO PALLAZI AND PIERANGELA BONELLI,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>CIGNA HEALTH AND LIFE INSURANCE COMPANY, JOHN OR JANE DOE 1 THROUGH 100, FICTITIOUS NAMES BEING NATURAL PERSONS AT PRESENT UNIDENTIFIED, XYZ CORPORATIONS 1 THROUGH 100, FICTITIOUS NAMES BEING CORPORATIONS AT PRESENT UNIDENTIFIED, ABC ENTITIES 1 THROUGH 100, FICTITIOUS NAMES BEING COMMERCIAL ENTITIES AT PRESENT UNIDENTIFIED.<br><br>　　　　　　　　　Defendants. | Civil Action No.  22-cv-6278<br><br>*Document electronically filed*<br><br>**NOTICE OF REMOVAL**<br><br>[Previously pending in the Superior Court of New Jersey, Hudson County, Docket No. HUD-L-2857-22] |

TO:　**Clerk of the Court**
　　　United States District Court
　　　District of New Jersey
　　　Martin Luther King Jr. Federal Bldg.
　　　& U.S. Courthouse
　　　50 Walnut Street
　　　Newark, New Jersey 07101

　　　Richard Malagiere
　　　Leonard E. Seaman
　　　THE LAW OFFICES OF RICHARD MALAGIERE
　　　A Professional Corporation

250 Moonachie Road, Suite 300A
Moonachie, New Jersey 07074
(201) 440-0675
*Attorneys for Plaintiffs*

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1441(b), (c) and 1446, the defendant Cigna Health and Life Insurance Company ("Cigna" or "Defendant"), through its attorneys Gibbons P.C., hereby files this Notice of Removal to remove the above-captioned civil action, and all claims and causes of action therein, from the Superior Court of New Jersey, Law Division, Hudson County, to the United States District Court for the District of New Jersey. For the reasons stated below, removal of this action is proper because: (1) the parties in this matter are citizens of different states and the amount in controversy exceeds $75,000; therefore, this Court has diversity jurisdiction under 28 U.S.C. § 1332; and (2) Plaintiff challenges Cigna's alleged failure to pay the appropriate amounts for services pursuant to employer-sponsored health benefits plans governed by the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq.* ("ERISA"); therefore, these claims are completely preempted by ERISA and this Court has federal question jurisdiction under 28 U.S.C. § 1331. As to any cause of action not subject to this Court's original jurisdiction under 28 U.S.C. § 1331, this Court also has supplemental jurisdiction under 28 U.S.C. §§ 1367 and 1441(c).

## I.     PROCEEDINGS TO DATE

1.     A lawsuit styled *Marco Pallazi and Pierangela Bonelli v. Cigna Health and Life Insurance Co.*, was filed on August 29, 2022, in the Superior Court of New Jersey, Law Division, Hudson County (the "State Court Action").

2.   Attached hereto as Exhibit A are copies of all process, pleadings, and orders received by Cigna relating to the State Court Action, consisting at this time of: (a) Complaint; (b) Track Assignment Notice; and (c) Affidavit of Service.[1]

## II.   PLAINTIFF'S COMPLAINT

1.   Plaintiffs allege that this lawsuit arises from Cigna's alleged failure to pay for out of network medical services rendered to Plaintiff Bonelli. *See* Complaint, Ex. A ("Compl."), ¶¶ 6, 11.

2.   According to the Complaint, Plaintiff Bonelli "was experiencing back pain and required surgical invention to alleviate her pain" and underwent a procedure on August 20, 2021. *Id.* ¶¶ 6, 10.

3.   Plaintiffs allege that Plaintiff Bonelli's out-of-network medical provider obtained authorization for Patient Bonelli's treatment, and that a representative of Cigna approved the services to be performed by Plaintiff. *Id.* ¶¶ 7-8.

4.   Plaintiff's Bonelli's out-of-network medical provider submitted two claims for reimbursement to Cigna:

   a. (1) Claim 212047818400 billed for $37,667.00 by primary surgeon, Dr. Roger Hartl; and

   b. (2) Claims 212151582500 and 212151582501 both also billed for $37,667.00 by assistant surgeon, Dr. Rodrigo Navarro Ramirez. The second claim number was a resubmit of the original bill on appeal.

The total billed charges equals $75,334.00.

