# Exhibit A



### State of New Jersey
**Department of Banking and Insurance**
Office of the Commissioner
PO Box 325
Trenton, NJ 08625-0325

Tel (609) 633-7667

**Phil Murphy**
*Governor*

**Sheila Oliver**
*Lt. Governor*

**Marlene Caride**
*Commissioner*

**CERTIFIED MAIL
RETURN RECEIPT REQUESTED**

9/26/2022

Attention:
CORPORATE SECRETARY
CIGNA HEALTH AND LIFE INSURANCE COMPANY
900 COTTAGE GROVE ROAD
BLOOMFIELD, CT 06002

RE: Marco Pallazi and Pierangela Bonelli v. Cigna Health and Life
Insurance Company
Superior Courtt of New Jersey, Hudson County Law Division
Docket No.:   HUD-L-2857-22

Dear Sir/Madam:

You are hereby notified that on this date the Commissioner of the New Jersey Department of
Banking and Insurance has accepted original service of process on your behalf in the above-
captioned matter.  The documents served are enclosed herein.

By copy of this letter I am advising the attorney for the Plaintiff(s) in this matter that these
documents have been transmitted to you, and confirming that the Commissioner of Banking
and Insurance is not authorized to receive service of any further documents in this action.

Very Truly Yours,

**Sheila Tkacs**
Principal Clerk Typist

C:   The Law Offices of Richard Malagiere
ATTN:  Leonard E. Seaman, Esq.
250 Moonachie Road, 3rd Floor
Moonachie, NJ 07074



## SUMMONS

Attorney(s) __The Law Offices of Richard Malagiere, PC__

Office Address __250 Moonachie Road, Suite 300A__

Town, State, Zip Code __Moonachie, NJ 07074__

Telephone Number __(201) 440-0675__

Attorney(s) for Plaintiff __Marco Pallazi and Pierangela Bonel__

__MARCO PALLAZI and PIERANGELA BONELLI__

_____

Plaintiff(s)

Vs.

__CIGNA HEALTH AND LIFE INSURANCE COMPANY,__

__et al.__

Defendant(s)

### Superior Court of New Jersey

__HUDSON__ COUNTY

__Law__ DIVISION

Docket No: __HUD-L-2857-22__

## CIVIL ACTION SUMMONS

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro se/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

s/Michelle M. Smith
_____
Clerk of the Superior Court

DATED: __09/06/2022__

Name of Defendant to Be Served: __CIGNA HEALTH AND LIFE INSURANCE COMPANY__

Address of Defendant to Be Served: __c/o New Jersey Department of Banking and Insurance__
__Office of Regulatory Affairs__
__20 West State Street, PO Box 325, Trenton, New Jersey 08625-0325__
__Attn: Debra Mullen, Admin. Assistant__

Revised 11/12/2014, CN 10792-English (Appendix XII-A)

THE LAW OFFICES OF RICHARD MALAGIERE
A Professional Corporation
250 Moonachie Road, Suite 300A
Moonachie, New Jersey 07074
(201) 440-0675
Richard Malagiere Attorney ID: (037951996)
Leonard E. Seaman Attorney ID: (035021990)
Attorneys for Plaintiffs, Marco Pallazi and Pierangela Bonelli

| | |
|---|---|
| MARCO PALLAZI AND PIERANGELA BONELLI | SUPERIOR COURT OF NEW JERSEY HUDSON COUNTY: LAW DIVISION |
| Plaintiffs, | DOCKET NO.: HUD-L- |
| v. | CIVIL ACTION |
| CIGNA HEALTH AND LIFE INSURANCE COMPANY, JOHN OR JANE DOE 1 THROUGH 100, FICTITIOUS NAMES BEING NATURAL PERSONS AT PRESENT UNIDENTIFIED, XYZ CORPORATIONS 1 THROUGH 100, FICTITIOUS NAMES BEING CORPORATIONS AT PRESENT UNIDENTIFIED, ABC ENTITIES 1 THROUGH 100, FICTITIOUS NAMES BEING COMMERCIAL ENTITIES AT PRESENT UNIDENTIFIED. | **COMPLAINT DEMAND FOR TRIAL BY JURY DESIGNATION OF TRIAL COUNSEL DEMAND FOR DISCOVERY CERTIFICATION** |
| Defendants. | |

Plaintiffs, Marco Pallazi and Pierangela Bonelli as and for thier Complaint ("Complaint")

against Defendants CIGNA HEALTH AND LIFE INSURANCE COMPANY ("CIGNA"), its

agents, principals, servants and employees and anyone acting on its behalf, JOHN or JANE DOE

1 through 100, fictitious names being natural persons at present unidentified, XYZ

CORPORATIONS 1 through 100, fictitious names being corporations at present unidentified,

ABC ENTITIES 1 through 100, fictitious names being commercial entities at present unidentified

(collectively, "Defendants"), upon information and belief, alleges as follows:

## PARTIES

1.      Plaintiffs, Marco Pallazi and Pierangela Bonelli are individuals residing at 20 Ave Port Imperial Apt 405, West New York, State of New Jersey, at the time of this filing.

