THE LAW OFFICES OF RICHARD MALAGIERE
A Professional Corporation
250 Moonachie Road, Suite 300A
Moonachie, New Jersey 07074
(201) 440-0675
Richard Malagiere
Leonard E. Seaman
Attorneys for Plaintiffs, Marco Pallazi and Pierangela Bonelli

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARCO PALLAZI AND PIERANGELA BONELLI<br><br>Plaintiffs,<br><br>v.<br><br>CIGNA HEALTH AND LIFE INSURANCE COMPANY, JOHN OR JANE DOE 1 THROUGH 100, FICTITIOUS NAMES BEING NATURAL PERSONS AT PRESENT UNIDENTIFIED, XYZ CORPORATIONS 1 THROUGH 100, FICTITIOUS NAMES BEING CORPORATIONS AT PRESENT UNIDENTIFIED, ABC ENTITIES 1 THROUGH 100, FICTITIOUS NAMES BEING COMMERCIAL ENTITIES AT PRESENT UNIDENTIFIED.<br><br>Defendants. | Civil Action No. 22-cv-6278<br><br>**FIRST AMENDED COMPLAINT** |

Plaintiffs, Marco Pallazi and Pierangela Bonelli as and for their Complaint

("Complaint") against Defendants CIGNA HEALTH AND LIFE INSURANCE

COMPANY ("CIGNA"), its agents, principals, servants and employees and anyone acting on its behalf, JOHN or JANE DOE 1 through 100, fictitious names being natural persons at present unidentified, XYZ CORPORATIONS 1 through 100, fictitious names being corporations at present unidentified, ABC ENTITIES 1 through 100, fictitious names being commercial entities at present unidentified (collectively, "Defendants"), upon information and belief, alleges as follows:

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiffs, Marco Pallazi and Pierangela Bonelli are individuals residing at 20 Ave Port Imperial Apt 405, West New York, State of New Jersey, at the time of this filing.

2. Defendant CIGNA, either individually or through authorized subsidiaries and affiliates is a corporation authorized to do business in the State of New Jersey. CIGNA maintains offices throughout the State of New Jersey, including 44 Whippany Road, Morristown, New Jersey 07960.

3. Defendant John or Jane Does 1-20 are individuals who caused Plaintiff's damages. Their identities are not yet known or identified but, upon reasonable discovery, once identified, Plaintiff will amend this complaint to show their true names when the same has been ascertained.

4. Defendants XYZ Corporations (1-100) are, as of yet, unknown and unidentified corporate entities who are responsible in whole or in part for the damages as alleged in further detail herein.

5. Defendants ABC Entities (1-100) are, as of yet, unknown and unidentified business entities who are responsible in whole or in part for the damages as alleged in further detail herein.

6. CIGNA is engaged in administering health care plans or policies in the State of New Jersey including, but not limited to the Om Log USA, Inc. OAPIN Plan (the "Plan").

7. The Plan was established by Marco Pallazi's employer, Om Log USA, Inc. ("Om Log") as an Employee Welfare Benefit Plan within the meaning of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq.

8. The Plan Administrator has delegated to CIGNA authority interpret and apply Plan terms and to make factual determinations in connection with its review of claims under the Plan and to perform any review, as required by ERISA, of each claim denial which has been appealed by the claimant or claimants duly authorized representative.

9. All administrative remedies have been exhausted.

## FACTS COMMON TO ALL COUNTS

10. Pierangela Bonelli was experiencing back pain and required surgical invention to alleviate her pain, specifically, an Under Posterior Extradural Laminotomy or Laminectomy for Exploration/Decompression of Neural Elements or Excision of Herniated Intervertebral Disks Procedure.

11. Dr. Roger Hartl submitted authorization for approval for the surgical operation to defendant CIGNA on August 18, 2021.

12. On August 18, 2021, defendant CIGNA approved the following procedure – "63030 Partial removal of bone with release of spinal cord or spinal nerves of 1 interspace in lower spine. After reviewing your medical information and health plan, we approved this request."

