# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MARCO PALLAZI AND PIERANGELA BONELLI,<br><br>                        Plaintiff,<br><br>v.<br><br>CIGNA HEALTH AND LIFE INSURANCE COMPANY, JOHN OR JANE DOE 1 THROUGH 100, FICTITIOUS NAMES BEING NATURAL PERSONS AT PRESENT UNIDENTIFIED, XYZ CORPORATIONS 1 THROUGH 100, FICTITIOUS NAMES BEING CORPORATIONS AT PRESENT UNIDENTIFIED, ABC ENTITIES 1 THROUGH 100, FICTITIOUS NAMES BEING COMMERCIAL ENTITIES AT PRESENT UNIDENTIFIED.<br><br>                        Defendants. | No. 2:22-cv-06278-JMV-AME<br><br>*Document electronically filed* |

---

## DEFENDANT CIGNA HEALTH AND LIFE INSURANCE COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

---

E. Evans Wohlforth, Jr.
Caroline E. Oks
GIBBONS P.C.
One Gateway Center
Newark, New Jersey 07102-5310
Telephone: (973) 596-4500

*Attorneys for Defendant Cigna Health and Life Insurance Company*

# <u>TABLE OF CONTENTS</u>

**Page**

TABLE OF AUTHORITIES ................................................................. ii

PRELIMINARY STATEMENT ........................................................1

STATEMENT OF FACTS ...............................................................2

ARGUMENT ..................................................................................4

I.    PLAINTIFFS HAVE FAILED TO ALLEGE ANY HARM, WHICH IS A REQUIRED ELEMENT FOR EACH OF THEIR CLAIMS. ................4

II.   PLAINTIFFS' FIRST AMENDED COMPLAINT FAILS TO STATE A CLAIM..................................................................................10

    A.    The State Law Claims (Counts I-IV)Are Preempted By ERISA, And Thus Fail As A Matter Of Law. ...................................12

        i.    ERISA Preempts State Law Causes Of Action. .......................13

        ii.    Each Of Plaintiffs' State Law Claims Challenges Benefit Determinations Made As To Claims Under An ERISA Plan, And Thus Are Preempted. .................................15

    B.    Count I For Breach Of Implied Contract Fails To State A Claim. ........................................................................17

    C.    Count II For Breach Of The Covenant Of Good Faith And Fair Dealing Fails To State A Claim. .........................................20

    D.    Count III For Promissory Estoppel Fails To State A Claim. .............21

    E.    Count IV For Negligent Misrepresentation Fails To State A Claim. ........................................................................24

    F.    Count V For ERISA Benefits Fails To State A Claim.......................27

    G.    Count VI For Breach of Fiduciary Duty Fails To State A Claim. ......29

CONCLUSION ..............................................................................31

i

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Advanced Rehab., LLC v. UnitedHealth Grp., Inc.*,
  No. 10-00263, 2011 WL 995960 (D.N.J. Mar. 17, 2011) ...................................28

*In re Advanta Corp. SEC. Litig.*,
  180 F.3d 525 (3d Cir. 1999) ...............................................................................25

*Aetna Health Inc. v. Davila*,
  542 U.S. 200 (2004)....................................................................................13, 15

*ALA, Inc. v. CCAIR, Inc.*,
  29 F.3d 855 (3d Cir. 1994) .................................................................................12

*Allen v. Wright*,
  468 U.S. 737 (1984)..............................................................................................5

*Alston v. Atl. Elec.*,
  962 F. Supp. 616 (D.N.J. 1997) ..........................................................................16

*Am. Handkerchief Corp. v. Frannat Realty Co.*,
  17 N.J. 12 (1954) ................................................................................................20

*Arcand v. Brother Int'l Corp.*,
  673 F. Supp. 2d 282 (D.N.J. 2009).....................................................................26

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)...............................................................................10, 11, 20

*Atl. Spinal Care v. Aetna*,
  No. 12–6759, 2014 WL 1293246 (D.N.J. Mar. 31, 2014) ..................................17

*Ballentine v. United States*,
  486 F.3d 806 (3d Cir. 2007) .................................................................................5

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)......................................................................................*passim*

*Berg v. Obama*,
  586 F.3d 234 (3d Cir. 2009) .................................................................................5

*Bickhart v. Carpenters Health & Welfare Fund of Pa. & Vicinity*,
732 F. App'x 147 (3d Cir. 2018) ........................................................................31

*Blackman & Co. v. GE Bus. Fin. Servs., Inc.*,
No. 15-7274 (NLH/JS), 2016 WL 1702043 (D.N.J. Apr. 28, 2016)....................7

*D.O. ex rel. C.O. v. Borden*,
No. 10-CV-2339 NLH AMD, 2012 WL 1078991 (D.N.J. Mar. 30,
2012) .................................................................................................................8

*Cho v. Prudential Ins. Co. of Am.*,
No. 19-19886-JMVSCM, 2021 WL 4438186 (D.N.J. Sept. 27,
2021) ...............................................................................................................12

*Cohen v. Horizon Blue Cross Blue Shield of New Jersey*,
No. 13-03057, 2013 WL 5780815 (D.N.J. Oct. 25, 2013)................................11

*Cumberland County Improvement Authority v. GSP Recycling Co.,
Inc.*,
358 N.J. Super. 484 (App. Div. 2003) ...............................................................9

*Del Sontro v. Cendant Corp.*,
223 F. Supp. 2d 563 (D.N.J. 2002).................................................................22

*Demaria v. Horizon Healthcare Servs.*,
2013 WL 3938973 (D.N.J. July 31, 2013) .......................................................25

*Dist. 1199P Health & Welfare Plan v. Janssen, L.P.*,
784 F. Supp. 2d 508 (D.N.J. 2011).................................................................24

*Duffy v. Charles Schwab & Co.*,
123 F. Supp. 2d 802 (D.N.J. 2000).................................................................19

*Duquesne Light Co. v. Westinghouse Elec. Co.*,
66 F.3d 604 (3d Cir. 1995) .............................................................................26

*Enlightened Sols., LLC v. United Behav. Health*,
No. 18-06672-NLH-AMD, 2018 WL 6381883 (D.N.J. Dec. 6,
2018) ...............................................................................................................12

*Erhart v. Plasterers Loc. 8 Annuity Fund*,
No. 19-6812, 2019 WL 6318310 (D.N.J. Nov. 26, 2019)................................29

iii

*Finkelman v. Nat'l Football League*,
  810 F.3d 187 (3d Cir. 2016) ............................................................... 6

*Fittipaldi v. Monmouth Univ.*,
  No. CV2005526MASZNQ, 2021 WL 2210740 (D.N.J. June 1,
  2021) .............................................................................................. 19

*FMC Corp. v. Holliday*,
  498 U.S. 52 (1990) .......................................................................... 15

*Ford v. Unum Life Ins. Co. of Am.*,
  351 F. App'x 703 (3d Cir. 2009) ...................................................... 17

*Fowler v. UPMC Shadyside*,
  578 F.3d 203 (3d Cir. 2009) ............................................................ 11

*Franco v. Conn. Gen. Life Ins. Co.*,
  No. 07-6039, 2014 WL 2861428 (D.N.J. June 24, 2014), *aff'd*, 647
  F. App'x 76 (3d Cir. 2016) .............................................................. 31

*Frederico v. Home Depot*,
  507 F.3d 188 (3d Cir. 2007) ............................................................ 25

*Fritzky v. Aetna Health, Inc.*,
  No. 08–5673, 2009 WL 2905374 (D.N.J. Sept. 2, 2009) ................... 13

*Funicelli v. Sun Life Fin. (US) Servs. Co.*,
  No. 12-06659, 2014 WL 197911 (D.N.J. Jan. 14, 2014) ................... 28

*Goldenberg v. Indel, Inc.*,
  741 F.Supp. 2d 618 (D.N.J. 2010) ...................................................... 3

*Gordon v. United Cont'l Holding, Inc.*,
  73 F. Supp. 3d 472 (D.N.J. 2014) .................................................... 18

*Grinnell Mutual Reinsurance Co. v. Reinke*,
  43 F.3d 1152 (7th Cir. 1995) ............................................................. 7

