Caroline E. Oks, Esq.
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102
Tel:  (973) 596-4500
Fax:  (973) 596-0545
coks@gibbonslaw.com

*Attorneys for Defendant*
*Cigna Health and Life Insurance Company*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARCO PALLAZI AND PIERANGELA BONELLI,<br><br>Plaintiff,<br><br>v.<br><br>CIGNA HEALTH AND LIFE INSURANCE COMPANY, JOHN OR JANE DOE 1 THROUGH 100, FICTITIOUS NAMES BEING NATURAL PERSONS AT PRESENT UNIDENTIFIED, XYZ CORPORATIONS 1 THROUGH 100, FICTITIOUS NAMES BEING CORPORATIONS AT PRESENT UNIDENTIFIED, ABC ENTITIES 1 THROUGH 100, FICTITIOUS NAMES BEING COMMERCIAL ENTITIES AT PRESENT UNIDENTIFIED.<br><br>Defendants. | Civil Action No.:  2:22-cv-06278-JMV-AME<br><br>**DECLARATION OF CAROLINE E. OKS, ESQ., IN SUPPORT OF MOTION TO SEAL**<br><br>*Document Electronically Filed* |

I, Caroline E. Oks, submit this Declaration in support of Defendant Cigna Health and Life Insurance Company's ("Cigna") Motion to Seal Exhibits A-C to Defendant's Motion to Dismiss Plaintiff's First Amended Complaint [ECF No. 15].

1.       I am an attorney duly authorized to practice law in the State of New Jersey and a member in good standing of the bar of this Court.  I am a member of the law firm of Gibbons P.C., counsel for Cigna.

2.      I submit this Certification in accordance with Local Civil Rule 5.3 based upon my personal knowledge in support of the Motion to Seal.  The information that Cigna seeks to seal consists of (1) Plaintiff Pierangela Bonelli's confidential Personal Health Information ("PHI"); and (2) Cigna's confidential business information contained in the Om Log USA Inc. Summary Plan Description.

3.      In accordance with Local Civ. R. 5.3(c)(3), attached hereto as Appendix A is a table documenting all materials to be sealed, the nature of the materials to be sealed, the legitimate private or public interest which warrants the relief sought, the clearly defined and serious injury that would result if the relief sought is not granted; and why a less restrictive alternative to the relief sought is not available.  In summary, the information that Cigna seeks to protect from public disclosure is confidential PHI and Cigna's proprietary business information.

4.      Exhibits A and B are letters from Cigna to Plaintiff Bonelli that contain confidential PHI. Cigna has a legitimate interest in maintaining the confidentiality of the information contained in the foregoing documents and avoiding the public disclosure of this information because it includes personal information about protected health information.  *See e.g.*, *Rosario v. Doe*, 2013 U.S. Dist. LEXIS 89426 (D.N.J. June 25, 2013) (Bumb, J.) (sealing records containing private medical information or proprietary information).

5.      In practice Cigna, generally files documents containing PHI completely under seal or with confidential PHI redacted.  In accordance with Local Rule 5.3(c)(3)(f), this office contacted Plaintiffs' counsel to inquire as to Plaintiffs' position on whether the documents filed under seal should remain sealed.  Plaintiffs have taken the position that Exhibits A and B need not be sealed, but rather requested that all but the last four digits of the customer ID number be

redacted.  Cigna disagrees with Plaintiffs' position, but as it Plaintiffs' PHI at issue, Cigna will defer to Plaintiffs' request and submits redacted versions of Exhibits A and B herewith.

6.      Exhibit C consists of a portion of the Summary Plan Description ("SPD") for the health benefits plan at issue in this litigation.  The SPD contains commercially sensitive and proprietary information concerning the terms of the health benefits that Om Log USA Inc. offered and Cigna administered.

7.      In accordance with Local Rule 5.3(c)(3)(f), this office contacted Plaintiffs' counsel via e-mail on April 27 and May 9, 2023 to inquire as to Plaintiffs' position on whether the documents filed under seal should remain sealed.  On May 9, 2023, Plaintiffs responded objecting *inter alia* to the sealing of Ex. C because it is not marked confidential and Cigna is required by law to provide the SPD to all covered employees.

