Caroline E. Oks, Esq.
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102
Tel: (973) 596-4500
Fax: (973) 596-0545
coks@gibbonslaw.com

*Attorneys for Defendant*
*Cigna Health and Life Insurance Company*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MARCO PALLAZI AND PIERANGELA BONELLI,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>CIGNA HEALTH AND LIFE INSURANCE COMPANY, JOHN OR JANE DOE 1 THROUGH 100, FICTITIOUS NAMES BEING NATURAL PERSONS AT PRESENT UNIDENTIFIED, XYZ CORPORATIONS 1 THROUGH 100, FICTITIOUS NAMES BEING CORPORATIONS AT PRESENT UNIDENTIFIED, ABC ENTITIES 1 THROUGH 100, FICTITIOUS NAMES BEING COMMERCIAL ENTITIES AT PRESENT UNIDENTIFIED.<br><br>　　　　　　　　Defendants. | Civil Action No.: 2:22-cv-06278-JMV-AME<br><br>**[PROPOSED] FINDINGS OF FACT AND CONCLUSIONS OF LAW AND ORDER GRANTING MOTION TO SEAL**<br><br>*Document Electronically Filed* |

　　　　This matter having been opened before the Court upon the motion of Defendant Cigna Health and Life Insurance Company ("Cigna"), pursuant to Local Civil Rules 5.3(c)(2) and 7.1, for an order permanently sealing the Exhibits A-C to Defendant's Motion to Dismiss Plaintiff's First Amended Complaint [ECF No. 15]; and the Court having considered the submissions in support of, and any opposition to the motion, as well as the arguments of counsel, if any; and for good cause shown, the Court finds:

**FINDINGS OF FACT**

1. The information that Cigna seeks to seal consists of (1) Plaintiff Pierangela Bonelli's confidential Personal Health Information ("PHI"); and (2) Cigna's confidential business information.

2. Avoiding the public disclosure of this information is necessary to prevent harm to the parties. *See e.g.*, *Rosario v. Doe*, 2013 U.S. Dist. LEXIS 89426 (D.N.J. June 25, 2013) (Bumb, J.) (sealing records containing private medical information or proprietary information); *Goldenberg v. Indel, Inc.*, 2012 WL 15909, at *3 (D.N.J. Jan. 3, 2012) (granting motion to seal "commercially sensitive and proprietary non-public business information"); *Bracco Diagnostics, Inc. v. Amersham Health Inc.*, 2007 WL 2085350, at *9-10 (D.N.J. July 18, 2007) (granting motion to seal where the public availability of documents containing confidential business information would have put a party at a competitive disadvantage).

3. It is believed that no less restrictive alternative is available to prevent the disclosure of Plaintiffs' proprietary business information. This Motion to Seal has been narrowly tailored to seek sealing as to only those materials that have been deemed confidential.

**CONCLUSIONS OF LAW**

4. Upon consideration of the papers submitted in support of and in opposition to the motion and the materials that Cigna has designated as Confidential, the Court concludes that Cigna has met its burden of proving, under L. Civ. R. 5.3 and applicable case law, that the information should be filed under seal. Specifically, the Court concludes that: (a) Exhibits A-C to Defendant's Motion to Dismiss Plaintiff's First Amended Complaint [ECF No. 15] contain confidential information; (b) the parties have a legitimate interest in maintaining the confidentiality of this information in order to protect against disclosure; (c) public disclosure of

this information would result in clearly defined and serious injury; and (d) no less restrictive alternative to sealing the subject documents is available.

5. The foregoing conclusions are supported by relevant case law holding that the right of public access to court filings is not absolute, and may be overcome by a showing such as made here, in the discretion of the trial court. *See Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 603 (1978). The Court, upon such a proper showing, may in its discretion prevent confidential materials from being transmuted into materials presumptively subject to public access. *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 166 (3d Cir. 1993).

**BASED UPON** the foregoing findings of fact and conclusions of law:

**IT IS** on this \_\_\_\_ day of _____, 2023,

**ORDERED** that Cigna's Motion to Seal is hereby **GRANTED**; and it is

**FURTHER ORDERED** that the materials identified in Appedix A to the Declaration of Caroline E. Oks, Esq. are hereby **PERMANENTLY SEALED**.

_____
Hon. André M. Espinosa, U.S.M.J.