UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARCO PALAZI AND PIERANGELA BONELLI<br><br>Plaintiffs,<br><br>v.<br><br>CIGNA HEALTH AND LIFE INSURANCE COMPANY, et al.<br><br>Defendants. | Civil Action No. 22-cv-6278 |

**PLAINTIFF'S BREIF IN OPPOSITION TO DEFENDANT'S MOTION TO SEAL**

THE LAW OFFICES OF RICHARD MALAGIERE
A Professional Corporation
250 Moonachie Road, Suite 300A
Moonachie, New Jersey 07074
(201) 440-0675
Richard Malagiere
Leonard E. Seaman
Attorneys for Plaintiffs, Marco Palazi and Pierangela Bonelli

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................... ii

INTRODUCTION ..................................................................................................1

LEGAL ARGUMENT ............................................................................................1

CONCLUSION .......................................................................................................6

# TABLE OF AUTHORITIES

**Cases**

*Bonner v. Justia*,
    2019 U.S. Dist. LEXIS 188968 (D.N.J. Oct. 31, 2019) (Sheridan) ............... 5

*Centennial Mill v. Ply Gem Holdings*,
    2018 U.S. Dist. LEXIS 104475 (D.N.J. June 22, 2018) (Hillman) ................ 4

*FTC v. Thomas Jefferson Univ.*,
    2022 U.S. App. LEXIS 4231 (3d Cir. Feb. 16, 2022) (Ambro) ................. 4, 7

*Goldstein v. Forbes (In re Cendant Corp.)*,
    260 F.3d 183 (3d Cir. 2001) ................................................................. 5

*Kirschling v. Atlantic City Bd. of Educ.*,
    2014 U.S. Dist. LEXIS 148080 (D.N.J. Oct. 16, 2014) (Hillman) ................ 5

*Mitsubishi Tanabe Pharma Corp. v. Aurobindo Pharma USA*,
    2021 U.S. Dist. LEXIS 60675 (D.N.J. Mar. 30, 2021) (Skahill) ................... 4

*Novo Nordisk A/S v. Sanofi-Aventis US*,
    2008 U.S. Dist. LEXIS 7958 (D.N.J. Feb. 4, 2008) ...................................... 5

*Ragbir v. United States*,
    2018 U.S. Dist. LEXIS 140623 (D.N.J. Aug. 20, 2018) (McNulty) ............... 5

**Regulations**

2520.104b-2(a)(1) and (2) ................................................................................ 6

29 CFR 2520.104a-8(a)(1)(i) ........................................................................... 6

**Rules**

*Local Civ. R.* 5.3 ......................................................................................... 4, 6

# INTRODUCTION

Defendant, Cigna Health and Life Insurance Company ("Cigna") moves to seal exhibits submitted in support of its motion to dismiss (ECF No. 14) plaintiffs' first amended complaint (ECF No. 10). Plaintiffs do not oppose the proposed redactions to two of those documents—a letter that Cigna sent to plaintiffs advising that it had approved the surgical procedure that forms the basis of this suit (ECF No. 28-2) and a letter Cigna issued the following day denying coverage for an unrelated office visit (ECF No. 28-3). Those proposed redactions would simply bowdlerize plaintiff's Customer ID (a personal identifier) while keeping the remainder of the document public.

Plaintiffs oppose the attempt to seal the Summary Plan Description (the "SPD") that defendants ask this court to seal in its entirety. Sealing of this document is unnecessary and improper.

# LEGAL ARGUMENT

All materials filed with the court are presumed to be matters of public record and are not to be sealed. The Third Circuit cogently articulated the purpose of this presumption:

> A document filed with a district court becomes a "judicial record." And it is well established in our Circuit that the public has a "strong common law presumption of access" to its judicial records. This right promotes "confidence in the judicial system by enhancing testimonial trustworthiness and the quality of justice dispensed by the

> court." It also gives the public "a more complete understanding of the judicial system and a better perception of its fairness." Though a party may overcome this strong presumption by showing the right is outweighed by "compelling, countervailing interests," the "common law right of access begins with a thumb on the scale in favor of openness." The party moving to seal the documents must name a specific injury to be prevented— "[b]road allegations of harm, bereft of specific examples or articulated reasoning, are insufficient."

