# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARCO PALLAZI AND PIERANGELA BONELLI, <br><br>                 Plaintiff, <br><br>      v. <br><br> CIGNA HEALTH AND LIFE INSURANCE COMPANY, JOHN OR JANE DOE 1 THROUGH 100, FICTITIOUS NAMES BEING NATURAL PERSONS AT PRESENT UNIDENTIFIED, XYZ CORPORATIONS 1 THROUGH 100, FICTITIOUS NAMES BEING CORPORATIONS AT PRESENT UNIDENTIFIED, ABC ENTITIES 1 THROUGH 100, FICTITIOUS NAMES BEING COMMERCIAL ENTITIES AT PRESENT UNIDENTIFIED. <br><br>                 Defendants. | No. 2:22-cv-06278-JMV-AME <br><br> *Document electronically filed* |

## DEFENDANT CIGNA HEALTH AND LIFE INSURANCE COMPANY'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION TO SEAL

Caroline E. Oks
GIBBONS P.C.
One Gateway Center
Newark, New Jersey 07102-5310
Telephone: (973) 596-4500

*Attorneys for Defendant Cigna Health and Life Insurance Company*

## <u>TABLE OF CONTENTS</u>

**Page**

TABLE OF AUTHORITIES ....................................................................... ii

INTRODUCTION ....................................................................................1

ARGUMENT ..........................................................................................1

I.     THE SUMMARY PLAN DESCRIPTION ("SPD") SHOULD BE
       PERMANENTLY SEALED. ...........................................................1

CONCLUSION .......................................................................................5

i

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Atlantic Orthopaedic Associates v. Cigna*,
  No. 2:20-cv-12340-MCA-MAH (D.N.J. Feb. 20, 2021)......................................3

*Goldenberg v. Indel, Inc*.,
  2012 U.S. Dist. LEXIS 479 (D.N.J. Jan. 3, 2012)................................3

*Medwell, LLC v. Cigna Corp*.,
  No. 20-CV-10627-KM-ESK, 2020 WL 7694008 (D.N.J. Dec. 28,
  2020) ........................................................................................................4

*Miller v. Indiana Hosp*.,
  16 F.3d 549 (3d Cir. 1994) ................................................2

*Pfizer Inc. v. Teva Pharms. USA, Inc.,*
  No. 08-1331, 2009 U.S. Dist. LEXIS 65031 (D.N.J. July 28, 2009) ..................3

*Publicker Indus., Inc. v. Cohen*,
  733 F.2d 1059 (3d Cir. 1984) ................................................2

*Skull Shaver, LLC v. Ideavillage Prod. Corp*.,
  No. 2:18-CV-03836-EP-AME, 2022 WL 19408772 (D.N.J. Aug.
  1, 2022) ........................................................................................2

*The Plastic Surgery Center, P.A. v. Cigna Health and Life Insurance
  Co.*,
  No.3:17-cv-02055-FLW-DEA (D.N.J. Nov. 18, 2020)........................................3

*Vista India, Inc. v. RAAGA, LLC*,
  No. 07-1262, 2008 U.S. Dist. LEXIS 24454 (D.N.J. Mar. 27, 2008) ..................3

*Zenith Radio Corp. v. Matsushita Elec. Indus. Co*.,
  529 F. Supp. 866 (E.D. Pa. 1981) ........................................................2

**Rules**

Fed. R. Civ. P. 26(c)(1)(G) ........................................................2

L. Civ. R. 5.3................................................................................4

**Regulations**

29 C.F.R. § 2520.104b-2(a)(1)...................................................................................4

29 C.F.R. § 2520.104b-2(a)(2)...................................................................................4

29 CFR § 2520.104a-8(a)(1)(i) ..................................................................................4

## INTRODUCTION

Cigna filed three documents under seal in support of its Motion to Dismiss: two letters containing confidential personal health information ("PHI") and a confidential summary plan description ("SPD") containing proprietary information about the health benefits plan at issue.  Plaintiffs have opposed Cigna's motion to seal on two grounds.

*First*, Plaintiffs submit that they do not want their PHI to remain confidential. Cigna generally proceeds with absolute caution to protect PHI from disclosure, as it is obligated to do so under HIPAA.  However, as it is Plaintiffs' PHI at issue, Cigna has deferred to Plaintiffs' preference for public disclosure in this regard.

*Second*, Plaintiffs have opposed the sealing of the SPD on the grounds that it is not a confidential document.  Not so.  As explained further below, Cigna treats SPDs as confidential because the document contains confidential negotiated terms and proprietary information about the health benefits plan.  Plaintiffs' arguments amount to a fundamental misunderstanding of what information the SPD contains. The SPD should be permanently sealed, as courts in this District frequently hold.

## ARGUMENT

## I.    THE SUMMARY PLAN DESCRIPTION ("SPD") SHOULD BE PERMANENTLY SEALED.

Cigna's Motion to Seal seeks to permanently seal the Summary Plan Description ("SPD") for the health benefits plan at issue in this litigation, which was

submitted as Exhibit C to Cigna's Motion to Dismiss the First Amended Complaint. ECF No. 15.  The SPD contains commercially sensitive and proprietary information concerning the terms of the health benefits that Om Log USA Inc. offered and Cigna administered.   *See* ECF No. 28-1 ¶ 6; *see also* Declaration of Brian McClure ("McClure Decl.").

