# Exhibit A

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MARCO PALLAZI AND PIERANGELA BONELLI,<br><br>          Plaintiffs,<br>v.<br>CIGNA HEALTH AND LIFE INSURANCE COMPANY, JOHN OR JANE DOE 1 THROUGH 100, FICTITIOUS NAMES BEING NATURAL PERSONS AT PRESENT UNIDENTIFIED, XYZ CORPORATIONS 1 THROUGH 100, FICTITIOUS NAMES BEING CORPORATIONS AT PRESENT UNIDENTIFIED, ABC ENTITIES 1 THROUGH 100, FICTITIOUS NAMES BEING COMMERCIAL ENTITIES AT PRESENT UNIDENTIFIED.<br>          Defendants. | Civil Action No. 2:22-cv-06278-JMV-AME<br><br>*Document electronically filed*<br><br>**DISCOVERY CONFIDENTIALITY ORDER** |

  It appearing that discovery in the above-captioned action is likely to involve the disclosure by the parties of confidential business information and confidential patient information, including personal identifiers; and it appearing further that legitimate interests warrant that such information remain confidential and that there is a substantial risk that clearly defined and serious injury or harm to the parties' legitimate proprietary interests will result should this Order not be entered; and it appearing further that the discovery of confidential health information is implicated in this action, and this Stipulation and Order is accordingly intended to provide protection sufficient to constitute a Qualified Protective Order under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and the regulations promulgated under its aegis (*see* 45 C.F.R. § 160.512(e)(1)(ii)); and the parties having agreed to keep materials produced in discovery confidential and to return or destroy such materials in accordance with the terms set forth in this Order; and good cause having been shown for entry of this Order pursuant to 45 C.F.R. § 164.514(b)(2)(i), Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure and Local Civil Rule 5.3;

  **IT IS** on this _____ day of _____, 2023, **ORDERED** as follows:

  1. With respect to information relating to any patient discovered or exchanged in this litigation that identifies an individual or subscriber in any manner and/or relates to the past, present, or future care, services, or supplies relating to the physical or mental health or condition of such individual or subscriber, the provision of health care to such individual or subscriber, or the past, present, or future payment for the provision of health care to such individual or subscriber, the parties shall designate that information as "CONFIDENTIAL HEALTH INFORMATION" or "CONFIDENTIAL PHI." The term "Confidential Health Information" or "Confidential PHI" specifically includes "protected health information" as such term is defined

by the Standards for Privacy of Individually Identifiable Health Information, 45 CFR parts 160 and 164, promulgated pursuant to HIPAA. *See* 45 C.F.R. § 160.103 (defining "individually identifiable health information" and "protected health information"). "Confidential Health Information" includes, but is not limited to, medical bills, claims forms, charge sheets, medical records, medical charts, test results, notes, dictation, invoices, itemized billing statements, remittance advice forms, explanations of benefits, checks, notices, and requests. "Confidential Health Information" also includes all notes, summaries, compilations, extracts, abstracts, or oral communications that contain, are based on, or are derived from, Confidential Health Information. "Confidential Health Information" does not include any document or information that has all of the following identifiers of the individual or subscriber or of the relatives, employers, or household members of the individual or subscriber removed or redacted pursuant to Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure and Local Civil Rule 5.3:

(a) names;

(b) all geographic subdivisions smaller than a State, including street address, city, county, precinct, zip code, and their equivalent area codes, except for the initial three digits of a zip code if, according to the current publicly available data from the Bureau of the Census, (i) the geographic unit formed by combining all zip codes with the same three initial digits contains more than 20,000 people, and (ii) the initial three digits of a zip code for all such geographic units containing 20,000 or fewer people is changed to 000;

(c) all elements of dates (except year) for dates directly related to an individual, including birth date, admission dates, discharge dates and date of death, and all ages over 89, and all elements of dates (including year) indicative of such age, except that such ages and elements may be aggregated into a single category of age 90 or older;

