**Not for Publication**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARCO PALLAZI and PIERANGELA BONELLI, *Plaintiffs*, v. CIGNA HEALTH AND LIFE INSURANCE COMPANY, JOHN OR JANE DOE 1 THROUGH 100 (FICTITIOUS NAMES); XYZ CORPORATIONS 1 THROUGH 100 (FICTITIOUS NAMES); ABC ENTITIES 1 THROUGH 100 (FICTITIOUS NAMES), *Defendants*. | Civil Action No. 22-6278 **OPINION** |

**John Michael Vazquez, U.S.D.J.**

This matter comes before the Court on the motion of Defendant Cigna Health and Life Insurance Company ("Cigna") to dismiss Plaintiffs' First Amended Complaint ("FAC"). D.E. 14. The Court reviewed the parties' submissions in support and in opposition,[1] and considered the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons stated below, Cigna's motion to dismiss is **GRANTED**.

---

[1] Cigna's brief will be referred to as "Def. Br." (D.E. 14-1); Plaintiffs' opposition brief will be referred to as "Plfs. Opp." (D.E. 18); and Cigna's reply brief will be referred to as "Def. Reply" (D.E. 26).

I. **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**[2]

Plaintiffs Marco Pallazi[3] and Pierangela Bonelli maintained health insurance through Pallazi's employer welfare benefit plan, the OAPIN Plan (the "Plan"). FAC ¶¶ 6-7. Cigna is the claims administrator for the Plan. *Id.* ¶ 6. On August 20, 2021, Bonelli underwent surgery for lower back pain. *Id.* ¶¶ 10, 14. The surgery was performed by Dr. Roger Hartl at Weill Cornell Medical College. *Id.* ¶¶ 14-15. Because he was an out-of-network provider, Dr. Hartl requested preauthorization on August 18, 2021 from Cigna for the surgery, and Cigna authorized the surgery that day.[4] *Id.* ¶¶ 11-12; Def. Ex. A at 2.[5] According to Cigna, the August 18, 2021 authorization letter was sent in error, and a follow up letter was sent to Plaintiffs on August 19, 2021, stating

---

[2] The factual background is taken from Plaintiffs' FAC, D.E. 10, as well as the exhibits submitted in support of Cigna's motion to dismiss. D.E. 15.  When reviewing a motion to dismiss, the Court accepts as true all well-pleaded facts in the complaint.  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).  Additionally, a district court may consider "exhibits attached to the complaint and matters of public record" as well as "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (citations omitted).  However, because a complaint may not be amended through a declaration or certification, the Court does not consider the additional facts set forth in the Declaration of Pierangela Bonelli in Opposition to Cigna's Motion to Dismiss, D.E. 18-1.  *Hart v. Elec. Arts, Inc.*, 740 F. Supp. 2d 658, 663 (D.N.J. 2010); *see also McArdle v. Tronetti*, 961 F.2d 1083, 1089 (3d Cir.1992) ("[D]efects in the complaint clearly [can]not be remedied by [an] affidavit.").

[3] Plaintiffs' FAC spells Marco Pallazi's last name as "Pallazi," while Plaintiffs' opposition brief spells it as "Palazi."  The Court uses the spelling in the FAC.

[4] The preauthorization letter approved coverage for "63030 Partial removal of bone with release of spinal cord or spinal nerves of 1 interspace in lower spine" and was effective from August 20, 2021 to November 20, 2021.  FAC ¶¶ 12-13; *see also* Def. Ex. A at 2.

[5] The exhibits submitted in support of Cigna's motion to dismiss are referred to as "Def. Ex. _" and citations to the exhibits' page numbers correspond with those in the ECF header.

that Cigna "cannot approve this request" because "Roger Hartl, MD isn't in your network," thus, "[t]he service you requested is not covered."[6] *Id.* ¶ 16; D.E. 15 Ex. B at 4-5.

