THE LAW OFFICES OF RICHARD MALAGIERE
A Professional Corporation
250 Moonachie Road, Suite 300A
Moonachie, New Jersey 07074
(201) 440-0675
Richard Malagiere
Leonard E. Seaman
Attorneys for Plaintiffs, Marco Palazzi and Pierangela Bonelli

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARCO PALAZZI AND PIERANGELA BONELLI<br><br>Plaintiffs,<br><br>v.<br><br>CIGNA HEALTH AND LIFE INSURANCE COMPANY, JOHN OR JANE DOE 1 THROUGH 100, FICTITIOUS NAMES BEING NATURAL PERSONS AT PRESENT UNIDENTIFIED, XYZ CORPORATIONS 1 THROUGH 100, FICTITIOUS NAMES BEING CORPORATIONS AT PRESENT UNIDENTIFIED, ABC ENTITIES 1 THROUGH 100, FICTITIOUS NAMES BEING COMMERCIAL ENTITIES AT PRESENT UNIDENTIFIED.<br><br>Defendants. | Civil Action No. 22-cv-6278<br><br>**SECOND AMENDED COMPLAINT** |

Plaintiffs, Marco Palazzi ("Palazzi") and Pierangela Bonelli ("Bonelli") as and for their Second Amended Complaint against Defendants CIGNA HEALTH

AND LIFE INSURANCE COMPANY ("Cigna"), its agents, principals, servants and employees and anyone acting on its behalf, JOHN or JANE DOE 1 through 100, fictitious names being natural persons at present unidentified, XYZ CORPORATIONS 1 through 100, fictitious names being corporations at present unidentified, ABC ENTITIES 1 through 100, fictitious names being commercial entities at present unidentified (collectively, "Defendants"), upon information and belief, alleges as follows:

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiffs, Palazzi and Bonelli, are individuals residing at 20 Ave Port Imperial Apt 405, West New York, State of New Jersey, at the time of this filing.

2. Defendant Cigna, either individually or through authorized subsidiaries and affiliates is a corporation authorized to do business in the State of New Jersey. Cigna maintains offices throughout the State of New Jersey, including 44 Whippany Road, Morristown, New Jersey 07960.

3. Defendant John or Jane Does 1-20 are individuals who caused Plaintiff's damages. Their identities are not yet known or identified but, upon reasonable discovery, once identified, Plaintiff will amend this complaint to show their true names when the same has been ascertained.

4. Defendants XYZ Corporations (1-100) are, as of yet, unknown and unidentified corporate entities who are responsible in whole or in part for the damages as alleged in further detail herein.

5. Defendants ABC Entities (1-100) are, as of yet, unknown and unidentified business entities who are responsible in whole or in part for the damages as alleged in further detail herein.

## FACTS COMMON TO ALL COUNTS

6. Cigna is engaged in administering health care plans or policies in the State of New Jersey including, but not limited to the Om Log USA, Inc. OAPIN Plan (the "Plan").

7. The Plan was established by Palazzi's employer, Om Log USA, Inc. ("Om Log") as an Employee Welfare Benefit Plan within the meaning of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq.

8. Palazzi is an "eligible employee" within the meaning of the Plan.

9. Bonelli an "eligible dependent" within the meaning of the Plan.

10. Bonelli was referred to Roger Hartl. M.D by a physician who treated her in the past.

11. Dr. Hartl recommended that she undergo surgery to correct the condition in her back.

12. Bonelli was experiencing back pain and required surgical invention to alleviate her pain, specifically, an Under Posterior Extradural Laminotomy or Laminectomy for Exploration/Decompression of Neural Elements or Excision of Herniated Intervertebral Disks Procedure.

13. The Plan includes provisions to cover services of a non-network provided like Dr. Hartl. Plaintiffs and Dr. Hartl followed these requirements and obtained the authorization required.

14. The Plan's "Medical Management Program" provides:



███████████████████

(Italics in original.)

15. Since Dr. Hartl was not an in-network provider under the Plan, plaintiffs authorized the staff in Dr. Hartl's office to act as their representative to seek and obtain a pre-service determination from Cigna for the surgery. This authorization would encompass both the surgery to be performed and Dr. Hartl as the surgeon.

16. On August 18, 2021, plaintiffs were advised that Cigna approved the pre-authorization request.

17. On August 18, 2021, defendant CIGNA issued a written approval the following procedure – "63030 Partial removal of bone with release of spinal cord or spinal nerves of 1 interspace in lower spine."

18. Cigna provided an authorization number for the surgery (OP0933574555) effective from August 20, 2021 to November 20, 2021.

19. Based on Cigna's approval of the surgery by Dr. Hartl, Boneilli underwent the approved surgical procedure with Dr. Hartl on August 20, 2021 at Well Cornell Medical College in New York City.

