NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARCO PALLAZI, et al.,<br><br>Plaintiffs,<br>v.<br><br>CIGNA HEALTH AND LIFE INSURANCE COMPANY,<br><br>Defendant. | Civil Action No. 22-06278-BRM-AME<br><br>**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER ON MOTION TO SEAL** |

**THIS MATTER** having come before the Court by way of Defendant Cigna Health and Life Insurance Company's ("Cigna") motion for an order to seal portions of the documents filed at D.E. 15 [D.E. 28], and Plaintiffs' motion for an order to seal portions of the Second Amended Complaint filed at D.E. 41, pending resolution of Cigna's motion to seal [D.E. 43]; and Plaintiffs having opposed Cigna's motion; and the Court having reviewed the motions to seal and finding oral argument unnecessary, *see* Fed. R. Civ. P. 78(b); and for good cause shown, the following shall constitute the Court's findings of fact, conclusions of law, and Order:

1. Cigna seeks to seal the following information filed in support of its motion to dismiss the First Amended Complaint: (a) Plaintiff Pierangela Bonelli's confidential protected health information ("PHI") contained in Exhibits A and B to Cigna's motion dismiss [D.E. 15 at 1-13]; and (b) the entirety of Exhibit C to that motion dismiss, which consists of the Summary Plan Description ("SPD") for the health benefits offered by Plaintiff Marco Pallazi's employer, non-party Om Log USA Inc. [D.E. 15 at 14-98].

2. Although there exists in civil cases a common law public right of access to judicial proceedings and records, the right of public access is not absolute, and the presumption of public access is rebuttable. *See In re Cendant Corp.*, 260 F.3d 183, 192, 194 (3d Cir. 2001).

3. The presumption of public access has been applied "to a wide variety of civil records and documents," including "pleadings, orders, notices, exhibits and transcripts." *Leucadia, Inc. v. Applied Extrusion Technologies, Inc.*, 998 F.2d 157, 162 (3d Cir. 1993) (citations and internal quotation marks omitted). A narrow exception has been carved out for discovery materials as well as "discovery motions and their supporting documents." *Id.* at 165.

4. In this District, the party seeking to seal a judicial record bears the burden of demonstrating that good cause exists to overcome the presumption in favor of public access. *China Falcon Flying Ltd. v. Dassault Falcon Jet Corp.*, Civ. No. 15-6210, 2017 WL 3718108, at *2 (D.N.J. Aug. 29, 2017). The moving party must make a "particularized showing that disclosure will cause a 'clearly defined and serious injury to the party seeking closure.'" *Securimetrics, Inc. v. Iridian Techs., Inc.*, Civ. No. 03-04394, 2006 WL 827889, at *2 (D.N.J. Mar. 30, 2006) (quoting *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994)). General allegations of harm are insufficient; rather, the movant must give "specific examples or articulated reasoning" that harm will result. *In re Cendant Corp.*, 260 F.3d at 194.

5. "This [good cause] standard was incorporated into this District's Local Civil Rule 5.3, which sets forth the requirements for a motion to seal." *City of Sterling Heights Gen. Emps. Ret. Sys. v. Prudential Fin., Inc.*, Civ. No. 12-5275, 2016 WL 234838, at *1 (D.N.J. Jan. 19, 2016). Local Civil Rule 5.3(c) requires, in relevant part, that the reviewing Court consider certain factors "as well as other findings required by law." L. Civ. R. 5.3(c)(6). The factors include: (a) the nature of the materials or proceedings at issue; (b) the legitimate private or public interest which warrants

the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; and (d) why a less restrictive alternative to the relief sought is not available. L. Civ. R. 5.3(c)(3).

