# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARCO PALLAZI AND PIERANGELA BONELLI,<br><br>        Plaintiff,<br><br>v.<br><br>CIGNA HEALTH AND LIFE INSURANCE COMPANY, JOHN OR JANE DOE 1 THROUGH 100, FICTITIOUS NAMES BEING NATURAL PERSONS AT PRESENT UNIDENTIFIED, XYZ CORPORATIONS 1 THROUGH 100, FICTITIOUS NAMES BEING CORPORATIONS AT PRESENT UNIDENTIFIED, ABC ENTITIES 1 THROUGH 100, FICTITIOUS NAMES BEING COMMERCIAL ENTITIES AT PRESENT UNIDENTIFIED.<br><br>        Defendants. | No. 2:22-cv-06278-BRM-AME<br><br>*Document electronically filed* |

**DEFENDANT CIGNA HEALTH AND LIFE INSURANCE COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT**

Caroline E. Oks
GIBBONS P.C.
One Gateway Center
Newark, New Jersey 07102-5310
Telephone: (973) 596-4500

*Attorneys for Defendant Cigna Health and Life Insurance Company*

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ....................................................................................... ii

PRELIMINARY STATEMENT ..................................................................................1

STATEMENT OF FACTS ...........................................................................................2

ARGUMENT ................................................................................................................5

I.     PLAINTIFFS' SECOND AMENDED COMPLAINT FAILS TO STATE A CLAIM. ...................................................................................5

    A.     Legal Standard ..............................................................................5

    B.     Count I For ERISA Benefits Fails To State A Claim. ..........................6

CONCLUSION ...........................................................................................................10

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Advanced Rehab., LLC v. UnitedHealth Grp., Inc.*,
　No. 10-00263, 2011 WL 995960 (D.N.J. Mar. 17, 2011) ...................................7

*Ashcroft v. Iqbal*,
　556 U.S. 662 (2009) ............................................................................................5

Bell Atl. Corp. v. Twombly,
　550 U.S. 544 (2007) .......................................................................................4, 5

*Cohen v. Horizon Blue Cross Blue Shield of New Jersey*,
　No. 13-03057, 2013 WL 5780815 (D.N.J. Oct. 25, 2013) ..................................5

*Fowler v. UPMC Shadyside*,
　578 F.3d 203 (3d Cir. 2009) ............................................................................5, 8

*Funicelli v. Sun Life Fin. (US) Servs. Co.*,
　No. 12-06659, 2014 WL 197911 (D.N.J. Jan. 14, 2014) ....................................8

*Goldenberg v. Indel, Inc.*,
　741 F.Supp. 2d 618 (D.N.J. 2010) ......................................................................3

*Hein v. F.D.I.C.*,
　88 F.3d 210 (3d Cir. 1996) .................................................................................6

*Hooven v. Exxon Mobil Corp.*,
　465 F.3d 566 (3d Cir. 2006) ...............................................................................6

*K.S. v. Thales USA, Inc.*,
　2019 WL 1895064 (D.N.J. Apr. 29, 2019) .........................................................7

*Kanter v. Barella*,
　489 F.3d 170 (3d Cir. 2007) .............................................................................10

*Lopez v. Beard*,
　333 F. App'x 685 (3d Cir. 2009) ........................................................................5

*Pain & Surgery Ambulatory Ctr., P.C. v. Conn. Gen. Life Ins. Co.*,
   No. 11-5209, 2012 WL 3781516 (D.N.J. Aug. 30, 2012), *aff'd*, 532
   F. App'x 209 (3d Cir. 2013) ..................................................................................7, 9

*Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*,
   998 F.2d 1192 (3d Cir. 1993) ...........................................................................................2

*Pickett v. Ocean-Monmouth Legal Servs., Inc.*,
   No. 11-6980, 2012 WL 1601003 (D.N.J. May 7, 2012) ......................................3

*Ranke v. Sanofi-Synthelabo Inc.*,
   436 F.3d 197 (3d Cir. 2006) ............................................................................10

