# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARCO PALLAZI AND PIERANGELA BONELLI,<br><br>         Plaintiff,<br><br>v.<br><br>CIGNA HEALTH AND LIFE INSURANCE COMPANY, JOHN OR JANE DOE 1 THROUGH 100, FICTITIOUS NAMES BEING NATURAL PERSONS AT PRESENT UNIDENTIFIED, XYZ CORPORATIONS 1 THROUGH 100, FICTITIOUS NAMES BEING CORPORATIONS AT PRESENT UNIDENTIFIED, ABC ENTITIES 1 THROUGH 100, FICTITIOUS NAMES BEING COMMERCIAL ENTITIES AT PRESENT UNIDENTIFIED.<br><br>         Defendants. | No. 2:22-cv-06278-BRM-AME<br><br>*Document electronically filed* |

**DEFENDANT CIGNA HEALTH AND LIFE INSURANCE COMPANY'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT**

Caroline E. Oks
GIBBONS P.C.
One Gateway Center
Newark, New Jersey 07102-5310
Telephone: (973) 596-4500

*Attorneys for Defendant Cigna Health and Life Insurance Company*

# **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................... ii

PRELIMINARY STATEMENT ..............................................................................1

ARGUMENT .............................................................................................................2

I.     PLAINTIFFS' SECOND AMENDED COMPLAINT FAILS TO STATE A CLAIM. ..........................................................................................2

        A.     The Plan Language is Unambiguous........................................................4

        B.     Because the Plain Language of the Plan is Unambiguous, Plaintiffs' Other Arguments Are Irrelevant ..........................................6

        C.     Plaintiffs Fail to Plausibly Allege a Violation of the Medical Management Program ...........................................................................8

CONCLUSION ..........................................................................................................9

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Advanced Orthopedics & Sports Med. Inst. v. Anthem Blue Cross Life & Health Ins. Co.*,
   No. CV178848MASLHG, 2018 WL 6603650 (D.N.J. Dec. 14, 2018) ...................................................................................................... 4, 5

*Brunswick Surgical Ctr., LLC v. CIGNA Healthcare*,
   No. 09-5857, 2010 WL 3283541 (D.N.J. Aug. 18, 2010) .................................... 6

*Drzala v. Horizon Blue Cross Blue Shield*,
   No. CV 15-8392, 2016 WL 2932545 (D.N.J. May 18, 2016) ............................. 6

*Emami v. Empire Healthchoice Assurance, Inc.*,
   No. CV18679JMVCLW, 2020 WL 4745817 (D.N.J. Aug. 17, 2020) ................................................................................................................. 9

*IGEA Brain & Spine, P.A. v. Cigna Health & Life Ins. Co.*,
   No. 17-13726, 2018 WL 2427125 (D.N.J. May 29, 2018) ................................. 2

*LeMoine v. Empire Blue Cross Blue Shield*,
   No. 16-6786, 2018 WL (D.N.J. Apr. 12, 2018) ................................................... 3

*Mellon Bank, N.A. v. Aetna Bus. Credit, Inc.*,
   619 F.2d 1001 (3d Cir. 1980) .............................................................................. 4

*Robinson v. Anthem Blue Cross Life & Health Ins. Co.*,
   No. 17-4600, 2018 WL 6258881 (D.N.J. Nov. 30, 2018) ................................... 2

*Taylor v. Cont'l Grp. Change in Control Severance Pay Plan*,
   933 F.2d 1227 (3d Cir. 1991) .......................................................................... 4, 6

*In re Unisys Corp. Retiree Med. Benefits ERISA Litig.*,
   58 F.3d 896 (3d Cir. 1995) .................................................................................. 4

*West v. Lincoln Benefit Life Co.*,
   509 F.3d 160 (3d Cir. 2007) ................................................................................ 6

*Winters v. Costco Wholesale Corp.*,
    49 F.3d 550 (9th Cir. 1995) ..............................................................................6, 7

*Coin. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*,
    836 F.2d 173 (3d Cir. 1988) ................................................................................4

**Statutes**

ERISA § 502(a)(1)(B)..................................................................................1, 2, 3

## **PRELIMINARY STATEMENT**

Defendant Cigna Health and Life Insurance Company ("Cigna") submits this reply brief in further support of its Motion to Dismiss Plaintiffs' Second Amended Complaint. For the reasons set forth below and in its moving brief, Cigna respectfully requests that its Motion be granted and the Second Amended Complaint be dismissed with prejudice.

