**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MARCO PALAZZI and PIERANGELA BONELLI,<br><br>                Plaintiffs,<br><br>v.<br><br>CIGNA HEALTH AND LIFE INSURANCE COMPANY, *et al.*,<br><br>                Defendants. | Case No. 2:23-cv-06278 (BRM) (AME)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is Defendant Cigna Health and Life Insurance Company's ("Defendant") Motion to Dismiss (ECF No. 47) Plaintiffs Marco Palazzi ("Palazzi"[1]) and Pierangela Bonelli's ("Bonelli") (collectively, "Plaintiffs") Second Amended Complaint ("SAC") (ECF No. 41), pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Plaintiffs filed an Opposition (ECF No. 55), and Defendant filed a Reply (ECF No. 56). Having reviewed the submissions filed in connection with Defendant's Motion and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause having been shown, Defendant's Motion to Dismiss (ECF No. 47) is **DENIED**.

---

[1] Plaintiffs note Palazzi's last name was misspelled as "Pallazi" in the original pleading and in the First Amended Complaint ("FAC"), so they corrected this misspelling in the Second Amended Complaint ("SAC") and in their Opposition to Defendant's Motion to Dismiss. (*See* ECF No. 55 at 1 n.1; *compare* ECF No. 10, *with* ECF No. 41.) The Court uses the corrected spelling herein.

1

I. **BACKGROUND**

A. **Factual Background**[2]

For the purpose of this Motion to Dismiss, the Court accepts the factual allegations in the SAC as true and draws all inferences in the light most favorable to Plaintiffs. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). The Court may also consider any "*document integral to or explicitly relied* upon in the complaint." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (quoting *Shaw v. Digit. Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996)).

This action arises out of Defendant's failure to pay for medical services rendered to Bonelli that it originally agreed would be covered. (*See generally* ECF No. 41.) Plaintiffs are individuals who reside in West New York, New Jersey. (*Id.* ¶ 1.) Defendant is a corporation authorized to do business in the State of New Jersey and maintains offices throughout New Jersey, including one in Morristown, New Jersey. (*Id.* ¶ 2.) Defendant also administers the employee welfare benefit plan, the Om Log USA, Inc. OAPIN Plan (the "Plan"), through which Plaintiffs maintain health

---

[2] The factual background is taken from the allegations in the SAC (ECF No. 41), as well as the exhibits Defendant submitted under seal in support of its motion to dismiss the FAC (ECF No. 15). The Court notes Defendant did not re-attach these exhibits to its Motion to Dismiss the SAC, but because Judge Vazquez considered these documents in deciding Defendant's motion to dismiss the FAC (ECF No. 35 at 2 n.2) and because Plaintiff does not appear to object to the Court considering these documents on which Plaintiffs' claim is based (*see* ECF No. 55), the Court considers these exhibits in deciding Defendant's Motion. A district court may consider "exhibits attached to the complaint and matters of public record" as well as "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (citations omitted). However, the Court does not consider the additional factual allegations contained in Plaintiffs' Opposition (*see* ECF No. 55) because "[i]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988).

insurance.³ (*Id.* ¶¶ 6–9.) The Plan was established by Palazzi's employer, Om Log USA, Inc. (*Id.* ¶ 7; *see also* ECF No. 15, Ex. C.)

Bonelli was experiencing back pain and was referred to Dr. Roger Hartl who recommended she undergo surgery to alleviate her pain. (*Id.* ¶¶ 10–12.) Because Dr. Hartl was an out-of-network provider, he and Plaintiffs followed the Plan's requirements to obtain the necessary pre-authorization for Dr. Hartl to perform the surgery on Bonelli. (*Id.* ¶¶ 13–15.) The Plan's "Medical Management Program" provision states, among other things, that ███████████████ ███████████████████████████████████████████████████████████ (*Id.* ¶ 14; *see also* ECF No. 15, Ex. C at 25.) Plaintiffs authorized Dr. Hartl's staff to act as their representative in seeking and obtaining the pretreatment authorization from Defendant for Bonelli's surgery. (ECF No. 41 ¶ 15.)