---

[1] Recitation in this Notice of Removal of certain allegations in the pleadings in this matter is not an admission of their truth. Cigna does not waive, and hereby expressly reserves, all rights, privileges, and defenses in this matter.

5. Both the primary and assistant surgery claims were denied because both doctors are out of network to Cigna and Plaintiffs' health benefits plan does not provide benefits for services rendered by out of network providers. *Id.* ¶ 11.

6. Accordingly, upon information and belief, the outstanding balance to the out-of-network providers is the total of billed charges, *i.e.*, $75,334.00.

7. The Complaint further alleges that Plaintiffs expected Cigna to pay for the surgical and medical services provided to Plaintiff Bonelli, but that Cigna has failed to do so. *Id.* ¶¶ 21, 25, 28.

8. The Complaint alleges four causes of action. *Id.* ¶¶ 20-49.

9. First, Plaintiff alleges a claim for breach of implied contract on the grounds that an implied-in-fact contract to pay for Plaintiff Bonelli's medical services by authorizing such services and "reasonably compensate" the out-of-network medical providers. *Id.* ¶¶ 20-29.

10. Second, Plaintiff alleges a breach of the implied covenant of good faith and fair dealing on the grounds that, Cigna acted in a manner inconsistent with Plaintiffs' "reasonable expectations." *Id.* ¶¶ 30-33.

11. Third, Plaintiff alleges a claim for promissory estoppel on the grounds that, by authorizing the services provided, Cigna promised to "properly pa[y] for the subject medical services." Plaintiff its "usual, customary, and reasonable rate," and Plaintiff relied on Cigna's promise by providing services to the Patient. *Id.* ¶¶ 34-43.

12. Fourth, Plaintiff alleges a claim for negligent misrepresentation on the grounds that Cigna "negligently represented" that it would provide "proper payment" for Plaintiff Bonelli's medical procedure. *Id.* ¶¶ 44-49.

13. The claims at issue in this matter are covered, if at all, by an employer-sponsored health-benefits plan governed by ERISA. *See* 29 U.S.C. § 1002(1)(A).

14. Because, as detailed below, the Complaint seeks reimbursement of amounts paid for medical services pursuant to an employee-benefit plan subject to ERISA, this action concerns claims for benefits offered to an ERISA plan participant.

### III. GROUNDS FOR REMOVAL - DIVERSITY JURISDICTION

15. Section 1332 of title 28 of the United States Code provides that this Court shall have original jurisdiction over controversies between citizens of different States in which the amount in controversy is in excess of $75,000 exclusive of interest and costs, and that a corporation shall be deemed a citizen of that State in which it is incorporated and that State in which it has its principal place of business.

16. Defendant is a corporation organized under the laws of the State of Connecticut, with its principal place of business at 900 Cottage Grove Road, Bloomfield, CT. Defendant is thus a citizen of Connecticut and no other state.

17. Plaintiffs allege that they "are individuals residing at 20 Ave Port Imperial Apt 405, West New York, State of New Jersey." *Id.* ¶ 1.

18. The Complaint seeks monetary relief in an amount exceeding $75,000.

19. Because Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000, this action is properly removed to this Court pursuant to 28 U.S.C. § 1441(a).

### IV. GROUNDS FOR REMOVAL - FEDERAL QUESTION JURISDICTION

20. As described in Part II above, because Plaintiffs complain about alleged failures to reimburse benefits under an ERISA-governed plan, any state-law claims against Cigna based upon

that alleged failure are completely preempted by ERISA and removable to this Court based upon its federal-question jurisdiction under 28 U.S.C. § 1331. Plaintiff seeks reimbursement of medical benefits issued to the insured through an ERISA-governed policy. Plaintiffs have alleged they are entitled to payment of benefits provided by Cigna.

21. As the United States Supreme Court has repeatedly held, the "carefully integrated civil enforcement provisions" in Section 502(a) of ERISA, 29 U.S.C. § 1132(a), set forth the "exclusive" remedies available for the allegedly erroneous denial, non-payment or underpayment of benefits available under an ERISA-governed health benefits plan. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 54 (1987).