2.      Defendant CIGNA, either individually or through authorized subsidiaries and affiliates is a corporation authorized to do business in the State of New Jersey. CIGNA maintains offices throughout the State of New Jersey, including 44 Whippany Road, Morristown, New Jersey 07960.

3.      Defendant John or Jane Does 1-20 are individuals who caused Plaintiff's damages. Their identities are not yet known or identified but, upon reasonable discovery, once identified, Plaintiff will amend this complaint to show their true names when the same has been ascertained.

4.      Defendants XYZ Corporations (1-100) are, as of yet, unknown and unidentified corporate entities who are responsible in whole or in part for the damages as alleged in further detail herein.

5.      Defendants ABC Entities (1-100) are, as of yet, unknown and unidentified business entities who are responsible in whole or in part for the damages as alleged in further detail herein.

## FACTS COMMON TO ALL COUNTS

6.      Pierangela Bonelli was experiencing back pain and required surgical invention to alleviate her pain, specifically, an Under Posterior Extradural Laminotomy or Laminectomy for Exploration/Decompression of Neural Elements or Excision of Herniated Intervertebral Disks Procedure.

7.      Dr. Roger Hartl submitted authorization for approval for the surgical operation to defendant CIGNA on August 18, 2021.

2

8.      On August 18, 2021, defendant CIGNA approved the following procedure – "63030 Partial removal of bone with release of spinal cord or spinal nerves of 1 interspace in lower spine. After reviewing your medical information and health plan, we approved this request."

9.      The authorization number for the surgery was OP0933574555 effective from August 20, 2021 to November 20, 2021.

10.      On August 20, 2021, plaintiff appeared at Well Cornell Medical College and underwent her procedure.

11.      Thereafter, plaintiff received an explanation of benefits form indicating the once approved surgical procedure was now not being covered under plaintiff's health insurance plan, as Dr. Hartl was an out of network provider and that plaintiff's health insurance plan did not provide for out of network benefits.

12.      Defendant CIGNA asserts that the August 18, 2021 authorization was sent in error.

13.      On November 16, 2021, plaintiff filed an appeal with defendant CIGNA demanding that defendant CIGNA honor its letter of August 18, 2021 and pay for the previously authorized surgery.

14.      On February 15, 2022, defendant CIGNA denied plaintiff's appeal.

15.      Defendant CIGNA asserted that plaintiff's claim was denied because plaintiff did not receive services from a participating provider in plaintiff's network and plaintiff did not have out of network benefits.

16.      Noticeably, defendant CIGNA failed to address its prior letter from August 18, 2021 wherein the out of network provider, Dr. Hartl was approved.

17.      On March 4, 2022, plaintiff re-filed its appeal to have defendant CIGNA pay the previously authorized surgery. In the appeal, plaintiff stated: "We requested and receiving in

3

writing the approval to have this exception granted. This provider assured us they would accept what CIGNA would cover – they also told us they were in receipt of an exception granted by CIGNA for these services – as a result we went ahead with the surgery only to find out CIGNA stated they sent this exception letter out in error."

18.    Plaintiff has received no formal response from defendant CIGNA as to the March 4, 2022 appeal.

19.    On May 25, 2022, counsel for plaintiff mailed correspondence to defendant CIGNA in an effort to resolve the dispute without the need for protracted litigation; however, defendant CIGNA never replied to counsel's letter.

## FIRST COUNT
## BREACH OF IMPLIED CONTRACT

20.    Plaintiff repeats and realleges each and every allegation set forth in this Complaint as if set forth in this Count.

21.    Defendant indicated, by a course of conduct, course of dealings, industry custom and/or the circumstances surrounding the relationship, to Plaintiff that defendant would properly pay for surgical and medical services provided by Dr. Hartl.

22.    Defendant represented that payment for pre-authorized services would be made regardless of Plaintiff's out-of-network status.