13. The authorization number for the surgery was OP0933574555 effective from August 20, 2021 to November 20, 2021.

14. On August 20, 2021, plaintiff appeared at Well Cornell Medical College and underwent her procedure.

15. Thereafter, plaintiff received an explanation of benefits form indicating the once approved surgical procedure was now not being covered under plaintiff's health insurance plan, as Dr. Hartl was an out of network provider and that plaintiff's health insurance plan did not provide for out of network benefits.

16. Defendant CIGNA asserts that the August 18, 2021 authorization was sent in error.

17. On November 16, 2021, plaintiff filed an appeal with defendant CIGNA demanding that defendant CIGNA honor its letter of August 18, 2021 and pay for the previously authorized surgery.

18. On February 15, 2022, defendant CIGNA denied plaintiff's appeal.

19. Defendant CIGNA asserted that plaintiff's claim was denied because plaintiff did not receive services from a participating provider in plaintiff's network and plaintiff did not have out of network benefits.

20. Noticeably, defendant CIGNA failed to address its prior letter from August 18, 2021 wherein the out of network provider, Dr. Hartl was approved.

21. On March 4, 2022, plaintiff re-filed its appeal to have defendant CIGNA pay the previously authorized surgery. In the appeal, plaintiff stated: "We requested and receiving in writing the approval to have this exception granted. This provider assured us they would accept what CIGNA would cover – they also told us they were in receipt of an exception granted by CIGNA for these services – as a result we went ahead with the surgery only to find out CIGNA stated they sent this exception letter out in error."

22. Plaintiff has received no formal response from defendant CIGNA as to the March 4, 2022 appeal.

23. On May 25, 2022, counsel for plaintiff mailed correspondence to defendant CIGNA in an effort to resolve the dispute without the need for protracted litigation; however, defendant CIGNA never replied to counsel's letter.

## FIRST COUNT
## BREACH OF IMPLIED CONTRACT

24. Plaintiffs repeat and reallege each and every allegation set forth in this Complaint as if set forth in this Count.

25. Defendant indicated, by a course of conduct, course of dealings, industry custom and/or the circumstances surrounding the relationship, to Plaintiffs that defendant would properly pay for surgical and medical services provided by Dr. Hartl.

26. Defendant represented that payment for pre-authorized services would be made regardless of Plaintiffs' out-of-network status.

27. In addition, defendant was paid premiums by plaintiffs for access to providers, and the requested services were necessary to satisfy the surgical and medical needs of plaintiffs.

28. Defendant also indicated, by a course of conduct, course of dealings, industry custom, and the circumstances surrounding the relationship, to Plaintiffs that they would honor, inter alia their representations to Plaintiffs that the services rendered were pre-authorized and/or pre-certified, as well as their representations as to payment verifications.

29. Plaintiffs reasonably expected defendant would properly compensate Dr. Hartl.

30. A reasonable person in the position of defendant would know or reasonably should have known that Plaintiffs received authorized services and would expect defendant to pay for them appropriately.

31. Despite indicating to Plaintiffs by a course of conduct, course of dealings, industry custom, and/or the circumstances surrounding the relationship that defendant would properly and timely tender payment to Dr. Hartl, defendant has failed to tender payment.

32. The failure of defendant to pay the reasonable value of services constitutes breach of the implied contract between defendant and Plaintiffs.

33. As a direct result of this breach, plaintiffs have been damaged.

**WHEREFORE**, plaintiffs demand judgment against defendant for:

a) Compensatory damages;

b) Interest (e.g., pre-judgment, prompt payment law, post-judgment);

c) Costs of suit;

d) Attorneys' fees; and

e) Such other relief as the Court deems equitable and just.

## SECOND COUNT
## BREACH OF THE COVENANT OF GOOD FAITH & FAIR DEALING

34. Plaintiffs repeat and reallege each and every allegation set forth in this Complaint as if set forth in this Count.

35. The law implies in every contractual relationship, including that between Plaintiffs and defendant, a covenant of good faith and fair dealing. Defendant is required to act in a manner that is consistent with Plaintiffs' reasonable expectations.

36. Defendant acted with an improper motive and injured Plaintiffs' rights and benefits under the contract and breached the contract through acts of commission and omission described herein that are wrongful and without justification.

37. As a direct result of this breach, Plaintiffs have been damaged.

**WHEREFORE**, plaintiffs demands judgment against defendant for:

a) Compensatory damages;

b) Interest (e.g., pre-judgment, prompt payment law, post-judgment);

c) Costs of suit;

d) Attorneys' fees; and

e) Such other relief as the Court deems equitable and just.