*Harrow v. Prudential Ins. Co. of Am.*,
  279 F.3d 244 (3d Cir. 2002) ............................................................ 30

*Hein v. F.D.I.C.*,
  88 F.3d 210 (3d Cir. 1996) .............................................................. 27

iv

*Hooven v. Exxon Mobil Corp.*,
    465 F.3d 566 (3d Cir. 2006) ...............................................................27

*Horan v. Reliance Std. Life Ins. Co.*,
    No. 12-7802, 2014 WL 346615 (D.N.J. Jan. 30, 2014) ....................17

*Ingersoll-Rand Co. v. McClendon*,
    498 U.S. 133 (1990)..............................................................................14

*Jensen v. State Farm Fire & Cas. Co.*,
    No. 3:20-CV-01486-IM, 2021 WL 5915117 (D. Or. Dec. 13, 2021) ................6

*K.S. v. Thales USA, Inc.*,
    2019 WL 1895064 (D.N.J. Apr. 29, 2019).........................................27

*Kernahan v. Home Warranty Adm'r of Fla., Inc.*,
    236 N.J. 301 (2019) .............................................................................19

*Khan v. Guardian Life Ins. Co. of Am.*,
    No. 16-253, 2016 WL 1574611 (D.N.J. Apr. 19, 2016) ....................16

*Khodara Envtl., Inc. v. Blakey*,
    376 F.3d 187 (3d Cir. 2004) ..................................................................8

*Kollman v. Hewitt Assocs., LLC*,
    No. 03-2944, 2003 WL 22331870 (E.D. Pa. Sept. 22, 2003), *rev'd
    on other grounds*, 487 F.3d 139 (3d Cir. 2007).................................16

*Kushi v. Romberger*,
    543 F. App'x 197 (3d Cir. 2013) ..........................................................8

*Lewis v. Gov't Emps. Ins. Co.*,
    No. 18-05111, 2019 WL 1198910 (D.N.J. Mar. 14, 2019)................21

*Lobiondo v. O'Callaghan*,
    357 N.J. Super. 488 (App. Div.), *certif. denied*, 177 N.J. 224
    (2003)...........................................................................................10, 22

*Lopez v. Beard*,
    333 F. App'x 685 (3d Cir. 2009) ........................................................11

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992)...............................................................................5

*Mason v. Coca-Cola Co.*,
    774 F. Supp. 2d 699 (D.N.J. 2011) ...............................................................10, 24

*McCoy v. Bd. of Trs. of Laborers' Int'l Union Local No. 222*,
    188 F. Supp. 2d 461 (D.N.J. 2002) .......................................................................30

*Mejias v. Am. Boychoir Sch.*, No. 11-0562,
    2011 WL 3235711 (D.N.J. July 27, 2011) ..........................................................22

*Metro. Life Ins. Co. v. Mass.*,
    471 U.S. 724 (1985), *overruled in part on other grounds by Ky.
    Ass'n of Health Plans*, 538 U.S. 329 ...................................................................14

*MHA, LLC v. Amerigroup Corp.*,
    539 F. Supp. 3d 349 (D.N.J. 2021).......................................................................21

*Morley v. Avaya, Inc.*,
    No. 04-409, 2006 WL 2226336 (D.N.J. Aug. 3, 2006)......................................30

*Moser v. Milner Hotels*,
    6 N.J. 278 (1951) (as cited by *Markeim-Chalmers, Inc. v.
    Willingboro Urb. Renewal, LLC*, No. A-5469-14T3, 2017 WL
    3297479, at *12 (N.J. Super. Ct. App. Div. Aug. 3, 2017)) ..............................18

*Murphy v. Implicito*,
    392 N.J. Super. 245 (App. Div. 2007) ...................................................................9

*MZL Capital Holdings, Inc. v. TD Bank, N.A.*,
    734 F. App'x 101 (3d Cir. 2018) ..........................................................................20

*North Carolina v. Rice*,
    404 U.S. 244 (1971).................................................................................................9

*Pain & Surgery Ambulatory Ctr., P.C. v. Conn. Gen. Life Ins. Co.*,
    No. 11-5209, 2012 WL 3781516 (D.N.J. Aug. 30, 2012), *aff'd*, 532
    F. App'x 209 (3d Cir. 2013) ..................................................................................28

*Pascack Valley Hosp., Inc. v. Local 464A UFCW Welfare
    Reimbursement Plan*,
    388 F.3d 393 (3d Cir. 2004), *cert. denied*, 546 U.S. 813, 126 S. Ct.
    336 (2005)........................................................................................................13, 14

*Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*,
  998 F.2d 1192 (3d Cir. 1993) ................................................................2

*Pickett v. Ocean-Monmouth Legal Servs., Inc.*,
  No. 11-6980, 2012 WL 1601003 (D.N.J. May 7, 2012) ........................3

*Pilot Life Ins. Co. v. Dedeaux*,
  481 U.S. 41 (1987), *overruled in part on other grounds by Ky.
  Ass'n of Health Plans v. Miller*, 538 U.S. 329 (2003)...................13, 14

*Pitak v. Bell Atl. Network Servs., Inc.*,
  928 F. Supp. 1354 (D.N.J. 1996)......................................................22, 23

*Plastic Surgery Ctr., P.A. v. Cigna Health & Life Ins. Co.*,
  No. 17-02055, 2019 WL 1916205 (D.N.J. April 30, 2019) ................18

*Pop's Cones, Inc. v. Resorts Intern. Hotel, Inc.*,
  307 N.J. Super. 461 (App. Div. 1998).................................................24

*Powell v. Seton Hall Univ.*,
  No. 22-13709-WJM-JSA, 2022 WL 1224959 (D.N.J. Apr. 26,
  2022) ..................................................................................................19

*Pryzbowski v. U.S. Healthcare, Inc.*,
  245 F.3d 266 (3d Cir. 2001) ........................................................12, 16

*Republic Servs. of Pennsylvania, LLC v. Caribbean Operators, LLC*,
  301 F. Supp. 3d 468 (E.D. Pa. 2018)...................................................7

*Ross v. Celtron Int'l, Inc.*,
  494 F. Supp. 2d 288 (D.N.J. 2007)....................................................22

*Scagnelli v. Schiavone*,
  538 F. App'x 192 (3d Cir. 2013) ........................................................22

*In re Schering Plough Corp.*,
  678 F.3d 235 (3d Cir.2012) ..................................................................4

*Shalita v. Twp. of Washington*,
  270 N.J. Super. 84 (App. Div. 1994)...................................................18

vii

*St. Peter's Univ. Hosp. v. N.J. Bldg. Laborers Statewide Welfare Fund*,
   431 N.J. Super. 446 (App. Div. 2013) ................................................................16

*Toll Bros., Inc. v. Bd. of Chosen Freeholders of Burlington*,
   194 N.J. 223 (2008) ...........................................................................................10

*Toll Bros., Inc. v. Twp. of Readington*,
   555 F.3d 131 (3d Cir. 2009) .............................................................................4, 5

*Tredo v. Ocwen Loan Servicing, LLC*,
   No. 14-3013 JLL, 2014 WL 5092741 (D.N.J. Oct. 10, 2014) ...........................23

*U.S. Bank Nat. Ass'n v Fowlkes*,
   No. F-034575-14, 2016 WL 392713 (Ch. Div. Jan. 26, 2016) ...........................23

*In re Unisys Corp. Retiree Med. Benefit ERISA Litig.*,
   57 F.3d 1255 (3d Cir. 1995) ..............................................................................30

*United Wire, Metal & Mach. Health & Welfare Fund v. Morristown Mem'l Hosp.*,
   995 F.2d 1179 (3d Cir.), *cert. denied sub nom. NYSA-ILA Welfare Fund v. Dunston*, 510 U.S. 944 (1993) ...............................................................14

*Univ. Spine Ctr. v. Cigna Health & Life Ins. Co.*,
   No. 17-13596, 2018 WL 4144684 (D.N.J. Aug. 29, 2018)..........................27, 28

*US Airways, Inc. v. McCutchen*,
   569 U.S. 88 (2013).............................................................................................27

*Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*,
   454 U.S. 464 (1982)............................................................................................9