8.      Cigna has a substantial interest in protecting the confidentiality of the plan terms it administers on behalf of its clients (here, the patient's employer, Om Log USA Inc.) and their members.  Disclosure of these terms to competitors poses significant risk of harm both to Cigna and Om Log USA Inc. because their respective competitors could directly benefit from the use of such information.  *See Goldenberg v. Indel, Inc.*, 2012 U.S. Dist. LEXIS 479, at *8-12 (D.N.J. Jan. 3, 2012) (permitting the sealing of business agreements containing commercially sensitive and proprietary non-public business information and confidential financial information); *Vista India, Inc. v. RAAGA, LLC*, No. 07-1262, 2008 U.S. Dist. LEXIS 24454, at *9 (D.N.J. Mar. 27, 2008) (stating that party had interest in "maintaining the confidentiality of the terms of its agreements"); *Pfizer Inc. v. Teva Pharms. USA, Inc.*, No. 08-1331, 2009 U.S. Dist. LEXIS 65031, at *2 (D.N.J. July 28, 2009).  Courts in this District routinely accept the filing of SPDs under seal.  *See, e.g.*, *Atlantic Orthopaedic Associates v. Cigna*, No. 2:20-cv-12340-MCA-MAH

3

(D.N.J. Feb. 20, 2021, ECF No. 23; *The Plastic Surgery Center, P.A. v. Cigna Health and Life Insurance Co.*, No.3:17-cv-02055-FLW-DEA (D.N.J. Nov. 18, 2020), ECF No. 126 & 124-1; *Medwell, LLC v. Cigna Corp.*, No. 20-CV-10627-KM-ESK, 2020 WL 7694008, at *5 (D.N.J. Dec. 28, 2020) (sealing portions of Summary Plan Descriptions).

9.      Disclosure of the SPD could also negatively affect Cigna's relationship with its clients, and Om Log USA Inc.'s relationship with its members, in the future.

10.     Public filing of the SPD would cause Cigna to suffer irreparable injury in the form of losing competitive advantage as a result of disclosure of sensitive internal corporate information, negative publicity, and subsequent economic harm.  For example, disclosure of the terms Cigna has reached with certain of its clients could affect Cigna's ability to compete with other insurers, and affect its bargaining power in future negotiations with similar clients.  That the SPD is shared with plan members and beneficiaries does not mean that it should be made publically available.

11.     To protect Cigna from unwarranted and irreparable harm, and because the SPD is not a publicly available document, sealing the SPD constitutes the least restrictive alternative to the relief being sought.

12.     Accordingly, Cigna respectfully requests that the Court redact Exhibits A-B and permanently seal Ex. C of Defendant's Motion to Dismiss Plaintiffs' First Amended Complaint [ECF No. 15].  Cigna submits that there is no less restrictive alternative available.

13.     Cigna respectfully submits that it has satisfied the criteria for sealing a judicial record set forth in Local Civil Rule 5.3.  Accordingly, Cigna requests that the Court grant its motion to seal materials.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury under the laws of the

United States of America that the foregoing is true and correct.

Dated:  May 10, 2023                    By: s/ Caroline E. Oks
                                            Caroline E. Oks, Esq.
                                            **GIBBONS P.C.**
                                            One Gateway Center
                                            Newark, New Jersey 07102
                                            (973) 596-4500
                                            coks@gibbonslaw.com
                                            *Attorneys for Defendant Cigna Health and*
                                            *Life Insurance Company*

Appendix A to the Declaration of Caroline E. Oks, Esq.

| Document Title/ ECF No. | Basis for Sealing | Clearly Defined and Serious Injury that Would Result if the Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|
| Letter from Cigna to Plaintiff Bonelli, Ex. A to Cigna's Motion to Dismiss [ECF No. 15] | Document consists of confidential protected health information. | If relief is not granted, this information can be used to identify the patient's confidential information. | A redacted version of the document has been filed herewith.  It is believed that no less restrictive alternative is available to prevent the disclosure of protected health information. | No | No objections. *See* Oks Declaration ¶ 5. |
| Letter from Cigna to Plaintiff Bonelli, Ex. B to Cigna's Motion to Dismiss [ECF No. 15] | Document consists of confidential protected health information. | If relief is not granted, this information can be used to identify the patient's confidential information. | A redacted version of the document has been filed herewith.  It is believed that no less restrictive alternative is available to prevent the disclosure of protected health information. | No | No objections. *See* Oks Declaration ¶ 5. |
| Om Log USA Inc. Summary Plan Description, Ex. C to Cigna's Motion to Dismiss [ECF No. 15] | Commercially sensitive and proprietary information concerning the terms of the health benefits, which are treated as confidential. | Loss of competitive advantage and bargaining power | The entirety of the document is confidential | No | Yes.  *See* Oks Declaration ¶ 7. |