*FTC v. Thomas Jefferson Univ.*, 2022 U.S. App. LEXIS 4231 (3d Cir. Feb. 16, 2022) (Ambro) (citations omitted). Courts within this District have "repeatedly emphasized the public interest in disclosure of materials filed on this Court's docket, which often outweighs private interests in confidentiality. This Court is funded by the public and does not sit, in general, to resolve private disputes in secret." *Centennial Mill v. Ply Gem Holdings*, 2018 U.S. Dist. LEXIS 104475 (D.N.J. June 22, 2018) (Hillman). *See also*, *Mitsubishi Tanabe Pharma Corp. v. Aurobindo Pharma USA*, 2021 U.S. Dist. LEXIS 60675 (D.N.J. Mar. 30, 2021) (Skahill) (Noting "well-established … 'common law public right of access to judicial proceedings and records'") (*quoting Goldstein v. Forbes (In re Cendant Corp.)*, 260 F.3d 183, 192 (3d Cir. 2001)).

To overcome that presumption here, Cigna must comply with the mandates of Local Civ. R. 5.3. *See, Novo Nordisk A/S v. Sanofi-Aventis US*, 2008 U.S. Dist. LEXIS 7958 (D.N.J. Feb. 4, 2008) (Hughes). *Accord, Bonner v. Justia*, 2019 U.S. Dist. LEXIS 188968 (D.N.J. Oct. 31, 2019) (Sheridan) (quoting *Novo Nordisk* and

4

refusing to seal documents relating to motions because the motions did not comply with the Local Rules or provide "legitimate reasons" to seal). *See also, Ragbir v. United States*, 2018 U.S. Dist. LEXIS 140623 (D.N.J. Aug. 20, 2018) (McNulty); *Kirschling v. Atlantic City Bd. of Educ.*, 2014 U.S. Dist. LEXIS 148080 (D.N.J. Oct. 16, 2014) (Hillman).

Cigna has failed to meet its burden with respect to the SPD. First, it is not a confidential document. Cigna is required by federal regulations to furnish a copy the SDP "to each participant under the plan" within 90 days after they become a participant or 120 days after the plan becomes subject to ERISA. 29 C.F.R. § 2520.104b-2(a)(1) and (2).  Any of those recipients could "leak" a copy of the SDP to one of Cigna's competitors in the same way Cigna claims they might find it in the public record of this court.

Further, Cigna must provide the SPD to the Secretary of Labor upon request. 29 CFR 2520.104a-8(a)(1)(i). At that point, the SPD would become a government record disclosable under the Freedom of Information Act, and in that way, the SDP's "secret sauce" would be exposed to the world.

Cigna has failed to meet its burden under *Rule* 5.3. It offers conclusory statements that "[t]he SPD contains commercially sensitive and proprietary information concerning the terms of the health benefits that Om Log USA Inc. offered and Cigna administered" (Declaration of Caroline E. Oks, 5/10/2023 ¶ 6) or

5

that disclosure of plan terms to its competitors "poses significant risk of harm both to Cigna and Om Log USA Inc. because their respective competitors could directly benefit from the use of such information." (Oks Decl. ¶ 8.) These are precisely the sort of "[b]road allegations of harm, bereft of specific examples or articulated reasoning" that the Third Circuit has deemed insufficient. *See, Thomas Jefferson Univ., supra.*

In reality, the harm that Cigna or Om Log or anyone could suffer through the public filing of the SPD is minimal at best—and likely non-existent. The SDP tells plan participants the extent of medical benefits they might receive under the plan, how much they will have to pay through deductibles and co-pays, when they might be entitled to those benefits, and how to pursue claims. (ECF No. 28-4.) The SDP does not include any commercially relevant information like how much Om Log pays Cigna to serve as the plan administrator or how much the plan will pay providers for services they provide to beneficiaries.

The SDP is not a document entitled to protection envisioned by *Rule* 5.3. Cigna's motion to file it under seal should be denied.

## **CONCLUSION**

For the reasons set forth above, plaintiffs respectfully submit that defendant's motion to file documents under seal should be granted in part and denied in part.

6

Exhibits A and B to the motion to dismiss should be filed with the redactions indicated. The summary plan description should be filed as a public document.

s/ Leonard E. Seaman
Richard Malagiere
Leonard E. Seaman
THE LAW OFFICES OF RICHARD MALAGIERE
A Professional Corporation
250 Moonachie Road, Suite 300A
Moonachie, New Jersey 07074
(201) 440-0675
Attorneys for Plaintiffs, Marco Palazi and
Pierangela Bonelli

DATED: May 22, 2023