Although "[t]here exists in civil cases a common law public right of access to judicial proceedings and records[, . . . c]ourts have recognized that the presumption of public access is not absolute and may be rebutted."  *Skull Shaver, LLC v. Ideavillage Prod. Corp*., No. 2:18-CV-03836-EP-AME, 2022 WL 19408772, at *1 (D.N.J. Aug. 1, 2022) (Espinosa, J.) (citations omitted).  The party seeking to seal any part of a judicial record bears the burden of demonstrating that "the material is the kind of information that courts will protect."  *Miller v. Indiana Hosp*., 16 F.3d 549, 551 (3d Cir. 1994) (quoting *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984)). "This Court has the power to seal where confidential information may be disclosed to the public."  *Skull Shaver*, 2022 WL 19408772, at *1.  Fed. R. Civ. P. 26(c)(1)(G) allows the court to protect materials containing "trade secret[s] or other confidential research, development, or commercial information[,]" upon motion by a party, to prevent harm to a litigant's competitive standing in the marketplace.  *Zenith Radio Corp. v. Matsushita Elec. Indus. Co*., 529 F. Supp. 866, 889-91 (E.D. Pa. 1981).  Agreements containing commercially

sensitive and proprietary non-public business information can be sealed. *See Goldenberg v. Indel, Inc.*, 2012 U.S. Dist. LEXIS 479, at *8-12 (D.N.J. Jan. 3, 2012); *see also Vista India, Inc. v. RAAGA, LLC*, No. 07-1262, 2008 U.S. Dist. LEXIS 24454, at *9 (D.N.J. Mar. 27, 2008) (stating that party had interest in "maintaining the confidentiality of the terms of its agreements"); *Pfizer Inc. v. Teva Pharms. USA, Inc.*, No. 08-1331, 2009 U.S. Dist. LEXIS 65031, at *2 (D.N.J. July 28, 2009).

The information contained in the SPD "include[s] details regarding the operation of the benefit plan and how benefits are calculated and paid" and "are the product of private contractual negotiations between Cigna and its clients." McClure Decl. ¶ 7. "This information, if made public, would cause harm to Cigna, as it would place Cigna [ ] at a competitive disadvantage if one of its competitors obtained the information in these documents." *Id*. Further, "Cigna considers these details proprietary and confidential and diligently protects against their disclosure to the public." *Id*. ¶ 8. And finally, the SPD "belong to Cigna's clients," *id*. ¶ 9, which are not parties to this lawsuit.

Acknowledging the confidential nature of similar documents, courts in this District frequently permit SPDs to be filed under seal. *See, e.g.*, *Atlantic Orthopaedic Associates v. Cigna*, No. 2:20-cv-12340-MCA-MAH (D.N.J. Feb. 20, 2021), ECF No. 23; *The Plastic Surgery Center, P.A. v. Cigna Health and Life Insurance Co.*, No.3:17-cv-02055-FLW-DEA (D.N.J. Nov. 18, 2020), ECF No. 126

3

& 124-1; *Medwell, LLC v. Cigna Corp.*, No. 20-CV-10627-KM-ESK, 2020 WL 7694008, at \*5 (D.N.J. Dec. 28, 2020) (sealing portions of Summary Plan Descriptions).  Plaintiffs fail to cite to a single case where an SPD was not sealed.

Instead, Plaintiffs argue that the SPD should not be sealed because certain regulations—29 C.F.R. § 2520.104b-2(a)(1), (2) and 29 CFR § 2520.104a-8(a)(1)(i)—require the ***plan administrator*** to provide a copy of the SPD to plan beneficiaries or to the Department of Labor upon request.  (Opp. at 5.)  Plaintiffs' argument is not relevant to the dispute here because Cigna is the ***claims administrator*** of the health benefits plan at issue, ***not the plan administrator***, which is Om Log USA.  Therefore Cigna is not subject to the regulations cited by Plaintiffs.  Moreover, that a regulation might require any entity to provide plan documents to a discrete set of plan beneficiaries does not equate to the voluntary, public sharing of documents advocated for by Plaintiffs.  Further, certainly any confidential document could be impermissibly "leaked" as Plaintiffs suggest, *id.*, but such an occurrence would not be a voluntary disclosure by the party attempting to maintain confidentiality of the document.  Plaintiffs offer no sound argument why the SPD should not be sealed.

Quite clearly, the SPD is a document that should be afforded protection under L. Civ. R. 5.3.

## <u>CONCLUSION</u>

For reasons stated above, Cigna respectfully requests that this Court grant its

Motion to Seal.

Dated:  May 30, 2023        By:    s/ Caroline E. Oks
                                   Caroline E. Oks, Esq.
                                   GIBBONS P.C.
                                   One Gateway Center
                                   Newark, New Jersey 07102-5310
                                   Telephone:   (973) 596-4575
                                   Facsimile:    (973) 639-8317
                                   coks@gibbonslaw.com

                                   *Attorneys for Defendant Cigna Health*
                                   *and Life Insurance Company*