(d) telephone numbers;

(e) fax numbers;

(f) electronic mail addresses;

(g) social security numbers;

(h) medical record numbers;

(i) health plan beneficiary numbers;

(j) account numbers;

(k) certificate/license numbers;

(l) vehicle identifiers and serial numbers, including license plate numbers;

  (m) device identifiers and serial numbers;

  (n) web universal resource locators ("URLs");

  (o) internet protocol ("IP") address numbers;

  (p) biometric identifiers, including finger and voice prints;

  (q) full face photographic images and any comparable images; and

  (r) any other unique identifying number, characteristic, or code except as permitted for a code utilized to re-identify de-identified data that complies with 45 C.F.R. § 164.514(c).

Notwithstanding the foregoing sentence, the parties shall produce documents in response to discovery requests of another party in this litigation without redaction, designating such documents as further set forth herein.

  2. Any party to this litigation and any non-party providing information in this action (hereinafter "non-party") shall have the right to designate as "Confidential" and subject to this Order any information, document, or thing, or portion of any document or thing: (a) that contains trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information, or (b) that contains private or confidential personal information, or (c) that contains information received in confidence from third parties, or (d) which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure and Local Civil Rule 5.3. Any party to this litigation or non-party covered by this Order, who produces or discloses any Confidential material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO CONFIDENTIALITY ORDER" (hereinafter "Confidential").

  3. Any party to this litigation and any non-party shall have the right to designate as "Attorneys' Eyes Only" and subject to this Order any information, document, or thing, or portion of any document or thing that contains highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party. Any party to this litigation or any non-party who is covered by this Order, who produces or discloses any Attorneys' Eyes Only material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY – SUBJECT TO CONFIDENTIALITY ORDER" (hereinafter "Attorneys' Eyes Only").

  4. All Confidential PHI, Confidential and Attorneys' Eyes Only material shall be used by the receiving party solely for purposes of the prosecution or defense of this action, shall not be used by the receiving party for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the receiving party to anyone other than those set forth in Paragraphs 5

with respect to Confidential PHI and Confidential material, or set forth in Paragraph 6 with respect to Attorneys' Eyes Only material, unless and until the restrictions herein are removed either by written agreement of counsel for the parties, or by Order of the Court. It is, however, understood that counsel for a party may give advice and opinions to his or her client solely relating to the above-captioned action based on his or her evaluation of Confidential and Attorneys' Eyes Only material, provided that such advice and opinions shall not reveal the content of such Confidential and Attorneys' Eyes Only material except by prior written agreement of counsel for the parties, or by Order of the Court.

5. Confidential material and the contents of Confidential material, Confidential Information and Confidential Health Information, may be disclosed only to the following individuals under the following conditions:

(a) Outside counsel (herein defined as any attorney at the parties' outside law firms, which firms have appeared in the action) and relevant in-house counsel for the parties;

(b) Outside experts or consultants retained by outside counsel for purposes of this action, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A or such other form as may be agreed by the parties;

(c) Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

(d) The Court and court personnel;

(e) Any designated arbitrator, mediator or discovery master who is assigned to hear this matter, or who has been selected by the parties, and his or her staff, provided that such individuals have signed a non-disclosure agreement in the form attached hereto as Exhibit A;

(f) Any deponent may be shown or examined on any information, document or thing designated Confidential if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein or is employed by the party who produced the information, document or thing, or if the producing party consents to such disclosure;

(g) Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials, provided, however, that disclosure of Confidential Health Information to a vendor shall only be permitted where the disclosing party and the vendor are parties to a Business Associate contract compliant with 45 C.F.R. § 164.504(e)(2),(3), & (5); and

  (h)  The parties. In the case of parties that are corporations or other entities, "party" shall mean executives who are required to participate in decisions with reference to this lawsuit or are persons necessary for the prosecution or defense of this lawsuit.