After the surgery, Bonelli received an Explanation of Benefits "indicating the once approved surgical procedure was now not being covered under [the Plan], as Dr. Hartl, was an out of network provider and [the Plan] did not provide for out of network benefits." *Id.* ¶ 15. On November 16, 2021, Bonelli appealed Cigna's determination and "demand[ed] that [] Cigna honor its letter of August 18, 2021, and pay for the previously authorized surgery." *Id.* ¶ 17. Cigna denied Bonelli's appeal on February 15, 2022 because Bonelli's services were performed by an out-of-network provider, and the Plan does not provide for out-of-network benefits. *Id.* ¶¶ 18-19. Bonelli "re-filed" the appeal on March 4, 2022, explaining that "[w]e requested and receiv[ed] in writing the approval to have this exception granted," that "th[e] provider assured us they would accept what CIGNA would cover—they also told us they were in receipt of an exception granted by CIGNA for these services," and that "as a result, we went ahead with the surgery only to find out CIGNA stated they sent this exception letter out in error." *Id.* ¶ 21. Plaintiff did not receive a response from Cigna. *Id.* ¶ 22.

On August 29, 2022, Plaintiffs brought this action in the Superior Court of New Jersey, asserting four causes of action: (1) breach of implied contract (Count I); (2) breach of the covenant of good faith and fair dealing (Count II); (3) promissory estoppel (Count III); and (4) negligent misrepresentation (Count IV). *See* D.E. 1-1. Cigna removed the action to this Court on October 26, 2022, based on diversity jurisdiction and federal question jurisdiction. D.E. 1. On December

---

[6] The August 19, 2021 letter states that Cigna cannot approve "the following service(s): 99214 Established patient office or other outpatient visit typically 25 minutes" and that "[t]he information received does not support your request for in-network coverage of intervertebral disc displacement lumbar region by out-of-network provider, Dr. Roger Hartl[.]" Def. Ex. B at 4-5.

3

28, 2022, Plaintiffs filed the FAC, D.E. 10, which asserts the four claims that were brought in state court (Counts I through IV), and two additional claims under the Employee Retirement Income Security Act ("ERISA") for unpaid benefits (Count V) and for breach of fiduciary duty and co-fiduciary duty[7] (Count VI). The instant motion followed.

## II.    LEGAL STANDARD[8]

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a complaint that fails "to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). For a complaint to survive dismissal under Rule 12(b)(6), it must contain enough factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Further, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016). In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009). Restatements of the elements of a claim are legal conclusions, and therefore, not entitled to a presumption of truth. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011) (citation omitted). The Court, however, "must accept all of the complaint's well-pleaded facts as true." *Fowler*, 578 F.3d at 210. Even if plausibly pled, however, a complaint

---

[7] The Court's references to the breach of fiduciary duty claim encompass the breach of co-fiduciary duty claim.

[8] Cigna's moving brief moved for dismissal under Rule 12(b)(1) and Rule 12(b)(6). *See* Def. Br. However, because "Cigna does not persist in its argument for dismissal under Fed. R. Civ. P. 12(b)(1) for purposes of this motion," the Court only considers Cigna's arguments for dismissal under Rule 12(b)(6). Def. Reply at 2.

will not withstand a motion to dismiss if the facts alleged do not state "a legally cognizable cause of action." *Turner v. J.P. Morgan Chase & Co.*, No. 14-7148, 2015 WL 12826480, at *2 (D.N.J. Jan. 23, 2015).

### III. ANALYSIS

Cigna argues, and Plaintiffs concede,[9] that Plaintiffs' state claw claims (Counts I through IV) are preempted under Section 502(a) and Section 514(a) of ERISA. Def. Br. at 12-17. As a result, those counts—Counts I, II, III, and IV—are dismissed.