20. Plaintiffs were not contacted by Cigna at any time before the surgery on August 20, 2021 to advise that Cigna was reneging on its prior approval of that procedure.

21. The Plan Administrator has delegated to Cigna authority interpret and apply Plan terms and to make factual determinations in connection with its review of claims under the Plan and to perform any review, as required by ERISA, of each claim denial which has been appealed by the claimant or claimants duly authorized representative.

22. After the surgery was completed, plaintiff received an explanation of benefits form indicating the once approved surgical procedure was now not being covered under plaintiff's health insurance plan, as Dr. Hartl was an out of network provider and that plaintiff's health insurance plan did not provide for out of network benefits.

23. On November 16, 2021, plaintiff filed an appeal with Cigna demanding that it honor its letter of August 18, 2021 and pay for the previously authorized surgery.

24. On February 15, 2022, Cigna denied plaintiff's appeal.

25. Cigna asserted that plaintiff's claim was denied because plaintiff did not receive services from a participating provider in plaintiff's network and plaintiff did not have out of network benefits.

26. Noticeably, defendant Cigna failed to address its prior letter from August 18, 2021 wherein the out of network provider, Dr. Hartl was approved.

27. On March 4, 2022, plaintiff re-filed its appeal to have defendant Cigna pay the previously authorized surgery. In the appeal, plaintiff stated: "We requested and receiv[ed] in writing the approval to have this exception granted. This provider assured us they would accept what CIGNA would cover – they also told us they were in receipt of an exception granted by CIGNA for these services – as a result we went ahead with the surgery only to find out CIGNA stated they sent this exception letter out in error."

28. Plaintiffs have received no formal response from Cigna as to the March 4, 2022 appeal.

29. On May 25, 2022, counsel for plaintiff mailed correspondence to defendant Cigna in an effort to resolve the dispute without the need for protracted litigation; however, defendant Cigna never replied to counsel's letter.

30. All administrative remedies have been exhausted.

31. Cigna has refused to pay for the approved surgical procedure. Plaintiffs have received bills from Weill Cornell Medical Center demanding payment of $37,607.00.

32. Plaintiffs have also received demands for payment of that amount from a collection agency on behalf of Weill Cornell Medical Center.

# FIRST COUNT
## FAILURE TO MAKE PAYMENTS PURSUANT TO MEMBER'S PLAN UNDER 29 U.S.C. § 1132(a)(1)(B)

33. Plaintiffs repeat and realleges each and every allegation set forth in this Complaint as if set forth in this Count.

34. Section 502(a)(1), codified at 29 U.S.C. § 1132(a) provides a cause of action for a beneficiary or participant seeking payment under a benefits plan.

35. Plaintiffs have standing to seek such relief as participants in the Plan.

36. Upon information and belief, CIGNA acted in a fiduciary capacity in administering any claims determined to be governed by ERISA.

37. The Plan language embodied in the Plan's "Medical Management Program" entitled plaintiffs to seek and obtain authorization to obtain benefits in the form of reimbursement of services provided by an out-of-network provider.

38. The Plan, therefore, contemplates affording benefits for services from out-of-network providers like those sought and obtained here.

39. By the Plan's establishment of provisions for pretreatment authorization of services from out-of-network providers and plaintiffs' following that mechanism to authorize treatment in this instance, plaintiffs are entitled to those benefits due to them.

40. Once authorization was provided, plaintiffs reasonably relied on it.

41. Cigna's purported revocation of its authorization was arbitrary, capricious, and unreasonable.

42. Cigna's actions in denying previously approved benefits only after services were provided were in contravention of the relevant procedures for determining benefits.

43. Plaintiffs should be entitled to benefits for the procedure undertaken in an amount equal to that which Cigna would have paid for services of an in-network provider.

44. Plaintiffs are entitled to recover benefits due under any applicable ERISA plan or policy in an amount equal to that of which Cigna would have paid t an in-network provider plus legal fees and costs of suit.

45. As a result, Plaintiffs have been damaged and continue to suffer damages.

**WHEREFORE**, plaintiffs demand judgment against defendant for:

    A. For an Order directing Defendant to pay Plaintiff all amounts due for care provided;

    B. For an Order directing Defendant to pay Plaintiff all benefits they would be entitled to under the applicable insurance plan or policy administered by Defendant;

    C. For compensatory damages and interest;

D. For attorney's fees and costs of suit; and

E. For such other and further relief as the Court may deem just and equitable.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

                          /s/ Leonard E. Seaman
                          RICHARD MALAGIERE
                          LEONARD E. SEAMAN
                          THE LAW OFFICES OF RICHARD MALAGIERE
                          A Professional Corporation
                          250 Moonachie Road, Suite 300A
                          Moonachie, New Jersey 07074
                          Tel. (201) 440-0675
                          rm@malagierelaw.com
                          les@malagierelaw.com

DATED: September 21, 2023