6. With respect to the confidential PHI, Cigna contends it "has a legitimate interest in maintaining the confidentiality of [such] information … and avoiding [its] public disclosure … because it includes personal information about protected health information." [D.E. 28-1 ¶ 4]. Although Cigna takes the position that the entirety of Exhibits A and B should be sealed, after conferring with Plaintiffs' counsel, it has deferred to Plaintiffs' position that only the last four digits of Plaintiff Pierangela Bonelli's customer identification number need be sealed. [*Id.* ¶ 5; *see also* D.E. 29 at 4 ("Plaintiffs do not oppose the proposed redactions to two of those documents ….")]. To that end, Cigna filed redacted versions of those exhibits. [*See* D.E. 28-2, 28-3]. The Court concludes there is good cause to seal the last four digits of Plaintiff Pierangela Bonelli's customer ID number because it consists of private medical information, which, if disclosed, could be used to identify Plaintiff Pierangela Bonelli and/or her personal and medical information. *See Rosario v. Doe*, Civ. No. 08-5185, 2013 WL 3283903, at *3 (D.N.J. June 25, 2013) (Bumb, J.). As these exhibits were filed with redactions of the information Plaintiff Pierangela Bonelli seeks to protect, no less restrictive alternative is available to prevent the disclosure of that PHI.

7. With respect to the SPD, Cigna asserts it contains "commercially sensitive and proprietary information," and that Cigna has a substantial interest in protecting its confidentiality. [D.E. 28-1 ¶ 7-8]. Cigna argues that public disclosure of the SPD would: (a) negatively impact Cigna's and Om Log USA Inc.'s competitive standing "because their respective competitors could directly benefit from the use of such information"; and (b) negatively affect Cigna's and Om Log USA Inc.'s relationship with clients and members, respectively. [*Id.* ¶¶ 8-10]. For example, Cigna

contends "disclosure of the terms Cigna has reached with certain of its clients could affect [its] ability to compete with other insurers, and affect its bargaining power in future negotiations with similar clients." [*Id.* ¶ 10]. Notably, Cigna certifies that the SPD is not publicly available, and thus, that sealing it in its entirety is the least restrictive alternative. [*Id.* ¶¶ 10-11].

8. Plaintiffs oppose Cigna's motion to seal the SPD and its contents, [s*ee* D.E. 29], and argue the SPD is not a confidential document because federal regulations require Cigna (i) to provide a copy of the SPD to plan participants, who may then publicly disclose its terms, and (ii) to produce a copy to the Secretary of Labor upon request, which would then make the SPD disclosable under the Freedom of Information Act. [*Id.* at 6]. Plaintiffs also assert Cigna fails to meet its burden by offering conclusory and broad allegations of harm, and contend the SPD does not include "any commercially relevant information like how much Om Log pays Cigna to serve as the plan administrator or how much the plan will pay providers for services they provide to beneficiaries." [*Id.* at 6-7].

9. In reply, Cigna filed a declaration from an employee stating, in relevant part, that Cigna considers the SPD proprietary and confidential because it contains "details regarding the operation of the benefit plan and how benefits are calculated and paid" and "are the product of private contractual negotiations between Cigna and its clients." [D.E. 30-1 ¶¶ 7-8]. Cigna also challenges Plaintiffs' reliance on cited federal regulations, arguing they apply to the plan administrator, Om Log USA Inc., and not Cigna, the claims administrator. [D.E. 30 at 8].

10. On August 25, 2023, the District Court entered an Opinion and Order granting, without prejudice, Cigna's motion to dismiss the First Amended Complaint. [D.E. 35, 36]. The Court permitted the parties to request any portion of the Opinion to remain under seal. [D.E. 36]. For the reasons stated in its motion to seal, Cigna requested redaction of a quotation from the SPD

found on page 6 of the August 25 Opinion. [D.E. 37]. The District Court ordered that portion of the Opinion to remain under seal pending a decision on Cigna's motion to seal. [D.E. 39].