*Silver v. Pep Boys-Manny, Moe & Jack of Delaware, Inc.*,
   No. CV1700018FLWLHG, 2018 WL 1535285 (D.N.J. Mar. 29,
   2018) ................................................................................................................10

*Univ. Spine Ctr. v. Cigna Health & Life Ins. Co.*,
   No. 17-13596, 2018 WL 4144684 (D.N.J. Aug. 29, 2018)................................7

*US Airways, Inc. v. McCutchen*,
   569 U.S. 88 (2013)..............................................................................................6

**Statutes**

29 U.S.C. § 1132(a)(1)(B) ................................................................................6, 9

ERISA § 502(a)(1)(B)...............................................................................................6

**Rules**

Fed. R. Civ. P. 12(b)(6)........................................................................................4

iii

Defendant Cigna Health and Life Insurance Company ("Cigna") submits this brief in support of its Motion to Dismiss Plaintiffs' Second Amended Complaint. For the reasons set forth below, Cigna respectfully requests that its Motion be granted and the Second Amended Complaint against it be dismissed in its entirety with prejudice.

## PRELIMINARY STATEMENT

Plaintiffs Marco Palazzi[1] ("Pallazzi") and Pierangela Bonelli's ("Bonelli", and collectively with Palazzi, "Plaintiffs") third attempt to state a claim continues to fail, as have their other prior attempts. Plaintiffs have eliminated many of the admitted issues in their prior pleadings – they have abandoned their state law causes of action, which were preempted, as well as their fiduciary duty claim, which was duplicative of their ERISA benefits claim.

Plaintiffs' sole remaining cause of action asserted in the Second Amended Complaint is a claim for benefits due under ERISA. This cause of action should be dismissed, however, because Plaintiffs have failed to allege how the plan was violated and why they are entitled to reimbursement under the plan. The Second Amended Complaint seeks payment for services rendered by an out-of-network provider, but the plan clearly does not provide for out-of-network benefits. Plaintiffs

---

[1] The case caption spells the first-named plaintiffs name as "Pallazi," but Plaintiffs' SAC spells his name as "Palazzi." We adopt the latter for the purposes of this Motion in deference to Plaintiffs. *See* ECF No. 38 at 2 n.3.

1

attempt to rely on a preauthorization program provision to create benefits where none exist, but this Court has already expressed skepticism as to whether Plaintiffs could plausibly ground their claims on this provision. Plaintiffs' Second Amended Complaint fails to explain how this procedure supports a claim for benefits, and should now be dismissed with prejudice accordingly.

## STATEMENT OF FACTS

Plaintiffs allege that this lawsuit arises from Cigna's alleged failure to pay for out of network medical services rendered to Bonelli. *See* Second Amended Complaint, ECF No. 41 ("SAC") ¶¶ 22, 31. Bonelli is a beneficiary of a health benefits plan administered by Cigna. SAC ¶¶ 6, 9.

According to the SAC, Bonelli underwent surgery to treat a back condition on August 20, 2021. *Id*. ¶¶ 11, 19. The surgery was performed by an out-of-network provider, Dr. Roger Hartl, M.D. *Id*. ¶¶ 10, 12, 15. Plaintiffs allege that Bonelli's out-of-network medical provider obtained authorization for Bonelli's treatment, and that a representative of Cigna initially approved the services to be performed by Plaintiff. *Id*. ¶¶ 15-16. That authorization letter states "This letter isn't a guarantee that your plan will pay for the services." ECF No. 15 (Ex. A at 1).[2] However, one

---

[2] A court may consider a "document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

2

day later, ***and prior to the surgery***, Cigna notified Bonelli that the initial authorization was sent in error.[3]  SAC ¶ 22; *see also* ECF No. 15 (Ex. B).  Bonelli later underwent a medical procedure on August 20, 2021.  SAC ¶ 19.