Plaintiffs' Second Amended Complaint, ECF No. 41 ("SAC") is their third attempt to plead a cause of action. This Court has already dismissed Plaintiffs' attempt to craft an ERISA cause of action, directing Plaintiffs to identify the "how and why" the provision on which Plaintiffs' rely entitles them to the benefits they seek. ECF No. 38 ("MTD Opinion") at 7 n.11. Plaintiffs' SAC fails to do so. Quite simply, the governing health benefits plan clearly does not cover out-of-network (*i.e.*, "non-network") benefits. Neither the SAC nor Plaintiffs' Opposition ("Pb") to Cigna's Motion to Dismiss ("Db") explains how any provision allows for coverage of the non-network surgery procedure. Plaintiffs have not complied with the Court's prior Order or clearly established law governing what is required to state a claim under ERISA § 502(a)(1)(B). Plaintiffs' SAC should be dismissed with prejudice accordingly.

## ARGUMENT

I. **PLAINTIFFS' SECOND AMENDED COMPLAINT FAILS TO <u>STATE A CLAIM.</u>**

Plaintiffs have failed to meet their basic pleading burden of alleging which terms of the Plan entitles them to relief under ERISA § 502(a)(1)(B). Neither Plaintiffs' Second Amended Complaint nor their Opposition identifies a plan term that entitles them to benefits owed, which is fatal to their claims. MTD Opinion at 5, 7; Db6-10.

This Court previously dismissed Plaintiffs' First Amended Complaint because they failed to identify a plan term that was violated and how such a violation entitles them to benefits allegedly owed. *See* MTD Opinion at 7 ("Plaintiffs—if they file an amended pleading—are also cautioned that they will need to sufficiently articulate how and why this provision entitles them to compensation under the Plan." (citing *Robinson v. Anthem Blue Cross Life & Health Ins. Co.*, No. 17-4600, 2018 WL 6258881, at *4 (D.N.J. Nov. 30, 2018) (dismissing the §502(a)(1)(B) claim because the plaintiff failed to plausibly allege that the defendants "acted in contravention of the [relevant] procedures for determining" benefits, "what amount [the] [p]laintiff should be entitled to under those provisions," or "how the pertinent provisions entitle [it] to additional compensation."); *see also IGEA Brain & Spine, P.A. v. Cigna Health & Life Ins. Co.*, No. 17-13726, 2018 WL 2427125, at *2 (D.N.J. May 29, 2018) (dismissing a §502(a)(1)(B) claim because the plaintiff failed to allege how

the relevant plan was violated and why it was entitled to further reimbursement); *LeMoine v. Empire Blue Cross Blue Shield*, No. 16-6786, 2018 WL, 1773498, at *6 (D.N.J. Apr. 12, 2018) (dismissing a §502(a)(1)(B) claim because the plaintiff failed to allege "which actual [terms] were violated, when they were violated, or how they were violated")).

Plaintiffs' SAC alleges that the Plan's "Medical Management Program" creates a benefit provision on which to rely to support their claim for out-of-network benefits. SAC ¶ 14. As explained more fully in Cigna's moving brief, *see* Db9, the language quoted by Plaintiffs does not support their cause of action for benefits. SAC ¶ 14. The quoted language about the "Medical Management Program" describes the preauthorization process. *Id.* Although the Plan clearly only provides for reimbursement for services provided by an in-network provider or at an in-network facility, ECF No. 15 (Ex. C, SPD at 12-15), the preauthorization process is used to determine coverage for urgent/emergency services rendered by an out of network facility, *see id.* at 13 (providing coverage for "non-network" emergency room and ambulance services), or whether an in-network provider is available, *see* ECF No. 15 (Ex. B at 2 (identifying in-network providers)). Now, instead of relying

on the language cited in the SAC, Plaintiffs raise new arguments in attempt to save their claim, each of which fails.[1]

### A. The Plan Language is Unambiguous

Plaintiffs argue that the Plan as a whole is ambiguous regarding reimbursement for out-of-network benefits. Pb5-7. "The determination of whether a term[, in an ERISA benefits plan,] is ambiguous is a question of law[,]" and "[a] term is ambiguous if it is subject to reasonable alternative interpretations." *Taylor v. Cont'l Grp. Change in Control Severance Pay Plan*, 933 F.2d 1227, 1232 (3d Cir. 1991) (quoting *Mellon Bank, N.A. v. Aetna Bus. Credit, Inc.*, 619 F.2d 1001, 1011 (3d Cir. 1980) ). In determining whether a particular clause in a plan document is ambiguous, courts must first look to the plain language of the document. *In re Unisys Corp. Retiree Med. Benefits ERISA Litig.*, 58 F.3d 896, 902 (3d Cir. 1995).