On August 18, 2021, Defendant advised Plaintiffs in writing that it approved the pre-authorization request for Bonelli's surgery. (*Id.* ¶¶ 16–18; *see also* ECF No. 15, Ex. A.) Based on this approval, Bonelli underwent back surgery with Dr. Hartl at Weill Cornell Medical College in New York City on August 20, 2021. (ECF No. 41 ¶ 19.) Defendant ultimately denied coverage of this surgery because Dr. Hartl was an out-of-network provider, and the Plan did not provide for out-of-network benefits. (*Id.* ¶¶ 22, 25.) Plaintiffs appealed this denial of coverage, noting the provider told them "they were in receipt of an exception granted by [Defendant] for these services,"

---

³ While the SAC does not allege the relationship between Palazzi and Bonelli, it alleges "Palazzi is an 'eligible employee' within the meaning of the Plan" and "Bonelli [is] an 'eligible dependent' within the meaning of the Plan." (ECF No. 41 ¶¶ 8–9.)

3

only to later find out Defendant "stated they sent this exception letter out in error." (*Id.* ¶ 27.) Plaintiffs allege Defendant did not contact them at any time prior to the surgery on August 20, 2021 to advise that it would be reneging on its prior approval of the surgery. (*Id.* ¶ 20.) However, Defendant submits it notified Plaintiffs via letter dated August 19, 2021 that the initial authorization letter was sent in error.[4] (*See id.* ¶ 27; ECF No. 15, Ex. B.)

### B. Procedural History

On August 29, 2022, Plaintiffs filed a Complaint against Defendant[5] in the Superior Court of New Jersey, Hudson County, Law Division, captioned *Marco Pallazi and Pierangela Bonelli v. Cigna Health and Life Insurance Co.*, No. HUD-L-2857-22 (the "State Court Action"). (ECF No. 1-1.) In the Complaint, Plaintiffs assert the following four causes of action—"Breach of Implied Contract" (Count I); "Breach of the Covenant of Good Faith & Fair Dealing" (Count II); "Promissory Estoppel" (Count III); and "Negligent Misrepresentation" (Count IV). (*See id.*) On October 26, 2022, Defendant filed a Notice of Removal, removing the State Court Action to this Court on the basis of both diversity jurisdiction pursuant to 28 U.S.C. § 1332 and federal question jurisdiction pursuant to 28 U.S.C. § 1331. (ECF No. 1.) Defendant states the Notice of Removal was timely filed within thirty days of service. (*Id.* at 7–8.) On December 28, 2022, Plaintiffs filed

---

[4] Defendant does not state how the letter was sent to Plaintiff (*e.g.*, via mail, e-mail, a healthcare portal, or some other method) or when. Plaintiffs state in their Opposition that Defendant purportedly sent this letter "by regular mail" on August 19, 2021, one day before Bonelli's scheduled surgery with Dr. Hartl, but that they did not receive this letter before the surgery was performed. (ECF No. 55 at 2.) However, these facts are not alleged in the SAC, and the Court is "bound by the allegations in the [c]omplaint" at the motion to dismiss stage. *See Hartford Fire Ins. Co. v. Dynamic Worldwide Logistics, Inc.*, Civ. A. No. 17-00553, 2017 WL 3868702, at *2 (D.N.J. Sept. 5, 2017).

[5] Plaintiffs also named "John or Jane Doe 1 through 100," "XYZ Corporations 1 through 100," and "ABC Entities 1 through 100," as fictitious individual and corporate defendants in the Complaint. (ECF No. 1-1.)

4

the FAC asserting the same four causes of action alleged in the original complaint and alleging two additional causes of action—"Failure to Make Payments Pursuant to Member's Plan Under 29 U.S.C. § 1132(a)(1)(B)" (Count V) and "Breach of Fiduciary Duty and Co-Fiduciary Duty Under 29 U.S.C. § 1132(a)(3), 29 U.S.C. § 1104(a)(1) and 29 U.S.C. § 1105(a)" (Count VI)—both Employee Retirement Income Security Act ("ERISA") claims. (ECF No. 10.)