22. Indeed, the exclusivity of ERISA remedies is so strong that it permits removal of any purported state-law cause of action that amounts to an alternative mechanism for enforcing a claim to ERISA-governed benefits. *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987) (the preemptive force of ERISA operates to "convert[]" ordinary state law claims into federal claims for purposes of the well-pleaded complaint rule); *see also Aetna Health, Inc. v. Davila*, 542 U.S. 200, 209 (2004) (holding that "any state-law cause of action that duplicates, supplements or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted").

23. In *Davila*, two members of ERISA-governed plans asserted state-law claims against managed-care companies seeking damages resulting from injuries allegedly sustained as a result of the defendants' decision not to cover treatments recommended by the members' treating physicians. *Id.* at 204-05. There, the Supreme Court held that the state-law claims were completely preempted by ERISA and thus removable to federal court, because the defendants' liability for any damages "would exist here only because of petitioners' administration of ERISA-

6

regulated benefit plans," and thus the defendants' "potential liability under [state law] in these cases . . . derives entirely from the particular rights and obligations established by the benefit plans." *Id.* at 213.

24.     The same is true here because the Complaint derives solely from the coverage determination made under the insured's ERISA-regulated health benefit plan. *Id.* Such claims are preempted "no matter how couched." *Pryzbowski v. U.S. Healthcare, Inc.*, 245 F.3d 266, 273 (3d Cir. 2001). The Complaint is thus preempted by ERISA, and this action is properly removable to this Court. *See Davila*, 542 U.S. at 213; *see also Pryzbowski*, 245 F.3d at 273 (noting that claims challenging the administration of or eligibility for benefits "fall[] within the scope of § 502(a) and [are] completely preempted").

## V.     SUPPLEMENTAL JURISDICTION

25.     This Court has supplemental jurisdiction over any non-ERISA causes of action which may be construed in Plaintiffs' Complaint under 28 U.S.C. §§ 1367 and 1441(c).

## VI.     VENUE

26.     The State Court Action was filed in the Superior Court of New Jersey, Law Division, Hudson County, which is within this judicial district. *See* 28 U.S.C. § 110. This Court is thus the proper court for removal under 28 U.S.C. §§ 1441(a), 1446(a).

## VII.     TIMELINESS

27.     Plaintiff attempted to serve Cigna on September 26, 2022 through the New Jersey Department of Banking and Insurance.

28.     Accordingly, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446 because 30 days has not passed under Fed. R. Civ. P. 6 since receipt by Cigna, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which the action

or proceeding is based. *Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 356 (1999) (holding that proper service under state law triggers the time period for filing of removal).

## VIII.   NOTICE

29.   Cigna will give written notice of the filing of this Notice of Removal to Plaintiffs' counsel of record, as required by 28 U.S.C. § 1446(d), and a copy of this Notice, together with a Notice of Filing Notice of Removal, will be filed electronically with the clerk of the Superior Court of New Jersey, Law Division, Hudson County.

## IX.   CONSENT

30.   As no other defendants are named in the Complaint, consent to this Notice of Removal is not required by any other party. Defendants John or Jane Doe 1 Through 100, Fictitious Names Being Natural Persons at Present Unidentified, XYZ Corporations 1 Through 100, Fictitious Names Being Corporations at Present Unidentified, ABC Entities 1 Through 100, Fictitious Names Being Commercial Entities at Present Unidentified are nominal parties, and their consent is not required. *See Cacoilo v. Sherwin-Williams Co.*, 902 F. Supp. 2d 511, 516 (D.N.J. 2012) (recognizing that the rule of unanimity may be disregarded when a non-joining defendant is unknown or is a nominal party).

## CONCLUSION

31.   This Notice of Removal is signed pursuant to Federal Rule of Civil Procedure 11, as required by 28 U.S.C. § 1446(a).

32.   Based on the foregoing, Cigna respectfully requests that this action proceed in this Court as an action properly removed to it.

Respectfully submitted,

Dated: October 26, 2022                    By:  s/ E. Evans Wohlforth, Jr.

Newark, New Jersey                    E. Evans Wohlforth, Jr., Esq.
                                       Caroline E. Oks, Esq.
                                      **GIBBONS P.C.**
                                      One Gateway Center
                                      Newark, NJ  07102-5310
                                      Tel:  (212) 613-2009
                                      Fax:  (973) 639-6486
                                      ewohlforth@gibbonslaw.com
                                      coks@gibbonslaw.com