23.    In addition, defendant was paid premiums by plaintiff for access to providers, and the requested services were necessary to satisfy the surgical and medical needs of plaintiff.

24.    Defendants also indicated, by a course of conduct, course of dealings, industry custom, and the circumstances surrounding the relationship, to Plaintiff that they would honor, inter alia their representations to Plaintiff that the services rendered were pre-authorized and/or pre-certified, as well as their representations as to payment verifications.

4

25.     Plaintiff reasonably expected defendant would properly compensate Dr. Hartl.

26.     A reasonable person in the position of defendant would know or reasonably should have known that Plaintiff received authorized services and would expect defendant to pay for them appropriately.

27.     Despite indicating to Plaintiff by a course of conduct, course of dealings, industry custom, and/or the circumstances surrounding the relationship that defendant would properly and timely tender payment to Dr. Hartl, defendant has failed to tender payment.

28.     The failure of defendant to pay the reasonable value of services constitutes breach of the implied contract between defendant and Plaintiff.

29.     As a direct result of this breach, plaintiff has been damaged.

**WHEREFORE,** plaintiff demands judgment against defendant for:

a) Compensatory damages;

b) Interest (e.g., pre-judgment, prompt payment law, post-judgment);

c) Costs of suit;

d) Attorneys' fees; and

e) Such other relief as the Court deems equitable and just.

## SECOND COUNT
### BREACH OF THE COVENANT OF GOOD FAITH & FAIR DEALING

30.     Plaintiff repeats and realleges each and every allegation set forth in this Complaint as if set forth in this Count.

31.     The law implies in every contractual relationship, including that between Plaintiff and defendant, a covenant of good faith and fair dealing. Defendant is required to act in a manner that is consistent with Plaintiff's reasonable expectations.

5

32.    Defendant acted with an improper motive and injured Plaintiff's rights and benefits under the contract and breached the contract through acts of commission and omission described herein that are wrongful and without justification.

33.    As a direct result of this breach, Plaintiff has been damaged.

**WHEREFORE**, plaintiff demands judgment against defendant for:

a) Compensatory damages;

b) Interest (e.g., pre-judgment, prompt payment law, post-judgment);

c) Costs of suit;

d) Attorneys' fees; and

e) Such other relief as the Court deems equitable and just.

### THIRD COUNT
### PROMISSORY ESTOPPEL

34.    Plaintiff repeats and realleges each and every allegation set forth in this Complaint as if set forth in this Count.

35.    Defendant made promises to Plaintiff that proper payment for medical services would be afforded to plaintiff's doctor, Dr. Hartl.

36.    Prior to Plaintiff receiving the subject services, defendant was contacted to confirm there would be reimbursement for the medical services the Plaintiff needed, and/or to verify the payment terms.

37.    Defendant indicated or conveyed to Plaintiff that plaintiff's surgical doctor would be properly paid for the subject medical services, and/or verified the payment terms as per the prior authorization.

6

38.     Defendant expected, or reasonably should have expected, that the pre-authorizations and payment verifications would be relied upon by Plaintiff in agreeing to go forward with scheduling the medical services needed.

39.     During the pre-authorization, defendant did not advise or disclose to Plaintiff that after it rendered the pre-approved services, that the authorization was sent in error and defendant would not be submitting payment for the previously authorized services.

40.     Plaintiff did reasonably rely on the pre-authorizations and payment verifications of defendant, and it was induced to compel plaintiff to schedule services.

41.     In addition, defendant's conduct violates applicable law barring retroactive withdrawal of pre-authorization, unless the provider made material misrepresentations to obtain authorization (which did not occur in this instance).

42.     Plaintiff's reliance on the promises caused it to suffer a definite and substantial detriment.

43.     Thus, Plaintiff has been damaged.

**WHEREFORE**, plaintiff demands judgment against defendant for:

    a) Compensatory damages;

    b) Interest (e.g., pre-judgment, prompt payment law, post-judgment);

    c) Costs of suit;

    d) Attorney's fees; and

    e) Such other relief as the Court deems equitable and just.

## FOURTH COUNT
### NEGLIGENT MISREPRESENTATION

44.     Plaintiff repeats and realleges each and every allegation set forth in this Complaint as if set forth in this Count.

45.      Defendant negligently represented that they would provide proper payment to Plaintiff's doctor, Dr. Hartl with respect to plaintiff's surgical procedure, including by way of pre-authorization.