## THIRD COUNT
## PROMISSORY ESTOPPEL

38. Plaintiffs repeat and reallege each and every allegation set forth in this Complaint as if set forth in this Count.

39. Defendant made promises to Plaintiffs that proper payment for medical services would be afforded to plaintiff's doctor, Dr. Hartl.

40. Prior to Plaintiffs receiving the subject services, defendant was contacted to confirm there would be reimbursement for the medical services the Plaintiff needed, and/or to verify the payment terms.

41. Defendant indicated or conveyed to Plaintiffs that plaintiffs' surgical doctor would be properly paid for the subject medical services, and/or verified the payment terms as per the prior authorization.

42. Defendant expected, or reasonably should have expected, that the pre-authorizations and payment verifications would be relied upon by Plaintiffs in agreeing to go forward with scheduling the medical services needed.

43. During the pre-authorization, defendant did not advise or disclose to Plaintiffs that after it rendered the pre-approved services, that the authorization was sent in error and defendant would not be submitting payment for the previously authorized services.

44. Plaintiffs did reasonably rely on the pre-authorizations and payment verifications of defendant, and it was induced to compel plaintiffs to schedule services.

45. In addition, defendant's conduct violates applicable law barring retroactive withdrawal of pre-authorization, unless the provider made material misrepresentations to obtain authorization (which did not occur in this instance).

46. Plaintiffs' reliance on the promises caused it to suffer a definite and substantial detriment.

47. Thus, Plaintiffs have been damaged.

**WHEREFORE**, plaintiffs demand judgment against defendant for:

a) Compensatory damages;

b) Interest (e.g., pre-judgment, prompt payment law, post-judgment);

c) Costs of suit;

d) Attorney's fees; and

e) Such other relief as the Court deems equitable and just.

## FOURTH COUNT
## NEGLIGENT MISREPRESENTATION

48. Plaintiffs repeats and realleges each and every allegation set forth in this Complaint as if set forth in this Count.

49. Defendant negligently represented that they would provide proper payment to Plaintiff's doctor, Dr. Hartl with respect to plaintiff's surgical procedure, including by way of pre-authorization.

50. As intended by defendant, Plaintiff reasonably relied on these representations, and course of conduct and dealings between the parties, to Plaintiff's substantial detriment.

51. The representations were false. Defendant materially misrepresented to Plaintiff that Plaintiff medical services were authorized and covered at the usual, customary and reasonable rate, or a percentage thereof. However, after the services were rendered -- and contrary to the pre-authorizations, pre-certifications and/or payment verifications provided by defendant -- defendant engaged in a bait-and-switch by claiming that the pre-authorization was sent in error and defendant subsequently denied payment to plaintiff's doctor, Dr. Hartl.

52. In addition, defendant's conduct violates applicable law barring retroactive withdrawal of pre-authorization, unless the provider made material misrepresentations to obtain authorization (which did not occur in this instance).

53. Thus, Plaintiff has been significantly damaged.

**WHEREFORE**, plaintiffs demand judgment against defendant for:

a) Compensatory damages;

b) Interest (e.g., pre-judgment, prompt payment law, post-judgment);

c) Costs of suit;

d) Attorney's fees; and

e) Such other relief as the Court deems equitable and just.

## FIFTH COUNT
## FAILURE TO MAKE PAYMENTS PURSUANT TO MEMBER'S PLAN UNDER 29 U.S.C. § 1132(a)(1)(B)

54. Plaintiffs repeat and realleges each and every allegation set forth in this Complaint as if set forth in this Count.

55. Plaintiffs aver this Count to the extent ERISA governs this dispute.

56. Section 502(a)(1), codified at 29 U.S.C. § 1132(a) provides a cause of action for a beneficiary or participant seeking payment under a benefits plan.

57. Plaintiffs have standing to seek such relief as participants in the Plan.

58. Upon information and belief, CIGNA acted in a fiduciary capacity in administering any claims determined to be governed by ERISA.