*Varity Corp. v. Howe*,
   516 U.S. 489 (1996)...........................................................................................30

*Zhejiang Rongyao Chem. Co. v. Pfizer Inc.*,
   No. 11-5744, 2012 WL 4442725 (D.N.J. Sept. 21, 2012)..................................22

**Statutes**

29 U.S.C. § 1132(a)(1)(B) ........................................................................................27

29 U.S.C. § 1132(a) .......................................................................................13, 15

ERISA § 502(a)(1)(B).........................................................................................27

ERISA § 502(a)(3) ........................................................................................29, 30

ERISA § 502(a)(3)(B).........................................................................................30

ERISA §514(a)...........................................................................................*passim*

N.J.S.A. § 17B:30-53(a)(1) ................................................................................21

**Rules**

Fed. R. Civ. P. 12(b)(1)....................................................................................4, 5

Fed. R. Civ. P. 9(b) .............................................................................................24

Fed. R. Civ. P. 12(b)(6).......................................................................................10

**Constitutional Provisions**

U.S. Const. art. III, § 2.....................................................................................4, 9

U.S. Const. art. III .......................................................................................4, 5, 9

Defendant Cigna Health and Life Insurance Company ("Cigna") submits this brief in support of its Motion to Dismiss Plaintiffs' First Amended Complaint.  For the reasons set forth below, Cigna respectfully requests that its Motion be granted and the First Amended Complaint against it be dismissed in its entirety with prejudice.

## PRELIMINARY STATEMENT

Plaintiffs Marco Pallazi ("Pallazi") and Pierangela Bonelli ("Bonelli", and collectively with Pallazi, "Plaintiffs") instituted this action to seek unidentified, yet-to-be-incurred damages for an alleged authorization by Cigna for medical services performed.  Plaintiffs' claims fail at every turn.  *First*, Plaintiffs lack standing to bring this suit because they have not alleged how or if they have been harmed, and therefore their claim is not yet ripe.  Completely lacking from their pleading is any allegation that they have received a bill or been required to pay for medical services. *Second*, each of Plaintiffs' four state law causes of actions are preempted by ERISA. Because these claims undeniably "relate to" benefits purportedly due under the terms of Plaintiff Pallazi's employer-sponsored health benefits plan, they all are expressly preempted by section 514(a) of ERISA.  *Third*, each of Plaintiffs' four stated causes of actions fail to state a claim in their own right.  *Finally*, Plaintiffs' ERISA claims fail because Plaintiffs fail to identify a term of the health benefits plan that was violated and their breach of the fiduciary duty claim is duplicative of the benefits

1

claim.  In sum, Plaintiffs' cobbled-together claims cannot succeed.

## STATEMENT OF FACTS

Plaintiffs[1] allege that this lawsuit arises from Cigna's alleged failure to pay for out of network medical services rendered to Bonelli.  *See* First Amended Complaint, ECF No. 10 ("FAC") ¶¶ 10, 15.  Presumably, Bonelli is a beneficiary of a health benefits plan administered by Cigna, *see, e.g*., FAC ¶¶ 6, 27, 57, although that allegation is not specifically alleged in the FAC.

According to the FAC, Bonelli "was experiencing back pain and required surgical invention to alleviate her pain" and underwent a procedure on August 20, 2021.  *Id*. ¶¶ 10, 14.  Plaintiffs allege that Bonelli's out-of-network medical provider obtained authorization for Bonelli's treatment, and that a representative of Cigna initially approved the services to be performed by Plaintiff.  *Id*. ¶¶ 12-13.  That authorization letter states "This letter isn't a guarantee that your plan will pay for the services."  Declaration of E. Evans Wohlforth, Jr. ("Wohlforth Decl."), Ex. A at 1.[2]

---

[1] Although Pallazi is the first-named named plaintiff in this action, the Complaint contains no factual allegations as to him other than his status as a plan beneficiary and refers to an individual Plaintiff (presumably Bonelli) throughout.  *See generally* FAC.  Indeed, it is not clear what, if any, relationship Pallazi has to any other party or the allegations of the Complaint, and claims by Pallazi must be dismissed on that ground alone.

[2] A court may consider a "document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc*., 998 F.2d 1192, 1196 (3d Cir. 1993).

However, one day later, ***and prior to the surgery***, Cigna notified Bonelli that the initial authorization was sent in error.[3]  *Id.* ¶ 16; *see also* Wohlforth Decl., Ex. B. Bonelli later underwent a medical procedure on August 20, 2021.  *Id.* ¶ 14.

The claim for the August 20, 2021 procedure was denied because "plaintiff did not receive services from a participating provider in plaintiff's network and plaintiff did not have out of network benefits."  *Id.* ¶ 19.  Plaintiffs do not allege that they have received a bill for the August 20, 2021 procedure. *See generally* FAC. Plaintiffs do not allege that they have paid any monies for the procedure or received a demand for payment of any kind from their out-of-network medical provider. *Id.*

On August 29, 2022, Plaintiffs commenced this action by filing a Complaint against Cigna in New Jersey Superior Court.  *See* ECF No. 1-1 at 4-12.  Plaintiffs' initial Complaint asserted four causes of action: (i) Breach of Implied Contract; (ii) Breach of the Covenant of Good Faith and Fair Dealing; (iii) Promissory Estoppel; (iv) Negligent Misrepresentation.  *Id.*  On October 26, 2022, Cigna timely filed a Notice of Removal, removing this matter to this Court.  ECF No. 1.  On December

---

[3] This Court may consider documents referenced in the Complaint, and, in the case of the August 19, 2021 letter, Ex. B, "to the extent [the documents] contradict the Complaint's factual allegations, the documents will control." *Goldenberg v. Indel, Inc.*, 741 F.Supp. 2d 618, 624 (D.N.J. 2010) (citation omitted); *see also Pickett v. Ocean-Monmouth Legal Servs., Inc.*, No. 11-6980, 2012 WL 1601003, at *4 (D.N.J. May 7, 2012) ("[A] court must [not] turn a blind eye to the facts as shown in documents also appropriately considered in deciding a motion to dismiss if those facts directly contradict the conclusory allegations in the complaint.").

28, 2022, Plaintiffs filed a First Amended Complaint to add two additional causes of action pursuant to ERISA.  *See* FAC.

## ARGUMENT

## I.  PLAINTIFFS HAVE FAILED TO ALLEGE ANY HARM, WHICH IS A REQUIRED ELEMENT FOR EACH OF THEIR CLAIMS.

Throughout the FAC, Plaintiffs repeat the conclusory allegation that "plaintiff has been damaged."  *See* FAC ¶¶ 33, 37, 47, 53, 60.  But, Plaintiffs fail to include any factual allegations as to how they have been harmed.  No allegation appears that Plaintiffs paid for the medical procedure alleged giving rise to a right of reimbursement.  The FAC contains no allegation that Bonelli's out-of-network medical provider has even demanded payment.  Plaintiffs therefore lack standing to raise the claim set forth in the FAC, or, at best, any such claim is not ripe.  In either case, each cause of action fails and must be dismissed on these grounds.

Federal courts are courts of limited jurisdiction and thus, are permitted to adjudicate cases and controversies only as allowed under Article III of the United States Constitution.  *See* U.S. Const. art. III, § 2; *Toll Bros., Inc. v. Twp. of Readington*, 555 F.3d 131, 137 (3d Cir. 2009). When there is no case or controversy, the district court lacks subject matter jurisdiction, and accordingly the case must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1).  *See* Fed. R. Civ. P. 12(b)(1); *see also In re Schering Plough Corp.*, 678 F.3d 235, 243 (3d Cir.2012). Courts have developed several justiciability doctrines that "cluster about Article III"

4

to enforce the case-or controversy requirement. *Toll Bros.*, 555 F.3d at 137 (quoting *Allen v. Wright*, 468 U.S. 737, 750 (1984)).   Included in these justiciability requirements are "standing, ripeness, mootness, the political-question doctrine, and the prohibition on advisory opinions." *Id*.  As explained more fully below, this Court lacks subject matter jurisdiction over all claims asserted in the FAC on both standing and ripeness grounds and because the FAC essentially asks that this Court issue an advisory opinion.