 6. Attorneys' Eyes Only material and the contents of Attorneys' Eyes Only material may be disclosed only to the following individuals under the following conditions:

  (a)  Outside counsel (herein defined as any attorney at the parties' outside law firms, which firms have appeared in the action);

  (b)  In-house counsel designated in advance of disclosure by the parties who are necessary for the prosecution or defense of the action;

  (c)  Outside experts or consultants retained by outside counsel for purposes of this action, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A or such other form as may be agreed by the parties;

  (d)  Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

  (e)  The Court and court personnel;

  (f)  Any designated arbitrator, mediator or discovery master who is assigned to hear this matter, or who has been selected by the parties, and his or her staff, provided that such individuals have signed a non-disclosure agreement in the form attached hereto as Exhibit A;

  (g)  Any deponent may be shown or examined on any information, document or thing designated Attorneys' Eyes Only if it appears that the witness authored or received a copy of it, or was employed by the party who produced the information, document or thing, or if the producing party consents to such disclosure;

  (h)  Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials; and

  (i)  To such other persons as counsel for the producing party agrees or as ordered by the Court.

 7. Attorneys' Eyes Only material may <u>not</u> be disclosed to the parties, except under Paragraph (b). Attorneys' Eyes Only material shall be used only by individuals permitted access to it under Paragraph 6. Attorneys' Eyes Only material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless

(a) outside counsel for the party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure.

8. Confidential Health Information, Confidential material, and Attorneys' Eyes Only material shall be used only by individuals permitted access to such material under Paragraphs 5 and 6, above. Confidential Health Information, Confidential material, and Attorneys' Eyes Only material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the party asserting confidentiality waives the claim of confidentiality and, with respect to Confidential Health Information, there exists a valid authorization by the individual to whom it relates that complies with the requirements of 45 C.F.R. § 164.508(6), or (b) the Court orders such disclosure.

9. The receiving party of Confidential Health Information, Confidential material, and Attorneys' Eyes Only material shall maintain the material in a secure and safe area and shall take necessary and reasonable measures to ensure that any such Confidential Health Information, Confidential material, and Attorneys' Eyes Only material, or notes and memoranda relating thereto, are not be disclosed other than in accordance with the terms of this Order. To avoid security risks inherent in certain current technologies and to facilitate compliance with the terms of this Order, unless otherwise ordered or agreed upon in writing by the producing party, all persons with access to Confidential Health Information, Confidential material, and Attorneys' Eyes Only material shall use secure means to store and transmit Confidential Health Information, Confidential material, and Attorneys' Eyes Only material. The qualified individuals identified in Paragraph Nos. 5 and 6 shall not be prohibited from transmitting files containing Confidential Health Information, Confidential material, and Attorneys' Eyes Only to any other qualified person identified in Paragraph Nos. 5 and 6 through email, as attachments to an email in the form of separate PDF files or zip files, through tools provided by a reputable litigation support service as described herein, or via FTP file transfer, as long as the person transmitting the Confidential Material takes necessary and reasonable measures to protect its confidentiality.

10. With respect to any depositions that involve a disclosure of Confidential material or Attorneys' Eyes Only material of a party or non-party, such party or non-party shall designate the transcript as containing Confidential PHI, Confidential material and/or Attorneys' Eyes Only material during the deposition, or within 5 days thereafter, and may have until thirty (30) days after receipt of the deposition transcript within which specifically to inform all other parties or non-parties of which portions of the transcript are to be designated Confidential or Attorneys' Eyes Only, which period may be extended by agreement of the parties. No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraph 5(a), (b), (c), (d) and (f) for Confidential PHI or Confidential material, or Paragraph 6 for Attorneys' Eyes Only material, and the deponent during these thirty (30) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraph 5(a), (b), (c), (d) and (f), or Paragraph 6 for Attorneys' Eyes Only material, during said thirty (30) days. Upon being informed that certain portions of a deposition are to be designated as Confidential PHI, Confidential, or Attorneys' Eyes Only, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with Paragraphs 5 and 6.