Cigna also moves to dismiss Plaintiffs' ERISA claims for unpaid benefits (Count V) and for breach of fiduciary duty (Count VI). ERISA governs the rights and obligations of beneficiaries of and participants in employee benefit plans. ERISA section 502(a)(1)(B) allows a beneficiary or participant to bring a civil action to recover benefits due to her under a plan, and provides as follows:

> A civil action may be brought by a participant or beneficiary to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

29 U.S.C. § 1132(a)(1)(B). Thus, to bring a claim for unpaid benefits under ERISA, a plaintiff must plausibly allege how the plan was violated and why it is entitled to further reimbursement under the plan. *IGEA Brain & Spine, P.A. v. Cigna Health & Life Ins. Co.*, No. 17-13726, 2018 WL 2427125, at *2 (D.N.J. May 29, 2018) (citations omitted).

Cigna argues that Plaintiffs' allegations as to its unpaid benefits claim fall short because Plaintiffs have "not articulated any particular Plan language that allegedly entitles them to the

---

[9] *See* Plfs. Opp. at 1 ("Defendants also seek dismissal [of] [P]laintiffs' common law claims arguing that they are preempted by ERISA. Plaintiffs do not dispute this.").

benefit they seek, and [] has not articulated how that language was allegedly violated, both of which must be properly pled in order to survive a motion to dismiss." Def. Br. at 28. Cigna adds that to the contrary, "the Plan expressly does *not* provide for the benefit sought here—reimbursement for services provided by an out-of-network provider." *Id.* (citing Def. Ex. C at 32-33; FAC ¶ 19) (emphasis in original).

In response, Plaintiffs point to the following portion of the "Medical Management Program" provision of the Plan, which provides as follows:

> Medical Management will review and make an authorization determination for urgent, concurrent and prospective medical services and prescription drug treatment for Members covered under the Plan. Medical Management will also review the Medical Necessity of Services that have already been provided.
>
> Medical Management will determine the Medical Necessity of the care, the appropriate location of the care to be provided, and if admitted to a Hospital, the appropriate length of the stay.
>
> \*\*\*
>
> *If the provider is not a network provider* – The provider must contact the Medical Management Program for pretreatment authorization. You must make sure that treatment is approved by the Medical Management program. Without pretreatment authorization, an ineligible expense penalty (see MEDICAL SCHEDULE) will be applied to the claim.
>
> You should contact Member Services at the phone number shown on the ID card prior to receiving non-emergency services and supplies, to determine if pretreatment authorization is required, and for more information about services and supplies that require preauthorization.

Plfs. Opp. at 7 (quoting Def. Ex. C at 42 (italics in original)).[10]

---

[10] Plaintiffs quoted only the first sentence of the "*If the provider is not a network provider*" paragraph. Plfs. Opp. at 7. For completeness, the Court adds the remaining portion.

Plaintiffs rely on this provision to argue that "[t]he Plan contemplates affording benefits . . . through pretreatment authorizations like the one sought and obtained here," and that "[b]y establishing a provision for pretreatment authorization of services from out of network providers and following that mechanism to authorize treatment in this instance," Plaintiffs have plausibly pled entitlement to "benefits due to them under the terms of their plan." Plfs. Opp. at 6-7. Even if these allegations were sufficient, they were not pled in the FAC. *See Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.").[11] Plaintiffs' ERISA claim for unpaid benefits is dismissed.

Finally, Cigna moves to dismiss Plaintiffs' breach of fiduciary duty claim, arguing that Plaintiffs' breach of fiduciary duty claim fails to articulate how Cigna acted in contravention to the terms of the Plan and that the claim is duplicative of the claim for unpaid benefits. Def. Br. at 29-31. The Court agrees. Plaintiffs' breach of fiduciary duty claim "[m]erely recite[s] the statutory language," without specifically alleging "how [Cigna's] actions contradicted the plain language of the Plan," and accordingly cannot survive the motion to dismiss. *Erhart v. Plasterers*