11. On September 21, 2023, Plaintiffs filed a Second Amended Complaint under seal. [D.E. 41]. Subsequently, on October 6, 2023, Plaintiffs filed a motion to seal the same quotation from the SPD, which appears in paragraph 14 of the Second Amended Complaint, "[i]n deference to Cigna's position and the ruling of the Court," and "to ensure that the disputed language is not publicly disclosed until the Court rules on the pending motion to seal." [D.E. 431 ¶ 7].[1]

12. This Court concludes that Cigna has met its burden of showing good cause to seal the entirety of the SPD and any information quoted from that document. Cigna has demonstrated the SPD contains confidential terms regarding the operation of the benefit plan and the payment and calculation of benefits that were privately entered between Cigna and its clients, and the Court finds there is a legitimate interest in preventing the public disclosure of sensitive business information that could impact Cigna's or its clients' competitive position. *See Goldenberg v. Indel, Inc.*, Civ. No. 09-5202, 2012 WL 15909, at *3 (D.N.J. Jan. 3, 2012) ("Courts have recognized that the confidentiality of business agreements, trade secrets or commercial information are a legitimate private interest[,] and the disclosure of this information can be used for the improper purpose of causing harm to the litigant's competitive standing in the marketplace.") (collecting cases); *see also Bracco Diagnostics, Inc. v. Amersham Health Inc.*, Civ. No. 03-6025, 2007 WL 2085350, at *7 (D.N.J. July 18, 2007) ("Maintaining competitiveness is a legitimate private interest which warrants sealing. L.Civ.R. 5.3(c)(2)(b)."). This is especially the case where Cigna "has a legitimate private interest in maintaining the confidentiality of the terms of its agreements." *Vista India, Inc. v. Raaga, LLC*, Civ. No. 07-1262, 2008 WL 834399, at *3 (D.N.J. Mar. 27, 2008). In that same

---

[1] Plaintiffs also filed a redacted version of the Second Amended Complaint at D.E. 43-2.

vein, the Court concludes that disclosure of the information contained in the SPD would thus result in a clearly defined and serious injury by providing competitors an unfair market advantage. *See Overton v. Sanofi-Aventis U.S., LLC*, Civ. No. 13-05535, 2014 WL 1554718, at *2 (D.N.J. Apr. 9, 2014) ("[C]ourts have consistently recognized that publicly exposing a party's business information might harm that party's competitive standing, and that the very possibility of such harm is sufficient to warrant the sealing of documents."). Finally, for these same reasons, the Court finds there is no less restrictive alternative to that of sealing the entirety of the SPD.

13.     The authority Cigna cites from other Courts in this District is persuasive. *See Medwell, LLC v. Cigna Corp.*, Civ. No. 20-10627, 2020 WL 7694008, at *5 (D.N.J. Dec. 28, 2020) (Kiel, J.) (holding Cigna "sufficiently demonstrated a specific need for privacy to the information in [excerpts of a summary plan description], which overcomes the general presumption of public access"); *see also Atlantic Orthopaedic Associates v. Cigna*, Civ. No. 2:20-cv-12340 (D.N.J. Feb. 20, 2021) (Hammer, J.), D.E. 23 (sealing SPD excerpts); *The Plastic Surgery Center, P.A. v. Cigna Health and Life Insurance Co.*, Civ. No. 17-02055 (D.N.J. Nov. 18, 2020) (Arpert, J.), D.E. 126 (sealing entire SPD). Accordingly,

**IT IS** on this 18th day of October, 2023,

**ORDERED** that Cigna's motion to seal [D.E. 28] and Plaintiffs' motion to seal [D.E. 43] are hereby **GRANTED**; and it is further

**ORDERED** that the Clerk of Court shall maintain the documents filed at D.E. 15, 35, and 41, under seal until further order; and it is further

**ORDERED** that the Clerk of Court shall terminate the motions filed at D.E. 28 and 43.

    /s/ *André M. Espinosa*
ANDRÉ M. ESPINOSA
United States Magistrate Judge