The claim for the August 20, 2021 procedure was denied because Bonelli did not receive services from a participating provider in plaintiffs' network and the plan did not have out of network benefits.  *Id.* ¶ 19; *see also id.* ¶ 25.  Plaintiffs allege they have received a bill from Weill Cornell Medical Center demanding payment of $37,607, but fail to allege that they have paid this amount and fail to explain the bill's relevance to the surgery or Dr. Hartl.  *Id.* ¶¶ 31-32.

On August 29, 2022, Plaintiffs commenced this action by filing a Complaint against Cigna in New Jersey Superior Court.  *See* ECF No. 1-1 at 4-12.  Plaintiffs' initial Complaint asserted four causes of action: (i) Breach of Implied Contract; (ii) Breach of the Covenant of Good Faith and Fair Dealing; (iii) Promissory Estoppel; (iv) Negligent Misrepresentation.  *Id.*  On October 26, 2022, Cigna timely filed a Notice of Removal, removing this matter to this Court.  ECF No. 1.  On December

---

[3] This Court may consider documents referenced in the SAC, and, in the case of the August 19, 2021 letter, ECF No. 15 (Ex. B), "to the extent [the documents] contradict the Complaint's factual allegations, the documents will control." *Goldenberg v. Indel, Inc.*, 741 F.Supp. 2d 618, 624 (D.N.J. 2010) (citation omitted); *see also Pickett v. Ocean-Monmouth Legal Servs., Inc.*, No. 11-6980, 2012 WL 1601003, at *4 (D.N.J. May 7, 2012) ("[A] court must [not] turn a blind eye to the facts as shown in documents also appropriately considered in deciding a motion to dismiss if those facts directly contradict the conclusory allegations in the complaint.").

3

28, 2022, Plaintiffs filed a First Amended Complaint to add two additional causes of action pursuant to ERISA. *See* FAC.

Cigna moved to dismiss the FAC in its entirety on January 31, 2023. ECF No. 14, 15; *see also* ECF No. 26. The FAC was dismissed by the Hon. Michael Vazquez, U.S.D.J. on August 25, 2023. ECF No. 38 ("MTD Opinion"). Judge Vazquez held that Plaintiffs' state law claims were preempted, and that the fiduciary duty claim was duplicative. *Id*. at 5, 7-8. Judge Vazquez further held that Plaintiffs failed to state a claim for benefits due under ERISA because the FAC failed to allege how the plan was violated and why they are entitled to further reimbursement under the plan. *Id*. at 5, 7. The Court also expressed skepticism as to Plaintiffs' ability to rely on the "Medical Management" provision of the plan to support their cause of action. *Id*. at 7 n. 11.

Plaintiffs filed their SAC on September 21, 2023. ECF No. 41. The SAC asserts a single cause of action for benefits due under ERISA. *Id*. ¶¶ 33-35. This claim fails for all the same reasons as Plaintiffs' prior pleading and the Court should now dismiss the SAC with prejudice.

4

## ARGUMENT

### I. PLAINTIFFS' SECOND AMENDED COMPLAINT FAILS TO STATE A CLAIM.

#### A. Legal Standard

To avoid dismissal under Rule 12(b)(6), the allegations of the complaint must "raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, and furnish "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A pleading, in other words, must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Lopez v. Beard*, 333 F. App'x 685, 687 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678).

Critically, courts deciding motions to dismiss should not accept and in fact should disregard bald assertions, untenable inferences, or unsupported legal conclusions disguised as factual allegations. *See Twombly*, 550 U.S. at 555 ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do … [O]n a motion to dismiss, courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'").

A conclusory statement not supported with sufficient factual detail to lend that statement plausibility adds nothing to the sufficiency of the pleading. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) ("After *Iqbal*, it is clear that conclusory or 'bare-bones' allegations will no longer survive a motion to dismiss."); *id.* (court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions"); *Cohen v. Horizon Blue Cross Blue Shield of New Jersey*, No. 13-03057, 2013 WL 5780815, at *8 (D.N.J. Oct. 25, 2013) (dismissing ERISA claim where "the complaint is draped with conclusory assertions that Horizon acted as a fiduciary and exercised discretionary authority [but] lacked specific facts to support the plausible inference that Horizon was, in fact, a fiduciary").