Here, the plain language of the SPD clearly and expressly states that non-network outpatient (and inpatient) hospital and professional services–surgeon charges are "not covered." *See* ECF No. 15 (Ex. C, SPD at 12-15). Plaintiffs have "not proffered a reasonable alternative interpretation of [this provision] in the Plan," and therefore they cannot argue that there is ambiguity. *Advanced Orthopedics &*

---

[1] Plaintiffs should not be permitted to amend their pleading in an opposition brief. *See* MTD Opinion at 7 (citing *Coin. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.")).

*Sports Med. Inst. v. Anthem Blue Cross Life & Health Ins. Co.*, No. CV178848MASLHG, 2018 WL 6603650, at *3 (D.N.J. Dec. 14, 2018).

Instead, in attempting to create an ambiguity, Plaintiffs argue that the Plan[2] could have included an "unequivocal statement" that non-network care is not covered by the Plan. Pb5. Plaintiffs cite to the Plan's prescription drug benefits schedule as an example of unambiguous language, arguing that the SPD should have used similar language to exclude coverage for non-network benefits. *Id.* Plaintiffs completely ignore that the Plan's prescription drug benefits schedule ***uses the exact same language*** as the schedule of benefits in excluding coverage – both provisions state the benefits are "not covered." *Compare* ECF No. 15 (Ex. C, SPD at 17 ("Non-Network Pharmacy - not covered")) *with id.* (Ex. C, SPD at 13 (non-network inpatient and outpatient facility and surgical charges are all "not covered"). Therefore, Plaintiffs concede that the language excluding coverage for non-network charges is not in fact ambiguous, and that they are really trying to create an ambiguity where none exists.

---

[2] Plaintiffs wrongly imply that Cigna wrote the Plan at issue. Pb5. The Plan and the SPD's terms are directed by the plan sponsor, Om Log USA Inc., and administered by Cigna as the claims administrator. *See* SAC ¶¶ 6, 7.

5

### B. Because the Plain Language of the Plan is Unambiguous, Plaintiffs' Other Arguments Are Irrelevant

Plaintiffs improperly seek to introduce other considerations of contract interpretation in an attempt to argue around the plan language of the Plan. As explained *supra*, the Plan language unambiguously does not cover non-network services. "If the plain language is clear on its face, then the terms of the plan control and courts may not look to other evidence." *Drzala v. Horizon Blue Cross Blue Shield*, No. CV 15-8392, 2016 WL 2932545, at *3 (D.N.J. May 18, 2016) (citing *Taylor v. Cont'l Grp. Change in Control Severance Pay Plan*, 933 F.2d 1227, 1234 (3d Cir. 1991)). Even if this Court were to consider additional evidence outside the plain language of the Plan, Plaintiffs arguments still fail to create a cause of action.

*First*, Plaintiffs argue that their "reasonable expectations" should be used to create an ERISA claim. *See* Pb4-5. In this District, the "reasonable expectations" analysis is only considered for plans not subject to ERISA.[3] *See Brunswick Surgical Ctr., LLC v. CIGNA Healthcare*, No. 09-5857, 2010 WL 3283541, at *5 (D.N.J. Aug. 18, 2010) ("plans not governed by ERISA are simply insurance contracts, the interpretation of which is governed by New Jersey law"). The parties do not dispute

---

[3] In support of their position, Plaintiffs rely on inapposite cases analyzing out-of-state law. Pb4-5 (citing *West v. Lincoln Benefit Life Co.*, 509 F.3d 160, 171-72 (3d Cir. 2007) (analyzing Pennsylvania law regarding a claim for reinstatement of life insurance benefits); *Winters v. Costco Wholesale Corp.*, 49 F.3d 550 (9th Cir. 1995) (appeal from Western District of Washington holding participant did not have objective, reasonable expectation of coverage).

that the Plan at issue here is an ERISA plan. SAC ¶¶ 7, 36. Further, Plaintiffs fail to explain why their expectations should be considered "reasonable" when the schedule of benefits clearly states that non-network benefits are not covered. *See* ECF No. 15 (Ex. C, SPD at 13).