On January 31, 2023, Defendant filed a motion to dismiss Plaintiffs' FAC. (ECF No. 14.) On August 25, 2023, The Honorable John Michael Vazquez, U.S.D.J. (ret.), granted Defendant's motion to dismiss the FAC, finding: (1) Plaintiffs' state law claims (Counts I through IV) were preempted under Sections 502(a) and 514(a) of ERISA, which Plaintiffs conceded; (2) Plaintiffs failed to sufficiently plead a claim under ERISA for unpaid benefits (Count V); and (3) Plaintiffs' ERISA claim for breach of fiduciary duty (Count VI) was duplicative of its ERISA claim for unpaid benefits. (ECF Nos. 35, 36.) Judge Vazquez cautioned Plaintiffs that if they filed an amended pleading, they would "need to sufficiently articulate how and why [the 'Medical Management Program'] provision entitles them to compensation under the Plan." (ECF No. 35 at 7 n.11.)

On September 14, 2023, this action was reassigned to the undersigned from Judge Vazquez. (ECF No. 40.) On September 21, 2023, Plaintiffs filed the SAC under seal[6] asserting one cause of action: "Failure to Make Payments Pursuant to Member's Plan Under 29 U.S.C. § 1132(a)(1)(B)" (Count I). (ECF No. 41.) On October 19, 2023, Defendant filed a Motion to

---

[6] The Honorable André M. Espinosa, U.S.M.J., previously found that Defendant met its burden of showing good cause to seal the entirety of the Plan's Summary Plan Description ("SPD") and any information quoted from it, based on the confidential terms therein, and accordingly granted Defendant's motion to seal and Plaintiffs' motion to seal. (ECF No. 46.) The SAC quotes confidential language from the Plan and therefore was filed under seal. Because this Opinion similarly references confidential language from the Plan, it is likewise filed under seal.

5

Dismiss the SAC, pursuant to Rule 12(b)(6), for failure to state a claim. (ECF No. 47.) On November 27, 2023, Plaintiffs filed an Opposition (ECF No. 55), and on December 1, 2023, Defendant filed a Reply (ECF No. 56).

## II. LEGAL STANDARD

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to [the non-moving party]." *Phillips*, 515 F.3d at 228. "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (alteration in original) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 555 (citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). This "plausibility standard" requires the complaint to allege "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a 'probability requirement.'" *Id.* (citing

*Twombly*, 550 U.S. at 556). "[D]etailed factual allegations" are not required, but "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" must be pleaded; it must include "factual enhancement" and not just conclusory statements or a recitation of the elements of a cause of action. *See id.* (citations omitted). In assessing plausibility, the court may not consider any "[f]actual claims and assertions raised by a defendant[.]" *Doe v. Princeton Univ.*, 30 F.4th 335, 345 (3d Cir. 2022).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (second alteration in original) (quoting Fed. R. Civ. P. 8(a)(2)). Indeed, after *Iqbal*, conclusory or "bare-bones" allegations will no longer survive a motion to dismiss: "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). To prevent dismissal, all civil complaints must set out "sufficient factual matter" to show that the claim is facially plausible, "allow[ing] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556, 570). The Supreme Court's ruling in *Iqbal* emphasizes that plaintiffs must show that the allegations of their complaints are plausible. *See id.* at 670.

While courts generally may not consider anything beyond the four corners of the complaint on a motion to dismiss pursuant to Rule 12(b)(6), the Third Circuit has held that "a court may consider certain narrowly defined types of material without converting the motion to dismiss [to one for summary judgment pursuant to Rule 56]." *See In re Rockefeller Ctr. Props. Sec. Litig.*, 184

7

F.3d 280, 287 (3d Cir. 1999). Specifically, courts may consider any "document *integral to or explicitly relied* upon in the complaint." *In re Burlington*, 114 F.3d at 1426 (quoting *Shaw*, 82 F.3d at 1220). However, "[w]hen the truth of facts in an 'integral' document are contested by the well-pleaded facts of a complaint, the facts in the complaint must prevail." *Princeton Univ.*, 30 F.4th at 342.