46.      As intended by defendant, Plaintiff reasonably relied on these representations, and course of conduct and dealings between the parties, to Plaintiff's substantial detriment.

47.      The representations were false. Defendant materially misrepresented to Plaintiff that Plaintiff medical services were authorized and covered at the usual, customary and reasonable rate, or a percentage thereof. However, after the services were rendered -- and contrary to the pre-authorizations, pre-certifications and/or payment verifications provided by defendant -- defendant engaged in a bait-and-switch by claiming that the pre-authorization was sent in error and defendant subsequently denied payment to plaintiff's doctor, Dr. Hartl.

48.      In addition, defendant's conduct violates applicable law barring retroactive withdrawal of pre-authorization, unless the provider made material misrepresentations to obtain authorization (which did not occur in this instance).

49.      Thus, Plaintiff has been significantly damaged.

**WHEREFORE**, plaintiff demands judgment against defendant for:

   a) Compensatory damages;

   b) Interest (e.g., pre-judgment, prompt payment law, post-judgment);

   c) Costs of suit;

   d) Attorney's fees; and

   e) Such other relief as the Court deems equitable and just

### JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

8

## DESIGNATION OF TRIAL COUNSEL

Plaintiffs hereby designate Leonard Seaman, Esquire as trial counsel in the above matter.

## **CERTIFICATION**

I certify pursuant to Rule 4:5-1 that the matter in controversy is not the subject matter of any other action pending in any court or of any pending arbitration proceeding. I further certify that no other action or arbitration proceeding is contemplated. I further certify that to the best of my knowledge, information and belief, no other party should be joined in this action. I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment. I certify that confidential personal identifiers have been redacted from documents now submitted to the court and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

DATED: August 29, 2022

/s/ Leonard E. Seaman
LEONARD E. SEAMAN

# Civil Case Information Statement

**Case Details: HUDSON | Civil Part Docket# L-002857-22**

**Case Caption:** PALLAZI MARCO  VS CIGNA HEALTH AND LIF E

**Case Initiation Date:** 08/29/2022

**Attorney Name:** LEONARD E SEAMAN III

**Firm Name:** RICHARD MALAGIERE, PC

**Address:** 250 MOONACHIE RD 3RD FLR. STE 300A MOONACHIE NJ 07074

**Phone:** 2014400675

**Name of Party:** PLAINTIFF : PALLAZI, MARCO

**Name of Defendant's Primary Insurance Company (if known):** Unknown

**Case Type:** CONTRACT/COMMERCIAL TRANSACTION

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?** NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by: MARCO PALLAZI?** NO

**Are sexual abuse claims alleged by: PIERANGEL BONELLI? NO**

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Business

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
**If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

08/29/2022
Dated

/s/ LEONARD E SEAMAN III
Signed

HUD-L-002857-22  08/30/2022 5:15:14 AM  Pg 1 of 1  Trans ID: LCV20223120343

HUDSON COUNTY SUPERIOR COURT
HUDSON COUNTY
583 NEWARK AVENUE
JERSEY CITY      NJ 07306
                                        TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (201) 748-4400
COURT HOURS  8:30 AM - 4:30 PM

                    DATE:   AUGUST 29, 2022
                    RE:     PALLAZI MARCO  VS CIGNA HEALTH AND LIF E
                    DOCKET: HUD L -002857 22

     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 2.

     DISCOVERY IS   300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON KIMBERLY ESPINALES-MALONEY

     IF YOU HAVE ANY QUESTIONS, CONTACT TEAM      002
AT:  (201) 748-4400.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                    ATTENTION:
                              ATT: LEONARD E. SEAMAN
                              RICHARD MALAGIERE, PC
                              250 MOONACHIE RD
                              3RD FLR. STE 300A
                              MOONACHIE       NJ 07074

ECOURTS

HUDSON COUNTY SUPERIOR COURT
HUDSON COUNTY
583 NEWARK AVENUE
JERSEY CITY     NJ 07306

                                    TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (201) 748-4400
COURT HOURS  8:30 AM - 4:30 PM

                        DATE:   AUGUST 29, 2022
                        RE:     PALLAZI MARCO  VS CIGNA HEALTH AND LIF E
                        DOCKET: HUD L -002857 22

     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 2.