59. Plaintiffs are entitled to recover benefits due under any applicable ERISA plan or policy.

60. As a result, Plaintiffs have been damaged and continue to suffer damages.

**WHEREFORE**, plaintiffs demand judgment against defendant for:

A. For an Order directing Defendant to pay Plaintiff all amounts due for care provided;

B. For an Order directing Defendant to pay Plaintiff all benefits they would be entitled to under the applicable insurance plan or policy administered by Defendant;

C. For compensatory damages and interest;

D. For attorney's fees and costs of suit; and

E. For such other and further relief as the Court may deem just and equitable.

## SIXTH COUNT
## BREACH OF FIDUCIARY DUTY AND CO-FIDUCIARY DUTY UNDER 29 U.S.C. § 1132(a)(3), 29 U.S.C. § 1104(a)(1) and 29 U.S.C. § 1105 (a)

61. Plaintiffs repeat and realleges each and every allegation set forth in this Complaint as if set forth in this Count.

62. 29 U.S.C. § 1132(a)(3)(B) provides a cause of action by a participant, beneficiary, or fiduciary to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

63. Plaintiff seeks redress for Defendant's breach of fiduciary duty and/or Defendant's breach of co-fiduciary duty under 29 U.S.C. § 1132(a)(3), 29 U.S.C. § 1104(a)(1) and 29 U.S.C. § 1105 (a).

64. 29 U.S.C. § 1104(a)(1) imposes a "prudent man standard of care" on fiduciaries.

65. Specifically, a fiduciary shall discharge its duties with respect to a plan solely in the interest of the participants and beneficiaries and (A) for the exclusive purpose of: (i) providing benefits to participants and their beneficiaries; and (ii) defraying reasonable expenses of administering the plan; (B) with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims; (C) by diversifying the investments of the plan so as to minimize the risk of large losses, unless under the circumstances it is clearly prudent not to do so; and (D) in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of this subchapter and subchapter III of this chapter. 29 U.S.C. § 1104(a)(1).

66. 29 U.S.C. § 1105(a) imposes liability for breaches of co-fiduciaries.

67. Specifically, a fiduciary with respect to a plan shall be liable for a breach of fiduciary responsibility of another fiduciary with respect to the same plan in the following circumstances: (1) if he participates knowingly in, or knowingly undertakes to conceal, an act or omission of such other fiduciary, knowing such act or omission is a breach; (2) if, by his failure to comply with section 1104(a)(1) ["prudent man standard of care] of this title in the administration of his specific responsibilities which give rise to his status as a fiduciary, he has enabled such other

fiduciary to commit a breach; or (3) if he has knowledge of a breach by such other fiduciary, unless he makes reasonable efforts under the circumstances to remedy the breach. 29 U.S.C. § 1105(a).

68. Here, when CIGNA acted to deny payment for the medical bill at issue, and when they responded to the administrative appeals initiated by Plaintiff, they were clearly acting as a "fiduciary" as that term is defined by ERISA § 1002(21)(A) because, among other reasons, CIGNA acted with discretionary authority or control to deny the payment and to manage the administration of the employee benefit plan at issue as described above.

69. Here, CIGNA breached its fiduciary duties by: (1) failing to issue a benefit determination in accordance with the requirements of ERISA and applicable regulations; (2) participating knowingly in, or knowingly undertaking to conceal, an act or omission of such other fiduciary, knowing such act or omission is a breach; (3) failing to make reasonable efforts under the circumstances to remedy the breach of such other fiduciary; and (4) wrongfully withholding money belonging to Plaintiffs.

WHEREFORE, plaintiffs demand judgment against defendant for:

    A. For an Order directing Defendant to pay Plaintiff all amounts due for care provided;

B. For an Order directing Defendant to pay Plaintiff all benefits they would be entitled to under the applicable insurance plan or policy administered by Defendant;

C. For compensatory damages and interest;

D. For attorney's fees and costs of suit; and

E. For such other and further relief as the Court may deem just and equitable.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

        /s/ Leonard E. Seaman
RICHARD MALAGIERE
LEONARD E. SEAMAN
THE LAW OFFICES OF RICHARD MALAGIERE
A Professional Corporation
250 Moonachie Road, Suite 300A
Moonachie, New Jersey 07074
Tel. (201) 440-0675
rm@malagierelaw.com
les@malagierelaw.com

DATED: December 28, 2022