Because standing is jurisdictional matter, a motion to dismiss for want of standing is brought pursuant to Rule 12(b)(1). *Ballentine v. United States*, 486 F.3d 806, 810 (3d Cir. 2007). The burden of establishing standing rests with the plaintiffs. *Berg v. Obama*, 586 F.3d 234, 238 (3d Cir. 2009).   In order to establish the "'irreducible constitutional minimum' of Article III standing," a plaintiff must plead three elements: (1) that the plaintiff "suffered a concrete, particularized, injury-in-fact, which must be actual or imminent, not conjectural or hypothetical"; (2) that the injury is "fairly traceable to the challenged action of the defendant"; and (3) and that a favorable decision by the court could redress the injury. *Toll Bros.*, 555 F.3d at 137–38 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (internal quotations omitted). The first of these three elements is relevant here.  A plaintiff "must allege facts that affirmatively and plausibly suggest that it has standing to sue.

Speculative or conjectural assertions are not sufficient." *Finkelman v. Nat'l Football League*, 810 F.3d 187, 194 (3d Cir. 2016).

Here, Plaintiff Pallazi fails to allege any facts whatsoever as to him, let alone facts regarding an alleged harm.  The only facts alleged about Pallazi are his residence and that he is a beneficiary of the Om Log USA Inc. health benefits plan. *See* FAC ¶¶ 1, 7.  Any claim by Plaintiff Pallazi fails both on the merits under *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*see infra* Point II) and as a matter of subject matter jurisdiction.

More facts are alleged as to Bonelli, but there is no allegation that she has suffered any redressable harm.  Bonelli fails to allege that she has received a demand for payment for the services allegedly performed, received a bill or paid anything toward such a bill, or that collection actions or litigation seeking payment have been instituted against her. Consequently, Bonelli has failed to allege  damages sufficient to state a claim or even that she has standing to bring such a claim or that the claim is ripe for adjudication.

It is a basic tenet of insurance law that a claim for indemnification cannot be asserted when the covered liability is inchoate or unasserted.  For example, in *Jensen v. State Farm Fire & Cas. Co.*, No. 3:20-CV-01486-IM, 2021 WL 5915117 (D. Or. Dec. 13, 2021), the plaintiff caused a building fire and sued his insurer for indemnification against the subrogation claims of the building's insurers—

subrogation claims that had not then been made.   The Court granted the defendant-insurer's motion to dismiss on ground that the claim was not ripe.   The Court reasoned:

> "[T]he conditions precedent—Plaintiff's liability to the subrogation insurers and Defendant's failure to perform—have yet to be satisfied. . . . Plaintiff may not suffer any actual loss that could even theoretically be traced to an alleged breach by Defendant. Adjudicating the merits of these claims would put the Court in the untenable position of sanctioning a potential windfall based on the inaction of a subrogation insurer who is not even a party in this matter."

*Id.* at 2; *see also Republic Servs. of Pennsylvania, LLC v. Caribbean Operators, LLC*, 301 F. Supp. 3d 468, 474 (E.D. Pa. 2018) (considering ripeness under PA indemnity law); *Blackman & Co. v. GE Bus. Fin. Servs., Inc.*, No. 15-7274 (NLH/JS), 2016 WL 1702043, at *5 (D.N.J. Apr. 28, 2016) (considering ripeness in context of NJ indemnity law); *Grinnell Mutual Reinsurance Co. v. Reinke*, 43 F.3d 1152, 1154 (7th Cir. 1995) ("[T]he duty to indemnify is unripe until the insured has been held liable.").

Cigna's obligation to pay for benefits is one of indemnification; the Om Log USA, Inc. Plan specifically states that "No amount will be payable for: . . . charges which the Member is not obligated to pay, or for which the Member is not billed or for which the Member would not have been billed except that they were covered

under the Plan." Ex. C ("SPD") at 46.  Having failed to allege that there is an obligation to pay, Plaintiff has omitted this critical element of her claim for benefits.

The problem created by the hole in Plaintiffs' pleading is not an academic one.  It may be true that Plaintiffs may one day receive or pay a bill from Bonelli's provider.  It may be equally true that these events never occur.  And, it may be that an obligation once existed but that Plaintiff Bonelli satisfied it by assigning the claim for benefits to her medical provider.  The Court will be aware that assignments to medical providers  frequently provide the context in which claims for medical benefits come before it.

Absent allegations delineating how Plaintiffs have been harmed by the alleged denial, however, Plaintiffs' claims are not ripe.  *See  Kushi v. Romberger*, 543 F. App'x 197, 199 (3d Cir. 2013) ("The doctrine seeks to 'determine whether a party has brought an action prematurely and counsels abstention until such time as a dispute is sufficiently concrete to satisfy the constitutional and prudential requirements of the doctrine.'" (quoting *Khodara Envtl., Inc. v. Blakey*, 376 F.3d 187, 196 (3d Cir. 2004)).

And, because Plaintiffs have not articulated how they have been harmed, they are essentially asking this Court to issue an advisory opinion on how they believe they have been wronged, while offering little to no detail to support their claim.  *D.O. ex rel. C.O. v. Borden*, No. 10-CV-2339 NLH AMD, 2012 WL 1078991, at *2

(D.N.J. Mar. 30, 2012) ("It has been long held that a federal court has no power to issue advisory opinions, and federal courts are without power to decide questions that cannot affect the rights of litigants in the case before them." (citing *North Carolina v. Rice*, 404 U.S. 244, 246 (1971); *see also Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 471 (1982) (explaining that Article III of the Constitution restricts the "judicial power" of the United States to the resolution of cases and controversies)). Thus, because the Constitution prohibits federal courts from deciding issues in which there is no "case[]" or "controversy," U.S. Const. art. III, § 2, "[t]he discretionary power to determine the rights of parties before injury has actually happened cannot be exercised unless there is a legitimate dispute between the parties." *Step–Saver*, 912 F.2d at 647.

Indeed, each of Plaintiffs' claims fails to include an allegation of some adverse harm or damage.  This is true as to each legal theory raised (each of which fail on other grounds as described more fully below).  For example, it is well-settled that "[t]o establish a breach of contract claim, a plaintiff has the burden to show that the parties entered into a valid contract, that the defendant failed to perform his obligations under the contract and that the ***plaintiff sustained damages as a result***." *See Murphy v. Implicito*, 392 N.J. Super. 245, 265 (App. Div. 2007) (emphasis added) (citation omitted); *see also Cumberland County Improvement Authority v.*

*GSP Recycling Co., Inc.*, 358 N.J. Super. 484, 503 (App. Div. 2003) (emphasis added) (noting that a party bringing a breach of contract action "had the burden of proof to establish all elements of its cause of action, ***including damages***") (emphasis added).  In addition, promissory estoppel requires an allegation of "definite and substantial detriment."  *Toll Bros., Inc. v. Bd. of Chosen Freeholders of Burlington*, 194 N.J. 223, 253 (2008) (citing *Lobiondo v. O'Callaghan*, 357 N.J. Super. 488, 499 (App. Div.), *certif. denied*, 177 N.J. 224 (2003)).  Further, a claim for negligent misrepresentation requires allegations of "economic loss or injury as a consequence of" reliance on a misrepresentation. *Mason v. Coca-Cola Co.*, 774 F. Supp. 2d 699, 705 (D.N.J. 2011).

Here, none of the stated causes of action allege how either plaintiff has been harmed.  The pleading is silent as to their injuries beyond speculation as to what may one day possibly occur (or not).  Absent an allegation of an injury, plaintiff lacks standing to raise these claims.  Accordingly, each of Plaintiffs' claims should be dismissed for lack of standing.

## II.    PLAINTIFFS' FIRST AMENDED COMPLAINT FAILS TO STATE A CLAIM.

To avoid dismissal under Rule 12(b)(6), the allegations of the complaint must "raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, and furnish "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A pleading, in other

10

words, must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Lopez v. Beard*, 333 F. App'x 685, 687 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678).

Critically, courts deciding motions to dismiss should not accept and in fact should disregard bald assertions, untenable inferences, or unsupported legal conclusions disguised as factual allegations. *See Twombly*, 550 U.S. at 555 ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do … [O]n a motion to dismiss, courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'").