11. If counsel for a party receiving documents or information designated as Confidential Health Information, Confidential or Attorneys' Eyes Only hereunder objects to such designation of any or all of such items, the following procedure shall apply:

    (a)    Counsel for the objecting party shall serve on the designating party, third party, or nonparty a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection. Counsel for the designating party or non-party shall respond in writing to such objection within 14 days, and shall state with particularity the grounds for asserting that the document or information is Confidential Health Information, Confidential or Attorneys' Eyes Only. If no timely written response is made to the objection, the challenged designation will be deemed to be void. If the designating party or nonparty makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

    (b)    If a dispute as to a Confidential Health Information, Confidential or Attorneys' Eyes Only designation of a document or item of information cannot be resolved by agreement, the proponent of the designation being challenged shall present the dispute to the Court initially by telephone or letter, in accordance with Local Civil Rule 37.1(a)(1), before filing a formal motion for an order regarding the challenged designation. The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

12.    Any document designated "Confidential PHI", "Confidential" or "Attorneys' Eyes Only" by a party or non-party and which is to be filed with the Court shall be filed under seal, in accordance with Local Civil Rule 5.3.

13.    If the need arises during trial or at any hearing before the Court for any party to disclose Confidential Health Information, Confidential or Attorneys' Eyes Only material, it may do so only after giving notice to the producing party and as directed by the Court.

14.    Data Breach. If a party learns that material that party received in discovery pursuant to this Confidentiality Order has been the subject of a data breach, that party must promptly notify the producing party of the breach, and cooperate with that party to address the breach.

15.    The inadvertent or unintentional disclosure of Confidential or Attorneys' Eyes Only material that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's or non-party's claim that it is Confidential or Attorneys' Eyes Only material, either as to the specific information, document or thing disclosed or as to any other

material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated Confidential or Attorneys' Eyes Only within a reasonable time from discovery of the error. Such notice shall constitute a designation of the information, document or thing as Confidential or Attorneys' Eyes Only under this Confidentiality Order.

16. The production of any information, document, or thing in this litigation shall not constitute a waiver of any attorney-client privilege or work-product protection that may be asserted by the producing party either in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). When the production or disclosure of any information, document, or thing protected by attorney-client privilege or work-product protection is discovered by or brought to the attention of the producing party, the treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). That treatment shall be deemed to comply with any obligations the producing party would otherwise have had pursuant to Fed. R. Evid. 502(b) or under the common law. However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of attorney-client privilege or work-product protection after receiving notice of the production or disclosure of any information, document, or thing that is subject to a claim of attorney-client privilege or work-product protection.

17. If a non-party serves a party in this action with a request, subpoena, or order ("demand") for disclosure of Confidential PHI, Confidential or Attorneys' Eyes Only material, the party receiving the demand, if not prohibited under applicable law, shall promptly deliver a copy of the demand to the designating party's counsel, and shall notify the party who served the request that some or all of the materials sought by the request are subject to this Confidentiality Order. The party receiving the demand shall not disclose any Confidential PHI, Confidential or Attorneys' Eyes Only material prior to the date specified for disclosure, or prior to resolution of any dispute regarding production of such material in response to the request, whichever is later. In its sole discretion and at its own cost, the designating party may oppose or seek to limit the demand in any legal manner. The party who received the demand shall not oppose or otherwise interfere with the designating party's actions.

18. No information that is in the public domain or which is already known by the receiving party through proper means or which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Confidential or Attorneys' Eyes Only material under this Confidentiality Order.

19. This Confidentiality Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground. This Confidentiality Order is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms.

20. This Confidentiality Order shall survive the termination of this action and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the parties filed with the Court.