---

[11] Plaintiffs—if they file an amended pleading—are also cautioned that they will need to sufficiently articulate how and why this provision entitles them to compensation under the Plan. *See Robinson v. Anthem Blue Cross Life & Health Ins. Co.*, No. 17-4600, 2018 WL 6258881, at *4 (D.N.J. Nov. 30, 2018) (dismissing the §502(a)(1)(B) claim because the plaintiff failed to plausibly allege that the defendants "acted in contravention of the [relevant] procedures for determining" benefits, "what amount [the] [p]laintiff should be entitled to under those provisions," or "how the pertinent provisions entitle [it] to additional compensation."); *see also IGEA Brain & Spine, P.A. v. Cigna Health & Life Ins. Co.*, No. 17-13726, 2018 WL 2427125, at *2 (D.N.J. May 29, 2018) (dismissing a §502(a)(1)(B) claim because the plaintiff failed to allege how the relevant plan was violated and why it was entitled to further reimbursement); *LeMoine v. Empire Blue Cross Blue Shield*, No. 16-6786, 2018 WL 1773498, at *6 (D.N.J. Apr. 12, 2018) (dismissing a §502(a)(1)(B) claim because the plaintiff failed to allege "which actual [terms] were violated, when they were violated, or how they were violated").

*Loc. 8 Annuity Fund*, No. 19-6812, 2019 WL 6318310, at *4 (D.N.J. Nov. 26, 2019).  Moreover, because the breach of fiduciary duty claim is inseparable from the claim for benefits,[12] the relief sought is not appropriate.  *See Varity Corp. v. Howe*, 516 U.S. 489, 512, 515 (1996) (describing equitable relief for breach of fiduciary obligations as a "safety net" that is not "appropriate" where Congress has otherwise provided adequate relief under ERISA); *see also Bickhart v. Carpenters Health & Welfare Fund of Philadelphia & Vicinity*, 732 F. App'x 147, 153 (3d Cir. 2018) ("This [c]ourt is wary of fiduciary breach claims under ERISA that, as here, are actually claims based on denial of benefits under the terms of a plan," because "[i]n such instances, the alleged fiduciary breaches are inseparable from the claim for benefits, and do not afford a free-standing basis for relief." (internal quotation marks and citations omitted)).  And Plaintiffs' response, which fails to address either of Cigna's arguments, does not convince the Court otherwise.[13]  Accordingly, Plaintiffs' ERISA claim for breach of fiduciary duty is dismissed.

---

[12] *See* FAC ¶ 69 (seeking "payment on all amounts due for care provided" and "all benefits [that] [Plaintiffs] would be entitled to under the applicable insurance plan or policy administered by [Cigna]" in light of Cigna's denial of benefits).

[13] Plaintiffs merely respond that the claim was "sufficiently pleaded" while citing to one opinion—*Smith v. Med. Benefit Adm'rs Grp. Inc.*, 639 F.3d 277, 279-81 (7th Cir. 2011)—for the proposition that "preauthorizing a medical treatment without first ascertaining whether that treatment is covered by the insurance plan, and [] without warning the insured that coverage might be denied notwithstanding preauthorization, [] could be thought to be misleading the insured to his detriment." Plfs. Opp. at 8 (citing *id.*).  *Smith* is distinguishable.  There, the Seventh Circuit found that the district court erred in dismissing the complaint because the appellant adequately pled both that the appellee breached its fiduciary duty, and that there were "forms of appropriate *equitable relief* [][] available to address that breach." *Smith*, 639 F.3d at 284 (emphases added).  The Seventh Circuit emphasized that while equitable relief may be available (for example, in the form of a declaration that the appellee's method of handling preauthorization requests did not comply with the governing regulations) the appellant could not "be compensated monetarily for [the breach], as that is a classic form of legal relief," and "section 502(a)(3) permits only injunctive relief and other appropriate equitable relief." *Id.*

### IV. CONCLUSION

Cigna's motion to dismiss, D.E. 14, is **GRANTED**. Plaintiffs' claims are dismissed without prejudice, and Plaintiffs are granted leave to file an amended pleading which cures the deficiencies noted herein. Plaintiffs have thirty (30) days to file another amended complaint, and if Plaintiffs do not do so, this matter will be dismissed with prejudice. An appropriate Order accompanies this Opinion.

Dated: August 25, 2023

_____<br>John Michael Vazquez, U.S.D.J.