### B.  Count I For ERISA Benefits Fails To State A Claim.

Plaintiffs have failed to meet their basic pleading burden of alleging which terms of the Plans entitles them to relief under ERISA § 502(a)(1)(B). To state an ERISA claim for plan benefits, a plaintiff must demonstrate that he is entitled to "benefits due to him ***under the terms of his plan***." 29 U.S.C. § 1132(a)(1)(B). Because plan terms are "at the center of ERISA," *US Airways, Inc. v. McCutchen*, 569 U.S. 88, 100–01 (2013), an unescapable requirement of stating a benefits claim is first to "demonstrate that the benefits ***are actually 'due'***" under the plan—"that is, [the ERISA plaintiff] must have a right to benefits that is legally enforceable against

6

the plan[,]" *Hooven v. Exxon Mobil Corp.*, 465 F.3d 566, 574 (3d Cir. 2006); *see also Hein v. F.D.I.C.*, 88 F.3d 210, 215 (3d Cir. 1996) ("Only the words of the Plan itself can create an entitlement to benefits."); MTD Opinion at 5.

"Nothing in the [plans], ERISA, or the applicable case law interpreting ERISA confers a right upon [an out-of-network provider] . . . to demand anything other than the out-of-network allowance which [the plan sponsor] opted to underwrite as a benefit." *K.S. v. Thales USA, Inc.*, 2019 WL 1895064, at *5 (D.N.J. Apr. 29, 2019); *see also Univ. Spine Ctr. v. Cigna Health & Life Ins. Co.*, No. 17-13596, 2018 WL 4144684, at *3 (D.N.J. Aug. 29, 2018) (McNulty, J.) ("*Univ. Spine Ctr. I*") ("join[ing] recent holdings of other judges of this district" in "emphasiz[ing] that an ERISA claim requires plaintiff to allege and prove an entitlement to 'benefits due to him *under the terms of his plan*'") (emphasis added); *Advanced Rehab., LLC v. UnitedHealth Grp., Inc.*, No. 10-00263, 2011 WL 995960, at *2-3 (D.N.J. Mar. 17, 2011) (Cavanaugh, J.) (listing, quoting, and summarizing the health plans under which a class of plaintiffs brought ERISA claims).

Plaintiffs have not met their burden here. They have neither articulated any particular Plan language that would entitle them to the benefit they seek, nor have they articulated any plan language that was allegedly violated, both of which must be properly pled in order to survive a motion to dismiss. *See Univ. Spine Ctr. I*, 2018 WL 4144684, at *3 (dismissing complaint for failure to identify pertinent plan

language or state why amount of reimbursement was wrong). In fact, the Plan expressly does *not* provide for the benefit sought here – reimbursement for services provided by an out-of-network provider. *See* ECF No. 15 ( Ex. C, SPD at 12-15); *see also* SAC ¶ 22.

The first element in a claim for coverage is establishing that the plan (or insurance policy) grants coverage. *See Pain & Surgery Ambulatory Ctr., P.C. v. Conn. Gen. Life Ins. Co.*, No. 11-5209, 2012 WL 3781516, at *7 (D.N.J. Aug. 30, 2012), *aff'd*, 532 F. App'x 209 (3d Cir. 2013); *Funicelli v. Sun Life Fin. (US) Servs. Co.*, No. 12-06659, 2014 WL 197911, at *3, 9 (D.N.J. Jan. 14, 2014). Plaintiffs here have not plausibly alleged that the Plan provides coverage for the service in question. Unless Plaintiffs can point to a provision of the Plan that has been violated, MTD Opinion at 7 n.11, which they fail to do here, there can be no cause of action under ERISA.