In *Winters*, on which Plaintiffs rely, *see* Pb4, the Ninth Circuit held that the plaintiff "had no objectively reasonable expectation of coverage for the GIFT procedure[,]" because the plan "made its exclusionary clauses conspicuous, plain and clear. The clauses were placed so their relationship to other policy terms was obvious. The exclusionary clauses were listed under an appropriate heading in the Plan table of contents." 49 F.3d at 555. The plan document at issue here also contains clear exclusionary clauses. The schedule expressly states that non-network outpatient (and inpatient) hospital and professional services–surgeon charges are "not covered." *See* ECF No. 15 (Ex. C, SPD at 12-15).

*Second*, Plaintiffs argue that the exclusionary clause should be "construed narrowly against the insurer." Pb5. Cigna is not an insurer; it is a claim administrator for the self-funded Om Log USA, Inc. benefits plan. *See* SAC ¶¶ 6-7; ECF No. 17 (Ex. C, SPD at 7); *cf*. Pb5. Further, *Winters*, on which Plaintiffs rely, contradicts Plaintiffs' argument, because the doctrine of *contra proferentem* does not apply where "the Plan grants the fiduciary explicit discretion to interpret the Plan." *Winters*, 49 F.3d at 554. The plan here affords Cigna full discretionary

7

authority, *see* ECF No. 15 (Ex. C, SPD at 7), therefore the exclusionary clauses need not be construed against Cigna.

### C. Plaintiffs Fail to Plausibly Allege a Violation of the Medical Management Program

Plaintiffs misconstrue the Medical Management Program language. Pb5-6. Although the Plan clearly only provides for reimbursement for services provided by an in-network provider or at an in-network facility, ECF No. 15 (Ex. C, SPD at 13), the preauthorization process referred to in the Medical Management Program is used to determine coverage for urgent/emergency services rendered by an out of network facility, *see id.* at 13 (providing coverage for "non-network" emergency room and ambulance services), or whether an in-network provider is available, *see* ECF No. 15 (Ex. B at 2 (identifying in-network providers)). Plaintiffs' SAC does not allege that either of these factual occurrences occurred. SAC ¶¶ 10-12, 15, 22. Moreover, even if Cigna had violated this section (it did not), the SAC also fails to allege "how and why [a violation of] this provision entitles them to compensation under the Plan" as required by the Court's prior opinion. *See* MTD Opinion at 7 n.11; SAC ¶¶ 13, 15.

\*   \*   \*   \*   \*

In sum, Plaintiffs here have not plausibly alleged that the Plan provides coverage for the service in question, or that they are entitled to benefits, and this claim should be dismissed with prejudice accordingly. Plaintiffs have had three

8

attempts to plead a cause of action, and the Court previously directed Plaintiffs to a provision of the Plan that has been violated. MTD Opinion at 7 n.11. They have once again failed to do so, and any further amendment would be futile. *See, e.g.*, *Emami v. Empire Healthchoice Assurance, Inc.*, No. CV18679JMVCLW, 2020 WL 4745817, at *9 (D.N.J. Aug. 17, 2020) (dismissing ERISA complaint with prejudice where plaintiff had the opportunity to cure defects in a prior pleading and failed to do so and further amendment would be futile).

## CONCLUSION

For reasons stated above, Cigna respectfully requests that this Court grant its motion to dismiss Plaintiffs' Second Amended Complaint in its entirety, with prejudice.

| | | |
|---|---|---|
| Dated: December 1, 2023 | By: | s/ Caroline E. Oks |
| | | Caroline E. Oks, Esq. |
| | | GIBBONS P.C. |
| | | One Gateway Center |
| | | Newark, New Jersey 07102-5310 |
| | | Telephone:  (973) 596-4575 |
| | | Facsimile:   (973) 639-8317 |
| | | coks@gibbonslaw.com |

*Attorneys for Defendant Cigna Health and Life Insurance Company*