### III. DECISION

Defendant argues the SAC should be dismissed for failure to state a claim under Rule 12(b)(6). (*See generally* ECF Nos. 47, 56.) Specifically, Defendant argues Plaintiffs fail to state an ERISA claim for unpaid benefits in the SAC because they again fail to allege how the Plan was violated and which terms of the Plan entitle them to the reimbursement they seek. (ECF No. 47-1 at 1; *see also* ECF No. 56 at 2–4, 8–9.) Defendant asserts the SAC "seeks payment for services rendered by an out-of-network provider, but the [P]lan clearly does not provide for out-of-network benefits." (*Id.*) Defendant contends Plaintiffs rely on a pre-authorization program provision in the Plan in an attempt to "create benefits where none exist." (ECF No. 47-1 at 1–2.) Additionally, Defendant states the "Medical Management Program" provision that Plaintiffs quote in their SAC describes the pre-authorization process "used to determine coverage for urgent/emergency services rendered by an out of network facility, . . . or whether an in-network provider is available" but does not support Plaintiffs' alleged ERISA cause of action for unpaid benefits, and, in any event, because the SAC alleges that Defendant participated in this pre-authorization process, Plaintiffs cannot base their ERISA claim on an alleged violation of this provision. (*Id.* at 9.) Defendant submits Plaintiffs have failed to plausibly allege that the Plan provides coverage for the requested reimbursement or that they are entitled to reimbursement under the Plan, which expressly does *not* cover out-of-network provider services. (*Id.* at 6–10.) Accordingly, Defendant requests Plaintiffs'

SAC be dismissed with prejudice. (*Id.* at 2, 4, 10; ECF No. 56 at 1, 9.)

In opposition, Plaintiffs argue they have plausibly alleged a claim for unpaid benefits under ERISA § 502(a)(1)(B). (ECF No. 55 at 4–7.) Plaintiffs contend the Plan "contemplates affording benefits to participants through out[-]of[-]network providers through pretreatment authorizations like the one sought and obtained here[,]" and that they are entitled to benefits under the Plan because they followed the Plan's provision for pre-authorization of services from out-of-network providers to authorize Bonelli's surgery with Dr. Hartl. (*Id.* at 6–7.) Plaintiffs also assert that while the ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ (*Id.* at 2–3.) Additionally, Plaintiffs point out that while the Plan contains unequivocal language stating ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ (*Id.* at 5–6.) Plaintiffs further submit that the Plan as a whole is ambiguous regarding coverage for out-of-network providers and "fails to unequivocally exclude coverage for care from non-network providers" because it does "not include a clear and unambiguous exclusion for non-network coverage" and the Plan indicates that non-network coverage would be afforded in certain circumstances. (*Id.* at 1, 5–6.)

"ERISA governs the rights and obligations of beneficiaries of and participants in employee benefit plans." *LeMoine v. Empire Blue Cross Blue Shield*, Civ. A. No. 16-06786, 2018 WL 1773498, at *5 (D.N.J. Apr. 12, 2018). ERISA § 502(a)(1)(B) provides: "A civil action may be brought—(1) by a participant or beneficiary . . . (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits

9

under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). "A plaintiff seeking to recover under section 502(a)(1)(B) must demonstrate that the benefits are actually 'due'; that is, he or she must have a right to benefits that is legally enforceable against the plan." *Hooven v. Exxon Mobil Corp.*, 465 F.3d 566, 574 (3d Cir. 2006). Additionally, the plaintiff must identify the plan provision that entitles her or him to the specific reimbursement they are seeking. *See Metro. Neurosurgery v. Aetna Life Ins. Co.*, Civ. A. No. 22-00083, 2023 WL 5274611, at *3–4 (D.N.J. Aug. 16, 2023) (dismissing a plaintiff's ERISA § 502(a)(1)(B) claim, finding it was insufficient for plaintiff merely to allege a difference in the amount it charged and the amount reimbursed as its "Amended Complaint does not point to any [p]lan provision from which the Court can infer that [p]laintiff was entitled to the amount of reimbursement demanded for the out-of-network emergency medical services provided to the [p]atient" and that plaintiff "fail[ed] to allege that the billed amount falls into the 'Reasonable Charge' definition for the [p]lan"); *Prestige Inst. For Plastic Surgery v. Keystone Healthplan E.*, Civ. A. No. 20-496, 2020 WL 7022668, at *7 (D.N.J. Nov. 30, 2020) ("It is the [p]laintiff's burden of proof to have the plan documents and cite to specific plan provisions when filing a civil complaint to obtain ERISA benefits." (quoting *Univ. Spine Ctr. v. Anthem Blue Cross of Cal.*, Civ. A. No. 19-12639, 2020 WL 814181, at *5 (D.N.J. Feb. 18, 2020)). Therefore, plaintiffs must provide sufficient information to show that their claimed reimbursement was mandated by the terms of the plan, both by citing to a specific provision, and showing how its claimed reimbursement falls under the provision. *See Gotham City Orthopedics, LLC v. Aetna Inc.*, Civ. A. No. 20-19634, 2021 WL 9667963, at *9 (D.N.J. Sept. 10, 2021) ("[Plaintiff] must point to the specific plan provisions that, in its view, plausibly entitle it to a greater sum of money."); *LeMoine*, 2018 WL 1773498, at *6 (dismissing plaintiff's ERISA § 502(a)(1)(B) claim where plaintiff failed to allege which portions of the two plans had been violated and also failed

10

"to specify which of the two plans actually entitled her to services (and to what type of services) at the time of her treatment").

Here, the Court finds Plaintiffs have sufficiently alleged an ERISA claim for unpaid benefits in the SAC because they have plausibly alleged that the Plan, through its "Medical Management Program" provision, provides coverage for Bonelli's surgery with an out-of-network provider and that they are entitled to reimbursement under the Plan. ███

███ (ECF No. 15, Ex. C at 25.) The language in this provision certainly contemplates, if not implies, ███

███ which Plaintiffs allege they did here. Plaintiffs allege that they and Dr. Hartl followed the required steps to obtain the necessary pre-authorization for Bonelli's surgery and indeed received pre-authorization approval from Defendant (ECF No. 41 ¶¶ 13–18; ECF No. 15, Ex. A), prior to Defendant reneging on that approval a day later (ECF No. 41 ¶¶ 20, 27; ECF No. 15, Ex. B). Additionally, while the Plan ███

███ (ECF No. 15, Ex. C at 8, 11–15 (emphasis added).) Further, the section of the Plan containing the ███

11

████████████ (*Id.* at 25.) Notably, the Plan does *not* say that it will not cover any out-of-network providers under any circumstance. Rather, as Plaintiffs allege, the Plan—and specifically ████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████████

████████████ (*See* ECF No. 41 ¶¶ 13–18, 37–39; *see also* ECF No. 15, Ex. C at 8, 13, 25–26 (describing certain circumstances where coverage would or could be provided for out-of-network provider services).) Accordingly, drawing all inferences in the light most favorable to Plaintiffs, as the Court must do on a motion to dismiss, *Phillips*, 515 F.3d at 228, the Court finds Plaintiffs have plausibly alleged an ERISA § 502(a)(1)(B) claim.

Therefore, Defendant's Motion to Dismiss Plaintiffs' SAC is **DENIED**.

### IV.  CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss Plaintiffs' SAC (ECF No. 47) is **DENIED**. An appropriate Order follows.

                                                */s/ Brian R. Martinotti*
                                                HON. BRIAN R. MARTINOTTI
                                                UNITED STATES DISTRICT JUDGE

Dated:  June 14, 2024