     DISCOVERY IS   300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON KIMBERLY ESPINALES-MALONEY

      IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     002
AT:  (201) 748-4400.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                        ATTENTION:
                             ATT: LEONARD E. SEAMAN
                             RICHARD MALAGIERE, PC
                             250 MOONACHIE RD
                             3RD FLR. STE 300A
                             MOONACHIE        NJ 07074


ECOURTS

THE LAW OFFICES OF RICHARD MALAGIERE
A Professional Corporation
250 Moonachie Road, Suite 102
Moonachie, New Jersey 07074
(201) 440-0675
Richard Malagiere Attorney ID: (037951996)
Leonard E. Seaman Attorney ID: (035021990)
Giancarlo Ghione Attorney ID: (294482020)
Attorneys for Plaintiff, Marco Pallazi and
Pierangela Bonelli

| | |
|---|---|
| MARCO PALLAZI AND PIERANGELA BONELLI<br><br>       Plaintiffs,<br><br>v.<br><br>CIGNA HEALTH AND LIFE INSURANCE COMPANY, JOHN OR JANE DOE 1 THROUGH 100, FICTITIOUS NAMES BEING NATURAL PERSONS AT PRESENT UNIDENTIFIED, XYZ CORPORATIONS 1 THROUGH 100, FICTITIOUS NAMES BEING CORPORATIONS AT PRESENT UNIDENTIFIED, ABC ENTITIES 1 THROUGH 100, FICTITIOUS NAMES BEING COMMERCIAL ENTITIES AT PRESENT UNIDENTIFIED.<br><br>       Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>HUDSON COUNTY<br><br>DOCKET NO: HUD-L-2857-22<br><br>CIVIL ACTION<br><br>**CERTIFICATION OF COUNSEL PROVIDING PROOF OF SERVICE OF PROCESS** |

I, Giancarlo Ghione, hereby certify as follows:

1.     I am an attorney associated with the Law Offices of Richard Malagiere, P.C., Attorneys for Plaintiffs Marco Pallazi and Pierangela Bonelli.

2.     On August 29, 2022 this office filed complaint naming Cigna Health and Life Insurance Company ("Cigna") as a defendant.

3.     Cigna is a foreign insurance company.

4.     On April 10, 2003 the State of New Jersey Department of Banking and Insurance ("DOBI") issued Bulletin No. 03-07.  A true and accurate copy of this bulletin is attached as Exhibit A.

5.     Bulletin No. 03-07 informed all foreign insurers the adoption of N.J.A.C. 11:1-25.4.  This regulation allows the DOBI to accept service of process on behalf of foreign insurers.

6.     On or about September 21, 2022 an attorney associated with the Law Offices of Richard Malagiere served the DOBI a copy of the instant matter's complaint, case information statement, and track assignment notice along with a summons issued to the DOBI as Cigna's statutory agent.  A true and accurate copy of the summons is attached as Exhibit B.

7.     On September 29, 2022 this office received a letter from the DOBI dated September 26, 2022 notifying Cigna the DOBI accepted original service of process in the above captioned matter.  A true and accurate copy of this letter is attached as Exhibit C.

8.     Rule 4:4-4(a)(1) allows for service of process to be made by delivering a copy of summons and complaint with a person authorized by appointment or by law to receive service of process.

9.     Rule 4:4-4(a)(6) sets forth the requirements to serve a corporation which states:

> Upon a corporation, by serving a copy of the summons and complaint in the manner prescribed by paragraph (a)(1) of this rule on any officer, director, trustee or managing or general agent, or

> any person authorized by appointment or by law to
> receive service of process on behalf of the
> corporation, or on a person at the registered office
> of the corporation in charge thereof, or, if service
> cannot be made on any of those persons, then on a
> person at the principal place of business of the
> corporation in this State in charge thereof, or if
> there is no place of business in this State, then on
> any employee of the corporation within this State
> acting in the discharge of his or her duties,
> provided, however, that a foreign corporation may
> be served only as herein prescribed subject to due
> process of law

10.    Accordingly, service of process has been effectuated as plaintiff served summons and complaint on the DOBI pursuant to relevant laws, and the DOBI notified Cigna.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements are willfully false I am subject to punishment.

       s/ Giancarlo Ghione
       GIANCARLO GHIONE

Dated: October 4, 2022



**State of New Jersey**
DEPARTMENT OF BANKING AND INSURANCE
PO BOX 325
TRENTON, NJ 08625-0325

Tel (609) 292-5360

JAMES E. MCGREEVEY
*Governor*

HOLLY C. BAKKE
*Commissioner*

### BULLETIN NO. 03-07

**TO:**      **ALL ADMITTED FOREIGN INSURERS**

**FROM:**    **HOLLY C. BAKKE, COMMISSIONER**

**RE:**      **ADOPTION OF N.J.A.C. 11:1-25.4 GOVERNING
DESIGNATION OF RECIPIENT FOR SERVICE OF PROCESS**

     This Bulletin is to inform all foreign insurers of the adoption of N.J.A.C. 11:1-25.4 governing the designation by such insurers of a recipient for service of process pursuant to N.J.S.A 17:32-2 and N.J.S.A. 17B:23-2c. The notice of adoption was published in the New Jersey Register on April 7, 2003 (see 35 N.J.R.1547).