A conclusory statement not supported with sufficient factual detail to lend that statement plausibility adds nothing to the sufficiency of the pleading. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) ("After *Iqbal*, it is clear that conclusory or 'bare-bones' allegations will no longer survive a motion to dismiss."); *id.* (court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions"); *Cohen v. Horizon Blue Cross Blue Shield of New Jersey*, No. 13-03057, 2013 WL 5780815, at *8 (D.N.J. Oct. 25, 2013) (dismissing ERISA claim where "the complaint is draped with conclusory assertions that

Horizon acted as a fiduciary and exercised discretionary authority [but] lacked specific facts to support the plausible inference that Horizon was, in fact, a fiduciary").

### A.  The State Law Claims (Counts I-IV)Are Preempted By ERISA, And Thus Fail As A Matter Of Law.

Plaintiffs' FAC asserts four causes of action under New Jersey state law.  Each of these claims must derive solely from coverage determinations made under a Cigna-administered health benefit plan that are regulated by ERISA.   Such claims are preempted "no matter how couched."  *Pryzbowski v. U.S. Healthcare, Inc.*, 245 F.3d 266, 273 (3d Cir. 2001).

Plaintiffs do not explicitly allege that Bonelli is a beneficiary of a health benefits plan administered by Cigna.  *See generally* FAC.  This underlying—and essential—fact can be inferred from other allegations that are included in the FAC.  *See, e.g.*, FAC ¶¶ 6, 7 (references to the Om Log USA, Inc. Plan); *id*. ¶ 12 (preauthorization for services was submitted to Cigna); *id*. ¶¶ 18-23 (appeal correspondence with Cigna); *id*. ¶ 27 ("defendant was paid premiums by plaintiff").  As explained more fully below, each of Plaintiffs' claims are based on or implicate an employer-sponsored health benefits plan.  *See* Wohlforth Decl., Ex. C.[4]  The

---

[4] "The Summary Plan Document is integral to the Amended Complaint and is therefore properly considered by the Court."  *Cho v. Prudential Ins. Co. of Am.*, No. 19-19886-JMVSCM, 2021 WL 4438186, at *11 (D.N.J. Sept. 27, 2021) (citing *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859 n.8 (3d Cir. 1994)); *see also Enlightened Sols.,*

preauthorization letter on which Plaintiffs base their claims specifically states that the terms of the plan control.  *See* Ex. A.  Plaintiffs also admit that ERISA governs this dispute.  FAC ¶ 55.

### i.     ERISA Preempts State Law Causes Of Action.

ERISA contains two statutory provisions that preempt state law causes of action.  The first, section 502(a), 29 U.S.C. § 1132(a), constitutes "complete preemption," as it sets forth a comprehensive civil enforcement scheme and forecloses any state law claim that falls within its zone of influence.  *See Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 54 (1987) (noting that "the detailed provisions of § 502(a) set forth a comprehensive civil enforcement scheme" that "would be completely undermined if ERISA-plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA"), *overruled in part on other grounds by Ky. Ass'n of Health Plans v. Miller*, 538 U.S. 329 (2003); *see also Pascack Valley Hosp., Inc. v. Local 464A UFCW Welfare Reimbursement Plan*, 388 F.3d 393, 398 n.4 (3d Cir. 2004), *cert. denied*, 546 U.S. 813, 126 S. Ct. 336 (2005).  Accordingly, "if the actual harm complained of by the plaintiff is a denial of benefits, then the claim falls within the scope of § 502(a) and is completely preempted."  *Fritzky v. Aetna Health, Inc.*, No. 08–5673, 2009 WL 2905374, at *4

---

*LLC v. United Behav. Health*, No. 18-06672-NLH-AMD, 2018 WL 6381883, at *3-4 (D.N.J. Dec. 6, 2018) (considering benefits plan document on motion to dismiss).

(D.N.J. Sept. 2, 2009); *see also Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004) ("any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted").

ERISA's second preemption provision, which effectuates what is known as "express preemption," is set out in section 514(a), 29 U.S.C. § 1144(a).  Section 514(a) preempts "any and all state laws" that "relate to any employee benefit plan." Express preemption is "deliberately expansive," as the Supreme Court has held. *Pilot Life*, 481 U.S. at 46.  "A rule of law relates to an ERISA plan if it is specifically designed to affect employee benefits plans, if it singles out such plans for special treatment, or if the rights or restrictions it creates are predicated on the existence of such a plan." *United Wire, Metal & Mach. Health & Welfare Fund v. Morristown Mem'l Hosp.*, 995 F.2d 1179, 1192 (3d Cir.) (footnotes omitted), *cert. denied sub nom. NYSA-ILA Welfare Fund v. Dunston*, 510 U.S. 944 (1993).  Section 514(a) "governs the law that will apply to state law claims, regardless of whether the case is brought in state or federal court." *Pascack Valley Hosp., Inc.*, 388 F.3d at 398 n.4.

Indeed, a state law "relates to" an ERISA benefit plan – and is therefore preempted – when "it has a connection with or reference to such a plan," *Metro. Life Ins. Co. v. Mass.*, 471 U.S. 724, 739 (1985), *overruled in part on other grounds by*

14

*Ky. Ass'n of Health Plans*, 538 U.S. 329, or when "the existence of [an ERISA] plan is a critical factor in establishing liability," *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 139-40 (1990).  Thus, a state cause of action which provided a remedy not available under the civil enforcement mechanism of ERISA, section 502(a), is preempted.  *Davila*, 542 U.S. at 214.  This is true even if the other preemption mechanism of ERISA, section 514(a), did not apply, that is, even if the state law on which the member relied did not relate to an employee benefit plan.  *Id.* at 214 n.4.

Taken together, these two sections create a preemption regime that "establishes as an area of exclusive federal concern the subject of every state law that 'relate[s] to' an employee benefit plan governed by ERISA."  *FMC Corp. v. Holliday*, 498 U.S. 52, 58 (1990) (alteration in original).

> ### ii.  Each Of Plaintiffs' State Law Claims Challenges Benefit Determinations Made As To Claims Under An ERISA Plan, And Thus Are Preempted.

Plaintiffs' FAC essentially seeks to have Cigna retroactively authorize a service that is not covered under Bonelli's health benefits plan and pay a benefit under the plan.  *See, e.g.*, FAC ¶¶ 17, 21, 29, 39-41, 52.  Plaintiffs assert four different causes of action to achieve that same goal, all with that same remedy.  Thus, each cause of action alleged seeks recovery of health insurance benefits that Cigna is alleged to have denied.  *See* FAC ¶¶ 24-53.  Further, the preauthorization letter on which Plaintiffs base their claims specifically states that the terms of the plan control:

"This letter isn't a guarantee that your plan will pay for the services. . . . Please see your plan documents for details about your coverage." *See* Ex. A at 1.

Because Plaintiffs' state law claims undeniably "relate to" benefits purportedly due under the terms of Bonelli's employer-sponsored health benefits plan, they all are expressly preempted by section 514(a) of ERISA. *See Pryzbowski*, 245 F.3d at 278 ("[S]uits against HMOs and insurance companies for denial of benefits, even when the claim is couched in terms of common law negligence or breach of contract, have been held to be preempted by § 514(a)."); *Khan v. Guardian Life Ins. Co. of Am.*, No. 16-253, 2016 WL 1574611, at *2 (D.N.J. Apr. 19, 2016) (state-law claims all held to be preempted by ERISA because they "relate to the Plan"); *St. Peter's Univ. Hosp. v. N.J. Bldg. Laborers Statewide Welfare Fund*, 431 N.J. Super. 446, 460-61 (App. Div. 2013) (state law claims preempted where court would be required to examine and consult the terms of the ERISA plan to determine whether the Fund was liable under either state law cause of action); *Alston v. Atl. Elec.* Co., 962 F. Supp. 616, 622-24 (D.N.J. 1997) (dismissing fraud, negligent misrepresentation and promissory estoppel claims on ERISA preemption grounds); *Kollman v. Hewitt Assocs., LLC*, No. 03-2944, 2003 WL 22331870, at *3-4 (E.D. Pa. Sept. 22, 2003) (holding that plaintiff's state law claims, including negligent misrepresentation, were preempted by ERISA), *rev'd on other grounds*, 487 F.3d 139 (3d Cir. 2007).