21.     Upon final conclusion of this litigation, each party or other individual subject to the terms hereof shall be under an obligation to assemble and to return to the originating source all originals and unmarked copies of documents and things containing Confidential PHI, Confidential or Attorneys' Eyes Only material and to destroy all copies of such material that contain and/or constitute attorney work product as well as excerpts, summaries and digests revealing Confidential PHI, Confidential or Attorneys' Eyes Only material; provided, however, that counsel may retain complete copies of all transcripts and court filings, including any exhibits attached thereto, for archival purposes, subject to the provisions of this Confidentiality Order, and, as to Confidential Health Information, the requirements of HIPAA and 45 C.F.R. § 164.504(e)(2)(ii)(J), imposed on Business Associates to preserve the privacy of those transcripts and pleadings.. To the extent a party requests the return of Confidential or Attorneys' Eyes Only material from the Court after the final conclusion of the litigation, including the exhaustion of all appeals therefrom and all related proceedings, the party shall file a motion seeking such relief.

22.     The terms of this Discovery Confidentiality Order shall be binding on the parties upon the execution of it by their counsel, notwithstanding the fact that the entry of this Discovery Confidentiality Order as an order of the Court has not yet occurred.

IT IS SO ORDERED.


Dated: _____                         _____
                                             Hon. André M. Espinosa, U.S.M.J.



**CONSENTED TO BY:**

| **Plaintiffs Marco Pallazi and Pierangela Bonelli** | **Defendant Cigna Health and Life Insurance Co.** |
|---|---|
| *s*/ Leonard E. Seaman | *s*/ Caroline E. Oks_____ |
| Richard Malagiere | Caroline E. Oks, Esq. |
| Leonard E. Seaman | GIBBONS P.C. |
| THE LAW OFFICES OF RICHARD MALAGIERE | One Gateway Center |
| A Professional Corporation | Newark, NJ 07102 |
| 250 Moonachie Road, Suite 300A | Tel.: (973) -596-4500 |
| Moonachie, New Jersey 07074 | coks@gibbonslaw.com |
| T: (201) 440-0675 | |
| les@malagierelaw.com | Dated: August 22, 2023 |
| | |
| Dated: August 22, 2023 | |

**EXHIBIT A**
**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MARCO PALLAZI AND PIERANGELA BONELLI,<br><br>                    Plaintiffs,<br>v.<br>CIGNA HEALTH AND LIFE INSURANCE COMPANY, JOHN OR JANE DOE 1 THROUGH 100, FICTITIOUS NAMES BEING NATURAL PERSONS AT PRESENT UNIDENTIFIED, XYZ CORPORATIONS 1 THROUGH 100, FICTITIOUS NAMES BEING CORPORATIONS AT PRESENT UNIDENTIFIED, ABC ENTITIES 1 THROUGH 100, FICTITIOUS NAMES BEING COMMERCIAL ENTITIES AT PRESENT UNIDENTIFIED.<br>                    Defendants. | Civil Action No. 2:22-cv-06278-JMV-AME<br><br>**AGREEMENT TO BE BOUND BY DISCOVERY CONFIDENTIALITY ORDER** |

I, _____, being duly sworn, state that:

   1.   My address is _____.

   2.   My present employer is _____ and the address of my present employment is _____.

   3.   My present occupation or job description is _____.

   4.   I have carefully read and understood the provisions of the Discovery Confidentiality Order in this case signed by the Court, and I will comply with all provisions of the Discovery Confidentiality Order which are incorporated by reference in this Agreement.

   5.   I will hold in confidence and not disclose to anyone not qualified under the Discovery Confidentiality Order any Confidential Health Information, Confidential Material, Attorneys' Eyes Only material or any words, summaries, abstracts, or indices of these materials or information disclosed to me.

6. I will limit use of Confidential Health Information, Confidential Material, and Attorneys' Eyes Only material disclosed to me solely for purpose of this action.

7. No later than the final conclusion of the case, I will return all Confidential Health Information, Confidential Material, Attorneys' Eyes Only material and summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained.

I declare under penalty of perjury that the foregoing is true and correct.


Dated: _____       _____
                                                                Name