*First*, the SAC contains the conclusory allegation that "[t]he Plan includes provisions to cover services of a non-network provided [sic] like Dr. Hartl." SAC ¶ 13. The SAC fails to identify the specific Plan provision that provides coverage for such services, however. The Court should not give any weight to conclusory allegations. *See Fowler*, 578 F.3d at 210-11. And in fact, the Plan expressly does *not* cover out-of-network services. *See* ECF No. 15 (Ex. C, SPD at 12-15).

8

*Second*, Plaintiffs purport to rely on the Plan's "Medical Management Program" to create a benefit provision on which to rely. SAC ¶ 14. In dismissing Plaintiffs' prior pleading, however, this Court cautioned that "Plaintiffs . . . will need to sufficiently articulate ***how and why*** this provision entitles them to compensation under the Plan." ECF No. 38 at 7 n.11 (emphasis added). Plaintiffs fail to do so here.

The language quoted by Plaintiffs does not support their cause of action for benefits. SAC ¶ 14. The quoted language about the "Medical Management Program" describes the preauthorization process. *Id*. Although the Plan clearly only provides for reimbursement for services provided by an in-network provider or at an in-network facility, ECF No. 15 (Ex. C, SPD at 12-15), the preauthorization process is used to determine coverage for urgent/emergency services rendered by an out of network facility, *see id.* at 13 (providing coverage for "non-network" emergency room and ambulance services), or whether an in-network provider is available, *see* ECF No. 15 (Ex. B at 2 (identifying in-network providers)). Plaintiffs' SAC admits that Cigna participated in the preauthorization process, SAC ¶¶ 13, 15, and therefore they cannot base their claim on an alleged violation of the Medical Management Program provision.

Moreover, even if Plaintiffs had alleged that the preauthorization process did not occur, Plaintiffs have failed to allege that "benefits are due . . . ***under the terms***

9

*of [the] plan*." 29 U.S.C. § 1132(a)(1)(B).  The first element in a claim for coverage is establishing that the plan (or insurance policy) grants coverage.  *See Pain & Surgery Ambulatory Ctr., P.C. v. Conn. Gen. Life Ins. Co.*, No. 11-5209, 2012 WL 3781516, at *7 (D.N.J. Aug. 30, 2012), *aff'd*, 532 F. App'x 209 (3d Cir. 2013).  The Plan expressly does *not* provide coverage for the benefit sought here – reimbursement for services provided by an out-of-network provider.  *See* ECF No. 15 (Ex. C, SPD at 12-15); *see also* SAC ¶ 22.

Plaintiffs here have not plausibly alleged that the Plan provides coverage for the service in question, or that they are entitled to benefits, and this claim should be dismissed with prejudice accordingly.[4]

## CONCLUSION

For reasons stated above, Cigna respectfully requests that this Court grant its motion to dismiss Plaintiffs' Second Amended Complaint in its entirety, with prejudice.

---

[4] *See Ranke v. Sanofi-Synthelabo Inc.*, 436 F.3d 197, 206 (3d Cir. 2006) (if plaintiffs "had been in possession of facts that would have augmented [their] complaint and possibly avoided dismissal, [they] should have pled those facts in the first instance."); *Kanter v. Barella*, 489 F.3d 170, 181 (3d Cir. 2007) ("Where an amended pleading would be futile, that alone is sufficient ground to deny leave to amend."); *Silver v. Pep Boys-Manny, Moe & Jack of Delaware, Inc.*, No. CV1700018FLWLHG, 2018 WL 1535285, at *4 n.3 (D.N.J. Mar. 29, 2018) (dismissing amended complaint with prejudice where amended complaint failed to address deficiencies in prior pleading).

Dated: October 19, 2023      By:    s/ Caroline E. Oks
                                                               Caroline E. Oks, Esq.
                                                               GIBBONS P.C.
                                                               One Gateway Center
                                                               Newark, New Jersey 07102-5310
                                                               Telephone: (973) 596-4575
                                                               Facsimile: (973) 639-8317
                                                               coks@gibbonslaw.com

                                                               *Attorneys for Defendant Cigna Health and Life Insurance Company*