     Please be advised that the Department has replaced the designation form previously posted on its web-site with the "NAIC Uniform Consent to Service of Process" (copy attached). Company designations previously accepted for filing will continue in force. However, all new designations, and all future changes to designations previously filed, must be filed through submission of the NAIC form completed in its entirety. Non-conforming submissions will not be accepted for filing.

     The complete text of the adopted rules may be viewed on the Department's web-site at www.njdobi.org (From the home-page, click on "Bulletins, Rules, Notices"). Copies of the "NAIC Uniform Consent to Service of Process" form can be downloaded from the web-site as well.

  4/10/03                               /s/ Holly C. Bakke
Date                                     Holly C. Bakke
                                           Commissioner

ROG03-07/INORD

## SUMMONS

Attorney(s) __The Law Offices of Richard Malagiere, PC__

Office Address __250 Moonachie Road, Suite 300A__

Town, State, Zip Code __Moonachie, NJ 07074__

_____

Telephone Number __(201) 440-0675__

Attorney(s) for Plaintiff __Marco Pallazi and Pierangela Bonel__

__MARCO PALLAZI and PIERANGELA BONELLI__

_____

Plaintiff(s)

Vs.

__CIGNA HEALTH AND LIFE INSURANCE COMPANY,__

__et al.__

Defendant(s)

**Superior Court of
New Jersey**

__HUDSON__ COUNTY

__Law__ DIVISION

Docket No: __HUD-L-2857-22__

**CIVIL ACTION
SUMMONS**

From The State of New Jersey To The Defendant(s) Named Above:

    The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro se/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

    If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

    If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

s/Michelle M. Smith
_____
Clerk of the Superior Court

DATED: __09/06/2022__

CIGNA HEALTH AND LIFE INSURANCE COMPANY

Name of Defendant to Be Served: _____

Address of Defendant to Be Served: c/o New Jersey Department of Banking and Insurance
Office of Regulatory Affairs
20 West State Street, PO Box 325, Trenton, New Jersey 08625-0325
Attn: Debra Mullen, Admin. Assistant



RECEIVED
SEP 2 9 2022
BY:



**State of New Jersey**
Department of Banking and Insurance
Office of the Commissioner
PO Box 325
Trenton, NJ 08625-0325

Tel (609) 633-7667

RECEIVED
SEP 2 9 2022
BY:

Phil Murphy
*Governor*

Sheila Oliver
*Lt. Governor*

Marlene Caride
*Commissioner*

**CERTIFIED MAIL**                                                        9/26/2022
**RETURN RECEIPT REQUESTED**

Attention:
CORPORATE SECRETARY
CIGNA HEALTH AND LIFE INSURANCE COMPANY
900 COTTAGE GROVE ROAD
BLOOMFIELD, CT 06002


RE: Marco Pallazi and Pierangela Bonelli v. Cigna Health and Life
    Insurance Company
    Superior Courtt of New Jersey, Hudson County Law Division
    Docket No.:  HUD-L-2857-22


Dear Sir/Madam:

You are hereby notified that on this date the Commissioner of the New Jersey Department of
Banking and Insurance has accepted original service of process on your behalf in the above-
captioned matter.  The documents served are enclosed herein.

By copy of this letter I am advising the attorney for the Plaintiff(s) in this matter that these
documents have been transmitted to you, and confirming that the Commissioner of Banking
and Insurance is not authorized to receive service of any further documents in this action.


                                                Very Truly Yours,

                                                *Sheila Tkacs*

                                                **Sheila Tkacs**
C:   The Law Offices of Richard Malagiere       Principal Clerk Typist
     ATTN:  Leonard E. Seaman, Esq.
     250 Moonachie Road, 3rd Floor
     Moonachie, NJ 07074


---

*Visit us on the Web at dobi.nj.gov*

*New Jersey is an Equal Opportunity Employer*      Printed on Recycled Paper and Recyclable