16

Because these claims necessarily deal with "the calculation and payment of the benefit due and require[ ] the existence of the plan and reference to its terms," they are expressly preempted by section 514(a) of ERISA. *Atl. Spinal Care v. Aetna*, No. 12–6759, 2014 WL 1293246, at \*6 (D.N.J. Mar. 31, 2014) (collecting cases) (internal quotations and citation omitted); *see also Ford v. Unum Life Ins. Co. of Am.*, 351 F. App'x 703, 706 (3d Cir. 2009) (affirming lower court's determination that plaintiff's state-law claims, including breach of contract, were preempted by § 514); *Horan v. Reliance Std. Life Ins. Co.*, No. 12-7802, 2014 WL 346615, at \*7 (D.N.J. Jan. 30, 2014) (claim for breach of contract rooted in alleged refusal to pay entirety of plaintiff's insurance claims was preempted since it related to an ERISA-governed plan).

Accordingly, each of Plaintiffs' state-law claims challenges benefit determinations made as to claims under an ERISA plan, and thus are preempted and should be dismissed.

### B. Count I For Breach Of Implied Contract Fails To State A Claim.

Count I seeks to have the Court recognize an implied-in fact contract that was allegedly created through vague, conclusory allegations about the parties' relationship. *See* FAC ¶ 25. The parties' relationship is governed, however, by the health benefits plan through which Bonelli purportedly receives those benefits. *See* Ex. C. The existence of a written agreement—*i.e.*, the health benefits plan—

17

precludes recovery by Plaintiffs on an implied-in-fact contract. *See Plastic Surgery Ctr., P.A. v. Cigna Health & Life Ins. Co.*, No. 17-02055, 2019 WL 1916205, at *7 (D.N.J. April 30, 2019) (finding the implied-in-fact contract failed where there was an express contract based on the same subject matter); *Shalita v. Twp. of Washington*, 270 N.J. Super. 84, 90–91 (App. Div. 1994) ("[G]enerally, the parties are bound by their agreement and there is no ground for an additional obligation where there is a valid unrescinded contract that governs their rights").

"It is a well settled rule that an express contract excludes an implied one. An implied contract cannot exist when there is an existing express contract about the identical subject. The parties are bound by their agreement, and there is no ground for implying a promise." *Moser v. Milner Hotels*, 6 N.J. 278, 280 (1951) (as cited by *Markeim-Chalmers, Inc. v. Willingboro Urb. Renewal, LLC*, No. A-5469-14T3, 2017 WL 3297479, at *12 (N.J. Super. Ct. App. Div. Aug. 3, 2017)).

In any event, Plaintiffs' breach of implied contract claim fails to plead the essential elements of that claim.  To state a claim for breach of contract, a plaintiff must allege "(1) a contract between the parties; (2) a breach of that contract; (3) damages flowing there from; and (4) that the party stating the claim performed its own contractual obligations." *Gordon v. United Cont'l Holding, Inc.*, 73 F. Supp. 3d 472, 478 (D.N.J. 2014).  "The elements of an implied-in-fact contract, as well as the elements to state a claim for a breach thereof, are the same as for express

contracts – that is, to prove the existence of an implied contract, Plaintiffs must demonstrate mutual assent, consideration, legality of object, and legal capacity of the parties." *Powell v. Seton Hall Univ.*, No. 22-13709-WJM-JSA, 2022 WL 1224959, at *10 (D.N.J. Apr. 26, 2022) (citing *Duffy v. Charles Schwab & Co.*, 123 F. Supp. 2d 802, 818 (D.N.J. 2000)). The difference, however, between an implied and an express contract is that proof of an implied contract is inferred from the conduct of the parties rather than any verbal or written expression. *See Fittipaldi v. Monmouth Univ.*, No. CV2005526MASZNQ, 2021 WL 2210740, *4 (D.N.J. June 1, 2021) (quotations omitted).

*First*, Plaintiffs fail to allege mutual assent or an implied agreement for payment for her procedure. *Cf.* FAC ¶¶ 28-32. The initial authorization letter clearly states that it is not "a guarantee that your plan will pay for the services." Ex. A at 1. And, as the FAC and documents referenced therein acknowledge, Cigna corrected the initial preauthorization prior to the surgery. *See* FAC ¶ 16; Ex. B. Thus, the original authorization letter cautioning that payment was dependent on plan terms and the second letter stating that the procedure was not in fact authorized, conclusively negate any allegation that there was a meeting of the minds. *See Kernahan v. Home Warranty Adm'r of Fla., Inc.*, 236 N.J. 301, 319 (2019) ("[T]here must be a meeting of the minds for an agreement to exist before enforcement is considered.").

19

Moreover, the revocation of the preauthorization could also be considered a revocation of any offer lacking consideration. It is well accepted that revocation of an offer that lacks consideration prior to performance negates the existence of any mutual assent. *See Am. Handkerchief Corp. v. Frannat Realty Co.*, 17 N.J. 12, 17 (1954). As the preauthorization was revoked prior to the surgery performed, there was no meeting of the minds here.

*Second*, Plaintiffs fail to show damages flowing from any breach of the alleged contract. As explained more fully in Section I *supra*, Plaintiffs have failed to allege any harm. Plaintiffs' failure to allege any harm also dooms the FAC under *Twombly*'s pleading standard. *See* 550 U.S. at 555.

## C.   Count II For Breach Of The Covenant Of Good Faith And Fair Dealing Fails To State A Claim.

Count Two is a repackaging of Plaintiffs' breach of implied contract claim for ERISA benefits. Plaintiffs base this claim on the parties' "contractual relationship" and makes vague references to an unspecified "breach[,]" which boils down to Plaintiffs' dissatisfaction with Cigna's reimbursement for its out-of-network claims. FAC ¶¶ 35-36. Grounds already discussed require dismissal of this Count; the allegations are woefully inadequate to state anything more than the "unadorned, the-defendant-unlawfully-harmed-me accusation" disapproved by the Supreme Court. *Iqbal*, 556 U.S. at 678.

As yet another ground, Plaintiff's allegations underlying this claim are

duplicative of its contracts claim for ERISA benefits. *See MZL Capital Holdings, Inc. v. TD Bank, N.A.*, 734 F. App'x 101, 106 (3d Cir. 2018) (noting that "no claim for a breach of the covenant of good faith and fair dealing may lie . . . unless the underlying conduct is distinct from that alleged in a corresponding breach of contract claim," and affirming dismissal of "duplicative" good faith and fair dealing claim); *Lewis v. Gov't Emps. Ins. Co.*, No. 18-05111, 2019 WL 1198910, at *3 (D.N.J. Mar. 14, 2019) (joining "other rulings from this District" and dismissing as duplicative a claim for breach of good faith and fair dealing "rooted in the same allegations" as the contract claim).

### D. Count III For Promissory Estoppel Fails To State A Claim.

The Third Count, alleging promissory estoppel,[5] fails to state a claim for several reasons already stated but, additionally, because (i) Plaintiffs do not identify a promise made by Cigna in support of the cause of action, and, (ii) even if a promise

---

[5] Folded in to Plaintiffs' promissory estoppel and negligent misrepresentation claims is an allegation that of a violation of an unidentified "law barring retroactive withdrawal of pre-authorization." FAC ¶¶ 45, 52. Presumably, Plaintiffs intend to refer to New Jersey's Health Claims Authorization, Processing and Payment Act ("HCAPPA"). N.J.S.A. § 17B:30-53(a)(1). However, courts in this District have recognized these regulations do not provide a private cause of action. Consequently, any such cause of action, if one is even alleged, hidden in this Count must be dismissed. *See, e.g.*, *MHA, LLC v. Amerigroup Corp.*, 539 F. Supp. 3d 349, 359 (D.N.J. 2021) (declining to find that HCAPPA implies a private cause of action and dismissing alleged violations of HCAPPA because "[i]mplying a private right of action would undermine the Legislature's directives to insurers to follow a particular dispute-resolution scheme"). In any event, reliance on this statute does not save Plaintiffs' promissory estoppel or negligent misrepresentation claims.

of payment could be construed from the FAC, any reliance on such a promise would have been unreasonable due to its indefinite nature and revocation prior to the surgery being performed.  The elements of promissory estoppel are "(1) a clear and definite promise by the promisor; (2) the promise must be made with the expectation that it will induce reliance by the promisee; (3) the promisee must reasonably rely upon the promise; and (4) the promisee must experience detriment of a definite and substantial nature by relying on the promise."  *Pitak v. Bell Atl. Network Servs., Inc.*, 928 F. Supp. 1354, 1367 (D.N.J. 1996).

*First*, Plaintiffs do not allege a clear and definite promise.  Like the claim for breach of contract, Plaintiffs' failure to allege anything specific about the promises made is fatal to their claim.  "Under New Jersey law, the *sine qua non* of a promissory estoppel claim is a clear and definite promise."  *Scagnelli v. Schiavone*, 538 F. App'x 192, 194 (3d Cir. 2013) (quoting *Ross v. Celtron Int'l, Inc*., 494 F. Supp. 2d 288, 296 (D.N.J. 2007)).  "Indefinite promises or promises subject to change by the promisor are not 'clear and definite' and cannot give rise to a claim for promissory estoppel."  *Mejias v. Am. Boychoir Sch*., No. 11-0562, 2011 WL 3235711, at *5 (D.N.J. July 27, 2011) (quoting *Del Sontro v. Cendant Corp*., 223 F. Supp. 2d 563, 574 (D.N.J. 2002)); *Zhejiang Rongyao Chem. Co. v. Pfizer Inc.*, No. 11-5744, 2012 WL 4442725 at *6 (D.N.J. Sept. 21, 2012) (dismissing promissory estoppel claim where complaint was "devoid of any specific allegations regarding

22

who communicated the alleged promise . . . , when and where it was made, or what the specific parameters of the promise were."); *Lobiondo v. O'Callaghan*, 357 N.J. Super. 488, 500 (App. Div. 2003) (the need for a "clear and definite promise" is heightened in cases seeking specific performance of a contract).

Here, Plaintiffs have offered no details of Cigna's alleged promise, including, most importantly, how much Cigna allegedly promised to pay. *See, e.g.*, *U.S. Bank Nat. Ass'n v Fowlkes*, No. F-034575-14, 2016 WL 392713, at *4 (Ch. Div. Jan. 26, 2016). Indeed, the authorization letter on which Plaintiffs base their claim clearly stated that it was not "a guarantee that your plan will pay for the services." Ex. A at 1. Moreover, the letter sent one day later and prior to the surgery clarified that the services were not authorized because Bonelli's benefits plan does not cover out-of-network services. Ex. B.

*Second*, Plaintiffs have failed to plausibly allege reasonable reliance, which is a required element for their promissory estoppel claim. *See Pitak*, 928 F. Supp. at 1367 (reliance was not reasonable based on information provided to plaintiffs prior to taking action); *Tredo v. Ocwen Loan Servicing, LLC*, No. 14-3013 JLL, 2014 WL 5092741, at *7 (D.N.J. Oct. 10, 2014) ("Plaintiff has not alleged facts that give rise to the inference that she reasonably relied on Defendant's promise to her definite and substantial detriment."). The August 19, 2021 letter correcting the prior authorization letter was issued prior to the surgery occurring on August 20, 2021.

*Compare* Ex. B *with* FAC ¶ 14.   Plaintiffs were therefore on notice that there the procedure was not authorized, and Plaintiffs have not pled any facts to show that any reliance on the August 18, 2021 letter was somehow reasonable in spite of the correction.

*Third*, for the reasons stated in Section I, *supra*, Plaintiffs' conclusory allegation that "Plaintiff [*sic*] has been damaged", FAC ¶ 47 (emphasis added), is not a "definite and substantial detriment." *Pop's Cones, Inc. v. Resorts Intern. Hotel, Inc.*, 307 N.J. Super. 461, 482 (App. Div. 1998) ("the claimed detrimental reliance, the forebearance from seeking other sources of funding in reliance on the bank's voluntary promise to supply such funds, was not of the substantial nature required by the doctrine of promissory estoppel").  Plaintiffs have failed to allege anything other than a possible future, indefinite detriment that might occur if an *unknown* number of medical bills might be sent to Bonelli for an *unknown* amount at an *unknown* time—and the entire theory further supposes that claims for these as-yet-unaccrued medical obligations would be denied reimbursement.  *Cf. id.* at 469 ("The essential justification for the promissory estoppel doctrine is to avoid the substantial hardship or injustice which would result if such a promise were not enforced.").

### E.    Count IV For Negligent Misrepresentation Fails To State A Claim.

To state a claim for negligent misrepresentation, a plaintiff must show "(1) an incorrect statement, (2) negligently made, (3) upon which plaintiff justifiably relied,

and (4) resulted in economic loss or injury as a consequence of that reliance." *Mason v. Coca–Cola Co.*, 774 F. Supp. 2d 699, 704 (D.N.J. 2011).  Rule 9(b) applies to a claim for negligent misrepresentation. *Dist. 1199P Health & Welfare Plan v. Janssen, L.P.*, 784 F. Supp. 2d 508, 532 (D.N.J. 2011); *Demaria v. Horizon Healthcare Servs.*, 2013 WL 3938973, *6 (D.N.J. July 31, 2013). Plaintiff must therefore "allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007); *see also In re Advanta Corp. SEC. Litig.*, 180 F.3d 525, 534 (3d Cir. 1999) (fraud claimant must allege "the who, what, when, where, and how: the first paragraph of any newspaper story").  This cause of action fails for reasons previously stated.

*First*, Plaintiffs fail to identify an incorrect statement.  Plaintiffs allege that "Defendant negligently represented that they would provide proper payment to Plaintiff's doctor . . . including by way of preauthorization."  FAC ¶ 49.  Plaintiffs do not identify the exact "date, time and place" this representation made.  If the supposed "date, time and place" were claimed to be in the August 18, 2021 preauthorization letter (no such express allegation appears), that letter specifically states that it is not a guarantee of payment.  *See* Ex. A at 1.  No other representation is alleged.

*Second*, even if Plaintiffs could identify an incorrect statement—which they have not done—Plaintiffs have not alleged any facts alleging justifiable reliance. *See supra*, Section II(D).  Plaintiffs received a correction of the authorization prior to the surgery being performed.  *See* FAC ¶ 16; Ex. B.  Moreover, the Om Log USA, Inc. benefit plan, the controlling document here, makes clear that her plan does not provide coverage for out-of-network services such as those provided here.  *See* Ex. C at 15-18.  Any reliance on the, later revoked, preauthorization cannot have been reasonable on the facts that Plaintiff herself has pled.

*Third*, for the reasons previously stated in Section I *supra*, Plaintiffs have not alleged facts claiming an economic loss or injury.  *See also Twombly*, 550 U.S. at 555 (the allegations of the complaint must "raise a right to relief above the speculative level" and do more than "a formulaic recitation of the elements of a cause of action").

*Finally*, Plaintiffs' negligent misrepresentation claim is precluded by the economic loss doctrine. That doctrine "prohibits plaintiffs from recovering in tort economic losses to which their entitlement only flows from a contract." *Duquesne Light Co. v. Westinghouse Elec. Co*., 66 F.3d 604, 618 (3d Cir. 1995); *Arcand v. Brother Int'l Corp.*, 673 F. Supp. 2d 282, 308 (D.N.J. 2009) ("Whether a tort claim can be asserted alongside a breach of contract claim depends on whether the tortious conduct is extrinsic to the contract between the parties."). Thus, the (unidentified)

economic losses which Plaintiffs seek to recover in their negligent misrepresentation claim are the same as those they seeks to recover in their contract-based claims, and the conduct giving rise to the misrepresentation claim is not extrinsic to the contract—either through express contract or negligent misrepresentation, Plaintiffs seek future payment of a bill for a surgical procedure (that may never come). The negligent misrepresentation claim is therefore precluded by the economic-loss doctrine.

### F.      Count V For ERISA Benefits Fails To State A Claim.

Plaintiffs have failed to meet their basic pleading burden of alleging which terms of the Plans entitles them to relief under ERISA § 502(a)(1)(B).  To state an ERISA claim for plan benefits, a plaintiff must demonstrate that he is entitled to "benefits due to him *under the terms of his plan*."  29 U.S.C. § 1132(a)(1)(B). Because plan terms are "at the center of ERISA," *US Airways, Inc. v. McCutchen*, 569 U.S. 88, 100–01 (2013), an unescapable requirement of stating a benefits claim is first to "demonstrate that the benefits *are actually 'due'*" under the plan—"that is, [the ERISA plaintiff] must have a right to benefits that is legally enforceable against the plan[,]"  *Hooven v. Exxon Mobil Corp.*, 465 F.3d 566, 574 (3d Cir. 2006); *see also Hein v. F.D.I.C.*, 88 F.3d 210, 215 (3d Cir. 1996) ("Only the words of the Plan itself can create an entitlement to benefits.").

"Nothing in the [plans], ERISA, or the applicable case law interpreting ERISA

confers a right upon [an out-of-network provider] . . . to demand anything other than the out-of-network allowance which [the plan sponsor] opted to underwrite as a benefit." *K.S. v. Thales USA, Inc.*, 2019 WL 1895064, at *5 (D.N.J. Apr. 29, 2019); *see also Univ. Spine Ctr. v. Cigna Health & Life Ins. Co.*, No. 17-13596, 2018 WL 4144684, at *3 (D.N.J. Aug. 29, 2018) (McNulty, J.) ("*Univ. Spine Ctr. I*") ("join[ing] recent holdings of other judges of this district" in "emphasiz[ing] that an ERISA claim requires plaintiff to allege and prove an entitlement to 'benefits due to him *under the terms of his plan*'") (emphasis added); *Advanced Rehab., LLC v. UnitedHealth Grp., Inc.*, No. 10-00263, 2011 WL 995960, at *2-3 (D.N.J. Mar. 17, 2011) (Cavanaugh, J.) (listing, quoting, and summarizing the health plans under which a class of plaintiffs brought ERISA claims).

Plaintiffs have not met their burden here.  They have not articulated any particular Plan language that allegedly entitles them to the benefit they seek, and it has not articulated how that language was allegedly violated, both of which must be properly pled in order to survive a motion to dismiss.  *See Univ. Spine Ctr. I*, 2018 WL 4144684, at *3 (dismissing complaint for failure to identify pertinent plan language or state why amount of reimbursement was wrong).  In fact, the Plan expressly does ***not*** provide for the benefit sought here – reimbursement for services provided by an out-of-network provider.  *See* Wohlforth Decl., Ex. C at 15-18; *see also* FAC ¶ 19.

The first element in a claim for coverage is establishing that the plan (or insurance policy) grants coverage.  *See Pain & Surgery Ambulatory Ctr., P.C. v. Conn. Gen. Life Ins. Co*., No. 11-5209, 2012 WL 3781516, at *7 (D.N.J. Aug. 30, 2012), *aff'd*, 532 F. App'x 209 (3d Cir. 2013); *Funicelli v. Sun Life Fin. (US) Servs. Co*., No. 12-06659, 2014 WL 197911, at *3, 9 (D.N.J. Jan. 14, 2014).  Plaintiffs here have not plausibly alleged that the Plan provides coverage for the service in question.  Unless Plaintiffs can point to a provision of the Plan that has been violated, which they fail to do here, there can be no cause of action under ERISA.

### G.     Count VI For Breach of Fiduciary Duty Fails To State A Claim.

In Count VI, Plaintiffs assert the same theory as in Count V—that Cigna improperly "den[ied] payment for the medical bill at issue," FAC ¶ 68—except Plaintiffs couch it as a breach of Cigna's ERISA fiduciary duty.

This Count should be dismissed for two reasons.  *First*, it is premised on the same mistaken assumption as the benefits claim.  The Plan does not require Cigna to pay for services by an out-of-network provider.  This was clarified prior to the services in question.  FAC ¶¶ 19, 69; Wohlforth Decl. Ex. B.  Having failed to point to any divergence from the terms of the Plan, Plaintiff has not and cannot plausibly allege a breach of fiduciary duty thereunder.  *See* Point II.F., *supra*; *see also Erhart v. Plasterers Loc. 8 Annuity Fund*, No. 19-6812, 2019 WL 6318310, at *4 (D.N.J. Nov. 26, 2019) (dismissing breach of fiduciary duty claim where plaintiff "fail to

indicate how Defendants' actions contradicted the plain language of the Plan Document").

*Second*, Count VI should also be dismissed as duplicative, because Plaintiffs are seeking the same relief under a fiduciary duty theory as under their ERISA benefits theory.  According to the Third Circuit, "where the resolution of [a] claim rests upon an interpretation and application of an ERISA-regulated plan rather than upon an interpretation and application of ERISA," section 502(a)(3) does not apply, because in that scenario "[a] claim for breach of fiduciary duty is actually a claim for benefits."  *Harrow*, 279 F.3d at 254 (internal quotations and citation omitted).

Section 502(a)(3) authorizes a beneficiary to seek recovery for individual harm stemming from a plan fiduciary's breach of duty.  *See In re Unisys Corp. Retiree Med. Benefit ERISA Litig.*, 57 F.3d 1255, 1267 (3d Cir. 1995) (observing that "a direct action for breach of fiduciary duty exists in the 'other appropriate equitable relief' clause of section 502(a)(3)(B) of ERISA"); *see also Morley v. Avaya, Inc.*, No. 04-409, 2006 WL 2226336, at *23-24 (D.N.J. Aug. 3, 2006).  Importantly, however, the Supreme Court has held that section 502(a)(3) is a "catchall" provision that "act[s] as a safety net, offering appropriate equitable relief for injuries caused by violations that § 502 does not elsewhere adequately remedy." *Varity Corp. v. Howe*, 516 U.S. 489, 512 (1996).

In other words, if a claim for benefits under section 502(a)(1) will make the

claimant whole, then equitable relief under section 502(a)(3) is redundant and thus not available. *See McCoy v. Bd. of Trs. of Laborers' Int'l Union Local No. 222*, 188 F. Supp. 2d 461, 472 n.10 (D.N.J. 2002) (equitable relief under § 502(a)(3) "not appropriate" where plaintiff "cannot receive anything in his breach of fiduciary duty claims that I have not already awarded him under his claims for benefits"), *aff'd*, 60 F. App'x 396 (3d Cir. 2003). There can be no question that the fiduciary duty claim in this case is really just a claim for benefits; Count VI states in so many words that plaintiff seeks "payment for the medical bill at issue" that has been "withheld." FAC ¶¶ 68, 69. It is inescapable—at the pleading stage—that this is duplicative of the claim Count V and should be dismissed. *See Franco v. Conn. Gen. Life Ins. Co*., No. 07-6039, 2014 WL 2861428, at *1 n.3 (D.N.J. June 24, 2014), *aff'd*, 647 F. App'x 76 (3d Cir. 2016); *Bickhart v. Carpenters Health & Welfare Fund of Pa. & Vicinity*, 732 F. App'x 147, 153 (3d Cir. 2018) (instructing courts to be "wary of fiduciary breach claims under ERISA that . . . are 'actually [claims] based on denial of benefits under the terms of [a] plan,'" and dismissing fiduciary claim that "allege[d] nearly identical misconduct" and sought "nearly identical relief" as the ERISA benefits claim).

## CONCLUSION

For reasons stated above, Cigna respectfully requests that this Court grant its motion to dismiss Plaintiffs' First Amended Complaint in its entirety.

Dated:  January 31, 2023          By:   s/ E. Evans Wohlforth, Jr.
                                        E. Evans Wohlforth, Jr., Esq.
                                        Caroline E. Oks, Esq.
                                        GIBBONS P.C.
                                        One Gateway Center
                                        Newark, New Jersey 07102-5310
                                        Telephone:   (973) 596-4905
                                        Facsimile:    (973) 639-6471
                                        ewohlforth@gibbonslaw.com
                                        coks@gibbonslaw.com

                                        *Attorneys for Defendant Cigna Health
                                        and Life Insurance Company*